UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc. | ) No. 05-CV-10416 MEL |
| Plaintiff, | ) |
| v. | ) |
| Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister. | ) |
| Defendants. | ) |
| and Related Counterclaims | ) |

## ANSWER TO OVION, INC.'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Musket Research Associates, Inc., ("MRA") and Counterclaim Defendants David B. Musket ("Musket") and Sue Ann Latterman ("Latterman") (collectively "Counterclaim Defendants") respond to Ovion, Inc.'s ("Ovion") counterclaims, as set forth in Defendants' Answer To First Amended Complaint And Affirmative Defenses, And Ovion Inc.'s Counterclaims, as follows:

### PARTIES

69.[1] Counterclaim Defendants admit that Ovion is a corporation organized under the laws of Delaware with its principal place of business in San Mateo, California.

70. Counterclaim Defendants admit that MRA is a Massachusetts corporation having its principal place of business in Cambridge, Massachusetts.

71. Counterclaim Defendants admit that Musket resides in Boston, Massachusetts, and is the founder of MRA.

---

[1] The paragraphs of this Answer are numbered to correspond to the numbered counterclaim paragraphs of Defendants' Answer To First Amended Complaint And Affirmative Defenses, And Ovion Inc.'s Counterclaims.

72. Counterclaim Defendants admit that Latterman resides in Marin County, California, and is an employee of MRA.

73. Counterclaim Defendants respond that jurisdiction is a matter of law to which no response is required.

74. Counterclaim Defendants respond that venue is a matter of law to which no response is required.

## BACKGROUND

75. Counterclaim Defendants admit that Ovion and MRA entered into a Non-disclosure agreement ("NDA") on or about June 17, 2004.

76. Counterclaim Defendants admit that pursuant to the NDA, MRA agreed not to publicly disclose any of Ovion's confidential information *as defined in the NDA*. Except as admitted, Counterclaim Defendants deny the allegations of Paragraph 76.

77. Counterclaim Defendants admit that on July 29, 2004, Ovion and MRA executed an Engagement Letter. Counterclaim Defendants admit that they were aware that Ovion wanted to secure financing in a timely manner, but deny that there was any particular deadline set for securing that financing. Counterclaim Defendants admit that they represented to Ovion that they would devote their time and expertise to assisting Ovion in securing a private placement; again, no particular amount of time was specified. Counterclaim Defendants admit that they represented to Ovion that both Musket and Latterman would devote their time and effort to assisting Ovion; however, Counterclaim Defendants made clear to Ovion that Latterman would have the primary role in the initial stages of the engagement, whereas Musket's participation would be focused on negotiations with investors once they had made their initial offers. Except as admitted, Counterclaim Defendants deny the allegations of Paragraph 77.

## FIRST COUNTERCLAIM
(Breach of Contract (Engagement Letter), against MRA)

78. Counterclaim Defendants incorporate by reference herein each and every

response to paragraphs 69-77 of Ovion's counterclaims, as if fully set out herein.

79. Counterclaim Defendants deny the allegations of Paragraph 79.

80. Counterclaim Defendants deny that they have damaged Ovion in any way.

## SECOND COUNTERCLAIM
### (Breach of the Covenant of Good Faith and Fair Dealing, against MRA)

81. Counterclaim Defendants incorporate by reference herein each and every response to paragraphs 69-80 of Ovion's counterclaims, as if fully set out herein.

82. Counterclaim Defendants deny the allegations of Paragraph 82.

## THIRD COUNTERCLAIM
### (Breach of Contract (Non-Disclosure Agreement), against MRA)

83. Counterclaim Defendants incorporate by reference herein each and every response to paragraphs 69-82 of Ovion's counterclaims, as if fully set out herein.

84. Counterclaim Defendants deny the allegations of Paragraph 84.

85. Counterclaim Defendants deny that they have damaged Ovion in any way.

## FOURTH COUNTERCLAIM
### (Interference With Prospective Economic Advantage, against All Counterdefendants)

86. Counterclaim Defendants incorporate by reference herein each and every response to paragraphs 69-85 of Ovion's counterclaims, as if fully set out herein.

87. Counterclaim Defendants deny the allegations of Paragraph 87.

88. Counterclaim Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 88 and on that basis deny them.

89. Counterclaim Defendants deny the allegations of Paragraph 88.

90. Counterclaim Defendants deny that they have damaged Ovion in any way.

## FIFTH COUNTERCLAIM
### (Negligent Misrepresentation, against All Counterdefendants)

91. Counterclaim Defendants incorporate by reference herein each and every response to paragraphs 69-90 of Ovion's counterclaims, as if fully set out herein.

92. Counterclaim Defendants deny the allegations of Paragraph 92.

93. Counterclaim Defendants deny that they have damaged Ovion in any way.

## MRA, MUSKET AND LATTERMAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

1. Ovion's Counterclaims, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2. Ovion's Counterclaims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3. Ovion's Counterclaims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4. Ovion's Counterclaims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Bad Faith Interference With Business Relations)

5. Ovion's Counterclaims are barred, in whole or in part, because they are asserted in bad faith and or intended for the purpose of interfering with the business relations of MRA, Musket and Latterman.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure To Plead Fraud With Particularity)

6. Ovion's Counterclaim for Negligent Misrepresentation is barred because

Ovion has failed to plead the misrepresentation with sufficient particularity.

## SEVENTH AFFIRMATIVE DEFENSE
### (Actions Taken In Good Faith)

7. At all times in their relationship with Ovion, MRA, Musket and Latterman have satisfied their duties of good faith and fair dealing.

WHEREFORE, Counterclaim Defendants respectfully pray for relief as follows:

1. That Defendant Ovion, Inc. take nothing by its Counterclaims;

2. That the Counterclaims be dismissed with prejudice;

3. That Counterclaim Defendants recover their costs of suit; and,

4. For such other and further relief as the Court deems just and proper.

Date: May 23, 2005.

Respectfully submitted,

MUSKET RESEARCH ASSOCIATES, INC.
DAVID B. MUSKET
SUE ANN LATTERMAN

By Their Attorneys,

/s/ Lisa M. Gaulin
ERIC J. MARANDETT (BBO No. 561730)
LISA GAULIN (BBO No. 654655)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109-2804
Telephone:    617/248-5000
Facsimile:    617/248-4000

ARTHUR S. BEEMAN (*pro hac vice*)
PAMELA K. FULMER (*pro hac vice*)
MICHAEL L. GALLO (*pro hac vice*)
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:       415/434-1600
Facsimile:         415/217-5910

3928963v1

CERTIFICATE OF SERVICE

    I, Lisa M. Gaulin, hereby certify that a copy of the Answer to Ovion, Inc.'s Counterclaims was on this 23rd day of May, 2005 served via overnight mail to:

Leland G. Hansen, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison St.
34th Floor
Chicago, Illinois 60661

Christopher V. Carani, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison St.
34th Floor
Chicago, Illinois 60661

                    /s/ Lisa M. Gaulin

3928963v1