FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

2005 NOV 21 P 4: 56

| | |
|---|---|
| MUSKET RESEARCH ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OVION, INC., WILLIAM S. TREMULIS, ) <br> and JEFFREY P. CALLISTER, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> OVION, INC., ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> MUSKET RESEARCH ASSOCIATES, INC., ) <br> DAVID B. MUSKET, and ) <br> SUE ANN LATTERMAN, ) <br> ) <br> Counterdefendants. ) <br> _____) | No. 05 10416 MEL <br> U.S. DISTRICT COURT <br> DISTRICT OF MASS. |

### MUSKET RESEARCH ASSOCIATES, INC.'S MOTION
### FOR ENTRY OF A SINGLE-TIER PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Musket Research Associates, Inc. ("MRA" or "Plaintiff") hereby moves this Court for entry of a single-tier protective order that will not permit either party to designate information as "Outside Counsel Eyes Only." A copy of the proposed single-tier Protective Order ("Proposed Order"), which restricts access to information designated as "Confidential," is attached hereto as Exhibit A. MRA files this motion because defendants Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister (collectively "Ovion") have, pursuant to an interim agreement between the parties,

- 2 -

unfairly designated large and critical portions of their document production to MRA "Outside Counsel Eyes Only." These designations, were they allowed to stand, would severely prejudice MRA's ability to litigate this action.

To expedite discovery, Ovion and MRA agreed to treat information they exchanged as "Outside Counsel Eyes Only" pending the Court's entry of a protective order. However, the parties could not agree on a proposed order. MRA objected to Ovion's proposed order for two related reasons. First, Ovion designated more than half of its document production (13,236 pages out of 22,690 pages) as "Outside Counsel Eyes Only." Second, Ovion insisted on defining "Outside Counsel Eyes Only" so liberally as to effectively rubber stamp these designations.

The extraordinary restrictions imposed by an "Outside Counsel Eyes Only" protective order are not warranted in this case. Ovion and MRA are not competitors and thus Ovion does not risk any injury as a result of disclosing confidential information to MRA. In fact, as the former finder/advisor for Ovion, MRA was given access, pursuant to a nondisclosure agreement, to much of the information that Ovion now seeks to mark off limits. Accordingly, a standard single-tier protective order, which prevents either party from disclosing confidential information to parties outside of the litigation, will adequately protect the parties' interests.

In further support of this motion, MRA refers to the accompanying memorandum, the exhibits attached thereto, and the Affidavit of Karlyn Gould.

Pursuant to Local Rule 7.1(d), movant requests an oral argument on this motion.

WHEREFORE, Musket Research Associates, Inc. respectfully request that the Court grant this motion and enter the attached protective order.

> Respectfully submitted,
>
> MUSKET RESEARCH ASSOCIATES, INC.,
> DAVID B. MUSKET and
> SUE ANN LATTERMAN
> By their attorneys,
>
> /s/ B. A. A.
> Brooks A. Ames (BBO #641192)
> DLA PIPER RUDNICK GRAY CARY US LLP
> One International Place, 21st Floor
> 100 Oliver Street
> Boston, MA 02110-2613
> (617) 406-6000 (*telephone*)
> (617) 406-6100 (*fax*)
>
> Arthur S. Beeman (admitted pro hac vice)
> Pamela K. Fulmer (admitted pro hac vice)
> DLA PIPER RUDNICK GRAY CARY US LLP
> 153 Townsend Street, Suite 800
> San Francisco, CA 94107
> (415) 836-2541 (*telephone*)
> (415) 836-2501 (*fax*)

Dated: November 21, 2005

### Local Rule 37.1 Certificate

I, Brooks A. Ames, certify that counsel for Musket Research Associates, Inc has complied with the provisions of Local Rule 37.1 and conferred with counsel for Ovion in a good faith attempt to narrow the areas of disagreement between the parties. Details concerning the efforts to resolve this dispute are set forth in the memorandum in support of this motion.

/s/ B. A. A.
Brooks A. Ames (BBO# 641192)

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the defendants' attorney of record by mail on November 21, 2005.

/s/ B. A. A.
Brooks A. Ames