IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc., <br><br>    Plaintiff, <br><br>v. <br><br>Ovion, Inc., <br>William S. Tremulis, and <br>Jeffrey P. Callister, <br><br>    Defendants. <br><br>Ovion, Inc., <br><br>    Counterclaimant, <br><br>v. <br><br>Musket Research Associates, Inc., <br>David B. Musket, and <br>Sue Ann Latterman, <br><br>    Counterdefendants. | Case No. 05-10416 MEL |

**DEFENDANTS' OPPOSITION AND MEMORANDUM IN OPPOSITION TO MUSKET RESEARCH ASSOCIATES, INC.'S MOTION FOR LEAVE TO FILE A REPLY BRIEF**

Defendants hereby oppose the motion (Docket No. 35) by Plaintiff Musket Research Associates, Inc. ("MRA") for leave to file a reply brief. In the alternative, Defendants respectfully request that the Court consider this opposition as a response to MRA's reply brief. This opposition is limited in scope and does not purport to address all of the issues raised by MRA's reply brief, particularly issues that can be addressed at the hearing scheduled for January 17, 2006.

Defendants have submitted herewith affidavits from William S. Tremulis ("Mr. Tremulis") and José W. Jimenez ("Mr. Jimenez") regarding the confidential nature of the information in question. Mr. Tremulis is a founder of Ovion, Inc. Mr. Jimenez is Chief Intellectual Property Counsel for American Medical Systems, Inc. ("AMS"). AMS, which acquired Ovion in July, 2005, is not a party to this litigation. Nevertheless, AMS has a confidentiality interest in information that MRA is attempting to place at issue.

I.  NEITHER MRA NOR ITS ATTORNEYS ARE ENTITLED TO THE INFORMATION IN QUESTION

In the first instance, neither MRA nor its attorneys are entitled to any of the information in question, including information relating to Ovion's communications and negotiations with AMS or other potential corporate partners. Nevertheless, in the interest of an early resolution of this matter, Ovion produced the information on an Outside Counsel Eyes Only ("OCEO") basis. For the reasons discussed herein and in Defendants' opposition, MRA and its principals should not receive access to this information.

More specifically, as the basis for seeking discovery of the information in question, MRA has alleged: (1) MRA was misled about the possibility that Ovion might be acquired by a corporation such as AMS and (2) Ovion violated an "understanding" with MRA by using MRA's alleged "work product" in communications and negotiations with potential corporate partners. (Docket No. 11, First Am. Compl., ¶¶ 10, 13.) To the contrary, the written Engagement Letter, which governed the relationship between Ovion and MRA, expressly contemplated that Ovion might merge with and be acquired by a corporation such as AMS. Moreover, the Engagement Letter did not limit in any way how Ovion might use MRA's services and work product in communications and negotiations with potential corporate partners. All of this is fully set forth in Defendants' Opposition and Memorandum in Opposition to MRA's Motion for Entry of a

2

Single-Tier Protective Order. (*See* Docket No. 32-1, Defs.' Opp'n Mem., at 4-10.) MRA did not even attempt, in its reply brief, to rebut Ovion's showing.

MRA has utterly failed to establish, in either its motion or its reply, any basis whatsoever for taking discovery regarding Ovion's communications and negotiations with potential corporate partners. Such information would be relevant only if MRA somehow could establish that, despite the express language of the Engagement Letter, Ovion was not at liberty to use MRA's "work product" in discussions with potential corporate partners. MRA cannot make such a showing, and it has not even attempted to do so. Accordingly, MRA should not receive access to such information, which Ovion produced on an OCEO basis in the interest of an early resolution of this matter.

## II.    THE INFORMATION IN QUESTION IS HIGHLY CONFIDENTIAL

As set forth in Defendants' opposition to MRA's original motion, "Defendants have produced a great deal of highly confidential information relating to Defendant Ovion, Inc.'s efforts to find potential investors and business partners, including highly confidential information relating to due diligence by potential investors and business partners. In addition, Defendants have produced highly confidential information for which Defendants owe an obligation of confidentiality to other parties not involved in this litigation." (Docket No. 32-1, Defs.' Opp'n Mem., at 1-2.)

In support of its motion, MRA submitted some of the information in question to the Court under seal. (*See* Docket No. 31, Exhibit C to MRA Mem.) From the larger universe of information that Defendants designated as OCEO, MRA's attorneys obviously selected samples that they believe best support MRA's motion for access to the information. Nevertheless, even from the face of these documents selected by MRA's counsel, the highly confidential nature of

3

the information is apparent.[1] The highly confidential nature of the information is further substantiated by the affidavits submitted herewith from Mr. Tremulis and Mr. Jimenez.

Notably, MRA reiterates in its reply that MRA will "treat documents Ovion has classified as 'Outside Counsel Eyes Only' as 'Confidential' under the terms of [MRA's] proposed [protective] order." (Docket No. 37, MRA Reply at 3 n.1.) In other words, MRA concedes that the information in question is properly treated as confidential. MRA has utterly failed to establish why it or its attorneys should have access to this information, as discussed above. The fact that Ovion, in the interest of an early resolution of this matter, produced information on an OCEO basis to MRA's attorneys is no justification for providing access to MRA. Granting access to MRA would place Defendants, and other parties to whom Defendants owe obligations of confidentiality, at risk of substantial and irreparable harm.

### III. CONCLUSION

For the reasons set forth above and in Defendants' Opposition and Memorandum in Opposition to MRA's Motion for Entry of a Single-Tier Protective Order (Docket No. 32-1), the Court should deny MRA's motions. Instead, Defendants respectfully request that the Court enter

---

[1] For example, the documents submitted by MRA include information regarding the following: market analyses (OVN001245-47); comparisons with potential competitors (OVN001247-49); Ovion's position regarding its intellectual property (OVN001249); the results of clinical studies (OVN001249); the company's key plans and strategies (OVN001250-52); confidential business plans (OVN001216-44); internal Ovion memoranda regarding, among other things, research and development, regulatory strategies, and financing activities (OVN001128-29, 32, 38-41, 45-46); information regarding confidential communications and negotiations with potential investors and with AMS and other potential corporate partners (OVN001184-86, OVN001301-08, OVN001550-51, OVN001590-91, OVN001602, OVN001793-1802, OVN002277, OVN002294, OVN002338, OVN002359, OVN002363OVN002367-68, OVN002370-72, OVN002389-94, OVN002397-403, OVN010893-96, OVN013969, OVN013977, OVN014778, OVN015080-81, OVN015092, OVN015280, OVN015284, OVN015748, OVN015763, OVN017881, OVN018912-13, OVN018321, OVN018324); and a mutual confidentiality agreement between Ovion and AMS (OVN001544-46). (*See* Docket No. 31, Exhibit C to MRA Mem.)

4

Defendants' proposed protective order, which was attached as Exhibit 1 to Defendants' opposition (Docket No. 32-1). If necessary, Defendants will address other issues raised by MRA's reply at the hearing scheduled for January 17, 2006.

Respectfully submitted,

By _____
Leland G. Hansen
Christopher V. Carani
McANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000 (telephone)
(312) 775-8100 (facsimile)

*Attorneys for Defendants*
*Ovion, Inc., William S. Tremulis and*
*Jeffrey P. Callister and Counterclaimant*
*Ovion, Inc.*

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by email and US mail on January 4, 2006.

_____
Christopher V. Carani

5

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ovion, Inc., <br> William S. Tremulis, and <br> Jeffrey P. Callister, <br><br> Defendants. <br> ——————————————————— <br> Ovion, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> Musket Research Associates, Inc., <br> David B. Musket, and <br> Sue Ann Latterman, <br><br> Counterdefendants. | Case No. 05-10416 MEL. |

### AFFIDAVIT OF JOSÉ W. JIMENEZ

I, José W. Jimenez, depose and say as follows:

1. My name is José W. Jimenez. I make this affidavit on my own personal knowledge.

2. I am Chief Intellectual Property Counsel for American Medical Systems, Inc. ("AMS").

3. AMS is not a party to this action.

4. On or about July 7, 2005, AMS consummated a merger with and acquisition of Ovion, Inc. ("Ovion").

5. Before consummating the merger and acquisition, AMS engaged in extensive communications and negotiations with Ovion over a period of several months.

6. AMS and Ovion executed a mutual confidentiality agreement governing these communications and negotiations and information exchanged during this process.

7. AMS considers, as highly confidential, information relating to its communications and negotiations with Ovion and information exchanged with Ovion. Among other things, the disclosure of such information could reveal: (1) AMS's negotiation strategies, including the timing and sequencing of negotiations; (2) confidential business plans, models, strategies, and forecasts; (3) confidential market analyses; (4) confidential intellectual property analyses and strategies; (5) product research and development; (6) regulatory strategies; (7) and other commercial and technical information that AMS considers highly confidential.

8. I understand that Musket Research Associates, Inc. ("MRA") operates as a finder or broker for emerging healthcare companies. AMS would be at risk of substantial and irreparable harm to the extent that information, which relates to AMS's communications and negotiations with Ovion or which was exchanged with Ovion, were disclosed to an entity such as MRA or its principals.

Signed under the penalties of perjury this 4th day of January, 2006

_____
José W. Jimenez

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by email and US mail on January 4, 2006.

_____
Christopher V. Carani

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

Musket Research Associates, Inc.,

        Plaintiff,

v.

Ovion, Inc.,
William S. Tremulis, and
Jeffrey P. Callister,

        Defendants.

Ovion, Inc.,

        Counterclaimant,

v.

Musket Research Associates, Inc.,
David B. Musket, and
Sue Ann Latterman,

        Counterdefendants.

Case No. 05-10416 MEL

### AFFIDAVIT OF WILLIAM S. TREMULIS

I, William S. Tremulis, depose and say as follows:

1.     My name is William S. Tremulis. I make this affidavit on my own personal knowledge.

2.     I am one of the founders of Ovion, Inc. ("Ovion").

3.     On or about July 7, 2005, Ovion consummated a merger with and acquisition by American Medical Systems, Inc. ("AMS").

4.     Before consummating the merger and acquisition, Ovion engaged in extensive communications and negotiations with AMS over a period of several months.



5. Ovion and AMS executed a mutual confidentiality agreement governing these communications and negotiations and information exchanged during this process.

6. Ovion also engaged in communications and negotiations with other parties pursuant to obligations of confidentiality.

7. Ovion considers, as highly confidential, information relating to its communications and negotiations with AMS and other parties and information exchanged with AMS and other parties. Among other things, the disclosure of such information could reveal: (1) negotiation strategies, including the timing and sequencing of negotiations; (2) confidential business plans, models, strategies, and forecasts; (3) confidential market analyses; (4) confidential intellectual property analyses and strategies; (5) product research and development; (6) regulatory strategies; (7) and other commercial and technical information that Ovion considers highly confidential.

8. Ovion would be at risk of substantial and irreparable harm to the extent that information, which relates to Ovion's communications and negotiations with AMS and other parties or which was exchanged with AMS or other parties, were disclosed to an entity such as MRA or its principals.

9. Ovion previously disclosed information to MRA and its principals pursuant to a non-disclosure agreement. I believe that MRA has violated that agreement by disclosing that Ovion was engaging in exclusive negotiations with a potential corporate partner at a time when that information was highly confidential.

Signed under the penalties of perjury this 4th day of January, 2006

William S. Tremulis

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by email and US mail on January 5, 2006.

Christopher V. Carani

2