UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————     )    **No. 05 10416 MEL**
                                            )
MUSKET RESEARCH ASSOCIATES, INC.,     )
                                            )
         Plaintiff,                        )
                                            )
         v.                                )
                                            )
OVION, INC., WILLIAM S. TREMULIS,     )
and JEFFREY P. CALLISTER,            )
                                            )
         Defendants.                     )
————————————————————————)
                                            )
OVION, INC.,                              )
                                            )
         Counterclaimant,              )
                                            )
v.                                    )
                                            )
MUSKET RESEARCH ASSOCIATES, INC.,     )
DAVID B. MUSKET, and              )
SUE ANN LATTERMAN,             )
                                            )
         Counterdefendants.           )
————————————————————————)

## <u>AFFIDAVIT OF BROOKS A. AMES</u>

I, Brooks A. Ames, depose and say as follows:

1.         My name is Brooks A. Ames.  I represent the Plaintiff Musket Research Associates, Inc. ("MRA") in the above-captioned matter.

2.         Attached hereto as <u>Exhibit A-K</u> are true and accurate copies of the Exhibits referenced in the *Memorandum in Support of Musket Research Associate, Inc.'s Emergency Motion to Quash Ovion Inc.'s Nonparty Subpoenas and for Sanctions.*

Signed under the pains and penalties of perjury this 12th day of January, 2006.

Respectfully submitted,

MUSKET RESEARCH ASSOCIATES, INC.,
DAVID B. MUSKET and
SUE ANN LATTERMAN
By their attorneys,


_____/s/ Brooks A. Ames_____
Brooks A. Ames (BBO #641192)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2613
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)


Arthur S. Beeman (admitted pro hac vice)
Pamela K. Fulmer (admitted pro hac vice)
DLA PIPER RUDNICK GRAY CARY US LLP
153 Townsend Street, Suite 800
San Francisco, CA  94107
(415) 836-2541 *telephone*)
(415) 836-2501 (*fax*)

Dated:  January 12, 2006

# EXHIBIT A

# EXHIBIT 1

Law Offices

# McAndrews, Held & Malloy, Ltd.

34th Floor
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000
Facsimile: (312) 775-8100
WWW.MHMLAW.COM

December 29, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER
————
*ADMITTED TO PRACTICE IN CA

**Via U.S Mail**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613

Re:  *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
*Ovion, Inc. v. Musket Research Associates, Inc., et al.*
Civil Action No. 05 10416 MEL

Dear Brooks:

I have enclosed copies of subpoenas that we are serving upon the parties listed in the attached table. (Table A). I have also enclosed the cover letters associated with each subpoena and a copy of a memorandum which accompanied the cover letters.

Very truly yours,

Christopher V. Carani

Enclosures

## TABLE A

| Party | Address |
|---|---|
| Aberdare Ventures | One Embarcadero Center, Suite 4000 San Francisco, CA 94111 |
| Accuitive Medical Ventures | 27500 Premiere Parkway, Suite 200 Duluth, GA 30097 |
| Alta Partners | One Embarcadero Center, Suite 4050 San Francisco, CA 94111 |
| AM Pappas & Associates, LLC | Emerging Technologies Center 7030 Kit Creek Road Research Triangle Park, NC 27709 |
| Arboretum Ventures | 334 E. Washington Street Ann Arbor, MI 48104 |
| The Aurora Funds, Inc. | 2525 Meridian Parkway, Suite 220 Durham, NC 27713 |
| Canaan Partners | 2765 Sand Hill Road Menlo Park, CA 94025 |
| CDIB Ventures | 3945 Freedom Circle, Suite 270 Santa Clara, CA 95054 |

| Party | Address |
|---|---|
| Channel Medical Partners | 5750 Old Orchard Rd., Suite 310 Skokie, IL 60077 |
| CMEA Ventures | One Embarcadero Center, Suite 3250 San Francisco, CA 94111 |
| Cutlass Capital, LLC | 84 State Street, Suite 1040 Boston, MA 02109 |
| Cutlass Capital, LLC | 1750 Montgomery Street San Francisco, CA 94025 |
| DeNovo Ventures | 1550 El Camino Real, Suite 150 Menlo Park, CA 94025 |
| Domain Associates, LLC | 28202 Cabot Road Suite 200 Laguna Niguel, CA 92677 |
| Domain Associates, LLC | One Palmer Square, Suite 515 Princeton, NJ 08542 |
| Draper Fisher Jurvetson ePlanet Ventures | 400 Seaport Court, Suite 102 Redwood City, CA 94063 |
| Easton Hunt Capital Partners, L.P. | 767 Third Avenue (at 48th Street), 7th Floor New York, NY 10017 |

| Party | Address |
|---|---|
| Essex Woodlands Health Ventures | 435 Tasso Street<br>Suite 305<br>Palo Alto, CA 94301 |
| Foundation Medical Partners | 105 Rowayton Avenue<br>Rowayton, CT 06853 |
| Frazier Healthcare Ventures | 601 Union<br>Two Union Square<br>Suite 3200<br>Seattle, WA 98101 |
| Frazier Healthcare Ventures | 550 Hamilton Ave.<br>Suite 100<br>Palo Alto, CA 94301 |
| InterWest Partners | 2710 Sand Hill Road<br>Second Floor<br>Menlo Park, CA 94025 |
| Invesco Private Capital | 525 University Avenue,<br>Suite 600<br>Palo Alto, CA 94301 |
| JP Morgan | 50 California Street 29th<br>Floor<br>San Francisco, CA 94111 |
| Latterell Venture Partners | Four Embarcadero<br>Center<br>Suite 2500<br>San Francisco, CA 94111 |

| Party | Address |
| --- | --- |
| MedVenture Associates | 5980 Horton Street, Suite 390 Emeryville, CA 94608 |
| Morgenthaler Ventures | 2710 Sand Hill Road, Suite 100 Menlo Park, CA 94025 |
| MPM Capital | The John Hancock Tower 2900 Claredon Street, 54th Floor Boston, MA 02116 |
| MPM Capital | 601 Gateway Blvd., Suite 350 South San Francisco, CA 94080 |
| NEA | 2490 Sand Hill Road Menlo Park, CA 94025 |
| ONSET Ventures | 2400 Sand Hill Road Suite 150 Menlo Park, California 94025 |
| Pequot Ventures | 2500 Sand Hill Road Suite 203 Menlo Park, CA 94025 |
| Pequot Ventures | 40 William Street, Suite 305 Wellesley, MA 02481 |

| Party | Address |
|---|---|
| Polaris Venture Partners | 1000 Winter Street, Suite 3350 Waltham, MA 02451 |
| Polaris Venture Partners | 1000 2nd Ave., Suite 3100 Seattle, WA 98104 |
| POSCO BioVentures | 2121 Palomar Airport Rd., Suite 300 Carlsbad, CA 92011 |
| Prism Venture Partners | 100 Lowder Brook Drive Suite 2500 Westwood, MA 02090 |
| Prospect Venture Partners | 435 Tasso Street, Suite 200 Palo Alto, CA 94301 |
| Radius Ventures, LLC | 400 Madison Avenue, 8th Floor New York, NY 10017 |
| Saratoga Ventures, L.P. | 210 Almendra Ave. Los Gatos, CA 95030 |
| Skyline Ventures | 125 University Avenue Garden Level Palo Alto, CA 94301 |
| Sprout Group | 11 Madison Avenue, Floor 13 New York, NY 10010 |

| Party | Address |
|---|---|
| Sutter Hill Ventures | 755 Page Mill Road, Suite A-200 Palo Alto, CA 94304-1005 |
| SV Investment Partners | 540 Madison Avenue, Suite 3100 New York, NY 10022 |
| Thomas Weisel Healthcare Venture Partners, L.P. | One Montgomery Tower One Montgomery Street San Francisco, CA 94104 |
| Thomas, McNerney & Partners | One Market Steuart Tower, Suite 1030 San Francisco, CA 94105 |
| U.S. Venture Partners | 2735 Sand Hill Road Menlo Park, CA 94025 |
| Vantage Point Venture Partners | 1001 Bayhill Drive, Suite 300 San Bruno, CA 94066 |
| Versant Ventures | 3000 Sand Hill Road Bldg. 4, Suite 210 Menlo Park, CA 94025 |
| The Vertical Group | 530 Lytton Avenue, Suite 304 Palo Alto, CA 943101 |
| Warburg Pincus LLC | 850 Oak Grove Avenue Menlo Park, CA 94025 |

| Party | Address |
|---|---|
| John F. Harris | 140 Fourth Avenue North, Suite 370 Seattle, WA 98109 |

# EXHIBIT 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:    **Aberdare Ventures
One Embarcadero Center, Suite 4000
San Francisco, CA  94111**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| One Embarcadero Center, Suite 4000<br>San Francisco, CA  94111 | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## Northern District of Georgia

### SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:    **Accuitive Medical Ventures**
       **27500 Premiere Parkway, Suite 200**
       **Duluth, GA  30097**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 27500 Premiere Parkway, Suite 200 | **January 13, 2006 at 10:00 a.m.** |
| Duluth, GA  30097 |  |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* Christopher V. Carani | **December 22, 2005** |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                          _____
                                                                     SIGNATURE OF SERVER

                                                                     _____
                                                                     ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Alta Partners**
**One Embarcadero Center, Suite 4050**
**San Francisco, CA  94111**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>**One Embarcadero Center, Suite 4050**<br>**San Francisco, CA  94111** | DATE AND TIME<br>**January 13, 2006 at 10:00 a.m.** |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*John V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>**December 22, 2005** |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Middle District of North Carolina

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **AM Pappas & Associates, LLC**
**Emerging Technologies Center**
**7030 Kit Creek Road**
**Research Triangle Park, NC 27709**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **Emerging Technologies Center**<br>**7030 Kit Creek Road**<br>**Research Triangle Park, NC 27709** | **January 13, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Eastern District of Michigan

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Arboretum Ventures**
     **334 E. Washington Street**
     **Ann Arbor, MI  48104**

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A** |

| PLACE | DATE AND TIME |
|---|---|
| **334 E. Washington Street** | **January 13, 2006 at 10:00 a.m.** |
| **Ann Arbor, MI  48104** | |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani*  | **December 22, 2005** |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Middle District of North Carolina

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **The Aurora Funds, Inc.**
**2525 Meridian Parkway, Suite 220**
**Durham, NC 27713**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2525 Meridian Parkway, Suite 220**<br>**Durham, NC 27713** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (i) fails to allow reasonable time for compliance;

   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   (iv) subjects a person to undue burden.

(B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO: **Canaan Partners**
**2765 Sand Hill Road**
**Menlo Park, CA  94025**

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2765 Sand Hill Road** | **January 13, 2006 at 10:00 a.m.** |
| **Menlo Park, CA  94025** | |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* (signature) | **December 22, 2005** |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
          DATE                    SIGNATURE OF SERVER

                              _____
                              ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **CDIB Ventures**
    **3945 Freedom Circle, Suite 270**
    **Santa Clara, CA 95054**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **3945 Freedom Circle, Suite 270**<br>**Santa Clara, CA 95054** | **January 13, 2006 at 10:00 a.m.** |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|

*Christopher V. Carani*
**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of Illinois

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   **Channel Medical Partners**
      **5750 Old Orchard Rd., Suite 310**
      **Skokie, IL  60077**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **5750 Old Orchard Rd., Suite 310**<br>**Skokie, IL  60077** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                           SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  CMEA Ventures
     One Embarcadero Center, Suite 3250
     San Francisco, CA 94111

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| One Embarcadero Center, Suite 3250 <br> San Francisco, CA 94111 | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date <br> **December 22, 2005** |
|---|---|
| *Christopher V. Carani* <br> **Attorney for Defendants Ovion, Inc.** <br> **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:   **Cutlass Capital, LLC**
      **84 State Street, Suite 1040**
      **Boston, MA 02109**

☐         YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐         YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒         YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **84 State Street, Suite 1040**<br>**Boston, MA 02109** | **January 13, 2006 at 10:00 a.m.** |

☐         YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Chtop LV. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                      _____
                                                      ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

Musket Research Associates, Inc.

SUBPOENA IN A CIVIL CASE

    v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Cutlass Capital, LLC
     1750 Montgomery Street
     San Francisco, CA 94025

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 1750 Montgomery Street<br>San Francisco, CA 94025 | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|
| *Christoph V. Carani*                                           <br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** |  |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

(B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **De Novo Ventures**
      **1550 El Camino Real, Suite 150**
      **Menlo Park, CA 94025**

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **1550 El Camino Real, Suite 150**<br>**Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Central District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

    v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Domain Associates, LLC**
     **28202 Cabot Road, Suite 200**
     **Laguna Niguel, CA 92677**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **28202 Cabot Road, Suite 200** | **January 13, 2006 at 10:00 a.m.** |
| **Laguna Niguel, CA 92677** | |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* Christopher V. Carani | **December 22, 2005** |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                      SIGNATURE OF SERVER

                                                           _____
                                                           ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of New Jersey

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Domain Associates, LLC**
**One Palmer Square, Suite 515**
**Princeton, NJ 08542**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **One Palmer Square, Suite 515**<br>**Princeton, NJ 08542** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani* <br> **Attorney for Defendants Ovion, Inc.** <br> **William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:   **Draper Fisher Jurvetson ePlanet Ventures**
      **400 Seaport Court, Suite 102**
      **Redwood City, CA 94063**

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):      **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **400 Seaport Court, Suite 102**<br>**Redwood City, CA 94063** | **January 13, 2006 at 10:00 a.m.** |

☐      YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|

*Chtoph V. Carani*
**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                  DATE                         SIGNATURE OF SERVER

                                    _____
                                        ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of New York

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO: **Easton Hunt Capital Partners, L.P.**
**767 Third Avenue (at 48th Street), 7th Floor**
**New York, NY 10017**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):          **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **767 Third Avenue (at 48th Street), 7th Floor**<br>**New York, NY 10017** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Essex Woodlands Health Ventures**
   **435 Tasso Street, Suite 305**
   **Palo Alto, CA 94301**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **435 Tasso Street, Suite 305**<br>**Palo Alto, CA 94301** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE                              SIGNATURE OF SERVER

                                             ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Connecticut

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  **Foundation Medical Partners**
     **105 Rowayton Avenue**
     **Rowayton, CT 06853**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **105 Rowayton Avenue**<br>**Rowayton, CT 06853** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Chstoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                        SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### Western District of Washington

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:   **Frazier Healthcare Ventures**
      **601 Union**
      **Two Union Square, Suite 3200**
      **Seattle, WA 98101**

| | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |
|---|---|

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
|---|---|

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See attached Schedule A** |
|---|---|

| PLACE | DATE AND TIME |
|---|---|
| **601 Union** | **January 13, 2006 at 10:00 a.m.** |
| **Two Union Square, Suite 3200** | |
| **Seattle, WA 98101** | |

| | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |
|---|---|

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* | **December 22, 2005** |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE                                          SIGNATURE OF SERVER


                                                                        ADDRESS OF SERVER


## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   **Frazier Healthcare Ventures**
     **550 Hamilton Ave., Suite 100**
     **Palo Alto, CA 94301**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **550 Hamilton Ave., Suite 100**<br>**Palo Alto, CA 94301** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **InterWest Partners**
**2710 Sand Hill Road, Second Floor**
**Menlo Park, CA 94025**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
| --- | --- |
| **2710 Sand Hill Road, Second Floor**<br>**Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
| --- | --- |
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **INVESCO Private Capital**
       **525 University Avenue, Suite 600**
       **Palo Alto, CA 94301**

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):      **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **525 University Avenue, Suite 600**<br>**Palo Alto, CA 94301** | **January 13, 2006 at 10:00 a.m.** |

☐      YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christph V. Carani* (signature)<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **JP Morgan**
   **50 California Street, 29th Floor**
   **San Francisco, CA 94111**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **50 California Street, 29th Floor**<br>**San Francisco, CA 94111** | **January 13, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>**December 22, 2005** |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO: **Latterell Venture Partners**
**Four Embarcadero Center, Suite 2500**
**San Francisco, CA 94111**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **Four Embarcadero Center, Suite 2500** **San Francisco, CA 94111** | **January 13, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* **Attorney for Defendants Ovion, Inc.** **William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

                                SIGNATURE OF SERVER

                                ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

  (i) fails to allow reasonable time for compliance;

  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

  (iv) subjects a person to undue burden.

(B) If a subpoena

  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO: **MedVenture Associates**
   **5980 Horton Street, Suite 390**
   **Emeryville, CA 94608**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
| --- | --- |
| **5980 Horton Street, Suite 390**<br>**Emeryville, CA 94608** | **January 13, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
| --- | --- |
| *Christoph V. Carani*    **Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE                                    _____
                                                      SIGNATURE OF SERVER

                                                      _____
                                                      ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Morgenthaler Ventures**
**2710 Sand Hill Road, Suite 100**
**Menlo Park, CA 94025**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2710 Sand Hill Road, Suite 100**<br>**Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **MPM Capital**
**The John Hancock Tower**
**2900 Claredon Street, 54th Floor**
**Boston, MA 02116**

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **The John Hancock Tower**<br>**2900 Claredon Street, 54th Floor**<br>**Boston, MA 02116** | **January 13, 2006 at 10:00 a.m.** |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** |  |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **MPM Capital**
　　**601 Gateway Blvd., Suite 350**
　　**South San Francisco, CA 94080**

☐　　YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐　　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒　　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):　　**See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **601 Gateway Blvd., Suite 350**<br>**South San Francisco, CA 94080** | **January 13, 2006 at 10:00 a.m.** |

☐　　YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.,**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **NEA**
     **2490 Sand Hill Road**
     **Menlo Park, CA 94025**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2490 Sand Hill Road**<br>**Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.,**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **ONSET Ventures**
       **2400 Sand Hill Road, Suite 150**
       **Menlo Park, California 94025**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):      **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2400 Sand Hill Road, Suite 150**<br>**Menlo Park, California 94025** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.,**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:   **Pequot Ventures**
 **2500 Sand Hill Road, Suite 203**
 **Menlo Park, CA 94025**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2500 Sand Hill Road, Suite 203**<br>**Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

               DATE

                              SIGNATURE OF SERVER

                              ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   **Pequot Ventures**
       **40 William Street, Suite 305**
       **Wellesley, MA 02481**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **40 William Street, Suite 305**<br>**Wellesley, MA 02481** | **January 13, 2006 at 10:00 a.m.** |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* Christopher V. Carani<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Polaris Venture Partners**
     **1000 Winter Street, Suite 3350**
     **Waltham, MA 02451**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **1000 Winter Street, Suite 3350**<br>**Waltham, MA 02451** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Polaris Venture Partners**
**1000 2nd Ave., Suite 3100**
**Seattle, WA 98104**

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):      **See attached Schedule A**

| PLACE<br>**1000 2nd Ave., Suite 3100**<br>**Seattle, WA 98104** | DATE AND TIME<br>**January 13, 2006 at 10:00 a.m.** |
|---|---|

☐      YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>**December 22, 2005** |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                      DATE                              SIGNATURE OF SERVER

                                                 _____
                                                  ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **POSCO BioVentures**
**2121 Palomar Airport Rd., Suite 300**
**Carlsbad, CA 92011**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2121 Palomar Airport Rd., Suite 300 Carlsbad, CA 92011 | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* **Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

    v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Prism Venture Partners**
      **100 Lowder Brook Drive, Suite 2500**
      **Westwood, MA 02090**

[ ]   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **100 Lowder Brook Drive, Suite 2500** | **January 13, 2006 at 10:00 a.m.** |
| **Westwood, MA 02090** | |

[ ]   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *CL Stephen V. Carani* | **December 22, 2005** |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  **Prospect Venture Partners**
     **435 Tasso Street, Suite 200**
     **Palo Alto, CA 94301**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **435 Tasso Street, Suite 200**<br>**Palo Alto, CA 94301** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of New York

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Radius Ventures, LLC**
**400 Madison Avenue, 8th Floor**
**New York, NY 10017**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **400 Madison Avenue, 8th Floor**<br>**New York, NY 10017** | **January 13, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christoph V. Carani* <br> **Attorney for Defendants Ovion, Inc.** <br> **William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

     v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  **Saratoga Ventures, L.P.**
     **210 Almendra Ave.**
     **Los Gatos, CA 95030**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **210 Almendra Ave.**<br>**Los Gatos, CA 95030** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  Skyline Ventures
    **125 University Avenue**
    **Garden Level**
    **Palo Alto, CA 94301**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **125 University Avenue**<br>**Garden Level**<br>**Palo Alto, CA 94301** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of New York

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   Sprout Group
      11 Madison Avenue, Floor 13
      New York, NY 10010

|  | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |
| --- | --- |

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

|  | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
| --- | --- |

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A** |
| --- | --- |

| PLACE<br>**11 Madison Avenue, Floor 13<br>New York, NY 10010** | DATE AND TIME<br>**January 13, 2006 at 10:00 a.m.** |
| --- | --- |

|  | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |
| --- | --- |

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.,<br>William S. Tremulis, and Jeffrey P. Callister** | Date<br>**December 22, 2005** |
| --- | --- |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   **Sutter Hill Ventures**
      **755 Page Mill Road, Suite A-200**
      **Palo Alto, CA 94304-1005**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):      **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **755 Page Mill Road, Suite A-200**<br>**Palo Alto, CA 94304-1005** | **January 13, 2006 at 10:00 a.m.** |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* (signature)<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of New York

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **SV Investment Partners**
**540 Madison Avenue, Suite 3100**
**New York, NY 10022**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **540 Madison Avenue, Suite 3100**<br>**New York, NY 10022** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|
| *Christph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** |  |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Thomas Weisel Healthcare Venture Partners, L.P.**
  **One Montgomery Tower**
  **One Montgomery Street**
  **San Francisco, CA 94104**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **One Montgomery Tower** **One Montgomery Street** **San Francisco, CA 94104** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date **December 22, 2005** |
|---|---|

*Christopher V. Carani*
**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                         SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:   Thomas, McNerney & Partners
      One Market
      Steuart Tower, Suite 1030
      San Francisco, CA 94105

☐       YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐       YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒       YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):       **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **One Market**<br>**Steuart Tower, Suite 1030**<br>**San Francisco, CA 94105** | **January 13, 2006 at 10:00 a.m.** |

☐       YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

         Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|

*[signature]*
**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
 DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **U.S. Venture Partners**
**2735 Sand Hill Road**
**Menlo Park, CA  94025**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2735 Sand Hill Road**<br>**Menlo Park, CA  94025** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## Northern District of California

### SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  **Vantage Point Venture Partners**
**1001 Bayhill Drive, Suite 300**
**San Bruno, CA 94066**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **1001 Bayhill Drive, Suite 300**<br>**San Bruno, CA 94066** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.,**<br>**William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:   **Versant Ventures**
       **3000 Sand Hill Road**
       **Bldg. 4, Suite 210**
       **Menlo Park, CA 94025**

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **3000 Sand Hill Road** **Bldg. 4, Suite 210** **Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐      YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date **December 22, 2005** |
|---|---|
| *[signature]* **Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
   **Christopher V. Carani**
   **McAndrews, Held & Malloy**
   **500 West Madison, 34th Floor**
   **Chicago, IL 60661**
   **(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **The Vertical Group**
 **530 Lytton Avenue, Suite 304**
 **Palo Alto, CA  94301**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **530 Lytton Avenue, Suite 304**<br>**Palo Alto, CA  94301** | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>**December 22, 2005** |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|                          | DATE | PLACE              |
|--------------------------|------|-------------------|
| SERVED                   |      |                   |
| SERVED ON (PRINT NAME)   |      | MANNER OF SERVICE |
| SERVED BY (PRINT NAME)   |      | TITLE             |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  **Warburg Pincus LLC**
 **850 Oak Grove Avenue**
 **Menlo Park, CA 94025**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **850 Oak Grove Avenue**<br>**Menlo Park, CA 94025** | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**December 22, 2005** |
|---|---|

*Christopher V. Carani*

**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                        SIGNATURE OF SERVER

                                              ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:   **John F. Harris**
       **140 Fourth Avenue North, Suite 370**
       **Seattle, WA 98109**

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):      **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **140 Fourth Avenue North, Suite 370**<br>**Seattle, WA 98109** | **January 13, 2006 at 10:00 a.m.** |

☐      YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* (signature)<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | **December 22, 2005** |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL   60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____DATE_____                    SIGNATURE OF SERVER

                                        ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 3

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Aberdare Ventures
One Embarcadero Center, Suite 4000
San Francisco, CA 94111

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Accuitive Medical Ventures
27500 Premiere Parkway, Suite 200
Duluth, GA 30097

    Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

    Sincerely,

*Christoph V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Alta Partners
One Embarcadero Center, Suite 4050
San Francisco, CA 94111

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address. At your request, we
will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005. This document
includes some background information about the case.

Sincerely,

*Chstoph V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG HA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

AM Pappas & Associates, LLC
Emerging Technologies Center
7030 Kit Creek Road
Research Triangle Park, NC 27709

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER M. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Arboretum Ventures
334 E. Washington Street
Ann Arbor, MI 48104

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MEANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
⸺

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Canaan Partners
2765 Sand Hill Road
Menlo Park, CA  94025

Re:   Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena.  As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address.  At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005.  This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

CDIB Ventures
3945 Freedom Circle, Suite 270
Santa Clara, CA 95054

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ⁺
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BERESMKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

⁺ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Channel Medical Partners
5750 Old Orchard Rd., Suite 310
Skokie, IL  60077

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

CMEA Ventures
One Embarcadero Center, Suite 3250
San Francisco, CA 94111

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
        District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. MACKEMBERA
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Cutlass Capital, LLC
84 State Street, Suite 1040
Boston, MA 02109

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET H. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Cutlass Capital, LLC
1750 Montgomery Street
San Francisco, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
         District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

De Novo Ventures
1550 El Camino Real, Suite 150
Menlo Park, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Domain Associates, LLC
28202 Cabot Road, Suite 200
Laguna Niguel, CA 92677

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

——

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Domain Associates, LLC
One Palmer Square, Suite 515
Princeton, NJ 08542

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YJFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Draper Fisher Jurvetson ePlanet Ventures
400 Seaport Court, Suite 102
Redwood City, CA 94063

     Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

     With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

     Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

     For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

     Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Easton Hunt Capital Partners, L.P.
767 Third Avenue (at 48th Street), 7th Floor
New York, NY 10017

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG HA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Essex Woodlands Health Ventures
435 Tasso Street, Suite 305
Palo Alto, CA 94301

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN H. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Foundation Medical Partners
105 Rowayton Avenue
Rowayton, CT 06853

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

    Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Frazier Healthcare Ventures
601 Union
Two Union Square, Suite 3200
Seattle, WA 98101

      Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
              District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

      With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

      Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address. At your request, we
will provide an account number with Federal Express for that purpose.

      For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005. This document
includes some background information about the case.

      Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

——————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Frazier Healthcare Ventures
550 Hamilton Ave., Suite 100
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN H. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG HA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McALLISTER
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

InterWest Partners
2710 Sand Hill Road, Second Floor
Menlo Park, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IM CA

December 22, 2005

**Via Hand Delivery**

INVESCO Private Capital
525 University Avenue, Suite 600
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things,* which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN A. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN M. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

## Via Hand Delivery

JP Morgan
50 California Street, 29th Floor
San Francisco, CA 94111

Re:   Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Latterell Venture Partners
Four Embarcadero Center, Suite 2500
San Francisco, CA 94111

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS III. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

MedVenture Associates
5980 Horton Street, Suite 390
Emeryville, CA 94608

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Morgenthaler Ventures
2710 Sand Hill Road, Suite 100
Menlo Park, CA 94025

Re:   Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
      District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena.  As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address.  At your request, we
will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005.  This document
includes some background information about the case.

                                        Sincerely,

                                        Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES B. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
——————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

MPM Capital
The John Hancock Tower
2900 Claredon Street, 54th Floor
Boston, MA 02116

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
        District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

        With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

        Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena.  As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address.  At your request, we
will provide an account number with Federal Express for that purpose.

        For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005.  This document
includes some background information about the case.

                                        Sincerely,

                                        *Christoph V. Carani*

                                        Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

MPM Capital
601 Gateway Blvd., Suite 350
South San Francisco, CA 94080

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

*Christoph V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

NEA
2490 Sand Hill Road
Menlo Park, CA 94025

     Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

    Sincerely,

    Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY M. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
—————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

ONSET Ventures
2400 Sand Hill Road, Suite 150
Menlo Park, California 94025

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
           District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

   With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

   Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena.  As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address.  At your request, we
will provide an account number with Federal Express for that purpose.

   For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005.  This document
includes some background information about the case.

                                                           Sincerely,

                                                           Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

——

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Pequot Ventures
40 William Street, Suite 305
Wellesley, MA 02481

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN M. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DESAI
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Pequot Ventures
2500 Sand Hill Road, Suite 203
Menlo Park, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————
OF COUNSEL
S. JACK SAUER
*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Polaris Venture Partners
1000 Winter Street, Suite 3350
Waltham, MA 02451

    Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. SAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Polaris Venture Partners
1000 2nd Ave., Suite 3100
Seattle, WA 98104

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY H. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ[+]
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

————

OF COUNSEL
S. JACK SAUER

[+]ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

POSCO BioVentures
2121 Palomar Airport Rd., Suite 300
Carlsbad, CA 92011

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

     With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

     Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address. At your request, we
will provide an account number with Federal Express for that purpose.

     For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005. This document
includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAHIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Prism Venture Partners
100 Lowder Brook Drive, Suite 2500
Westwood, MA 02090

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
——————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Prospect Venture Partners
435 Tasso Street, Suite 200
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

*Christoph V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Radius Ventures, LLC
400 Madison Avenue, 8th Floor
New York, NY 10017

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and
things, as specified in Schedule A attached to the subpoena, at the time and place designated in
the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. As an alternative to producing documents and
things at the place designated in the subpoena, you may produce the documents and things by
sending them (or true copies thereof) to my attention at the above address. At your request, we
will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support
Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce
Documents And Things*, which was filed with the Court on December 20, 2005. This document
includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

| | | |
|---|---|---|
| GEORGE P. McANDREWS | KIRK A. VANDER LEEST | JOSEPH F. HARDING |
| JOHN J. HELD | RICHARD T. McCAULLEY JR. | JOSEPH M. BUTSCHER |
| TIMOTHY J. MALLOY | PETER J. McANDREWS | SARA J. BARTOS |
| WILLIAM M. WESLEY | LELAND G. HANSEN | JOHN L. ABRAMIC |
| LAWRENCE M. JARVIS | JAMES M. HAFERTEPE | MICHAEL J. FITZPATRICK |

December 22, 2005

**Via Hand Delivery**

Saratoga Ventures, L.P.
210 Almendra Ave.
Los Gatos, CA 95030

Re:   Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN B. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PEDRONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
—————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Skyline Ventures
125 University Avenue
Garden Level
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGHYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Sprout Group
11 Madison Avenue, Floor 13
New York, NY 10010

     Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

                Sincerely,

                Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————
————
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Sutter Hill Ventures
755 Page Mill Road, Suite A-200
Palo Alto, CA 94304-1005

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000
Facsimile: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HARTERPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG HA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL M. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

SV Investment Partners
540 Madison Avenue, Suite 3100
New York, NY 10022

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN M. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICEROO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

The Aurora Funds, Inc.
2525 Meridian Parkway, Suite 220
Durham, NC 27713

> Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ²
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
—————

OF COUNSEL
S. JACK SAUER

²ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Thomas Weisel Healthcare Venture Partners, L.P.
One Montgomery Tower
One Montgomery Street
San Francisco, CA 94104

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
——————
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Thomas, McNerney & Partners
One Market
Steuart Tower, Suite 1030
San Francisco, CA 94105

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McAndrews, Held & Malloy, Ltd.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

U.S. Venture Partners
2735 Sand Hill Road
Menlo Park, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG HA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Vantage Point Venture Partners
1001 Bayhill Drive, Suite 300
San Bruno, CA 94066

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000
Facsimile: (312) 775-8100
WWW.MHMLAW.COM

December 22, 2005

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Versant Ventures
3000 Sand Hill Road
Bldg. 4, Suite 210
Menlo Park, CA 94025

     Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

    Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

The Vertical Group
530 Lytton Avenue, Suite 304
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

*Christoph V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES M. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
——————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

Warburg Pincus LLC
850 Oak Grove Avenue
Menlo Park, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    For your information, we have included a copy of *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, which was filed with the Court on December 20, 2005. This document includes some background information about the case.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

December 22, 2005

**Via Hand Delivery**

John F. Harris
140 Fourth Avenue North, Suite 370
Seattle, WA 98109

> Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Mr. Harris:

With this letter, you will receive a subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

Musket Research Associates, Inc.,

          Plaintiff,

    v.

Ovion, Inc.,
William S. Tremulis, and
Jeffrey P. Callister,

          Defendants.

                    **Case No. 05-10416 MEL**

Ovion, Inc.,

          Counterclaimant,

    v.

Musket Research Associates, Inc.,
David B. Musket, and
Sue Ann Latterman,

          Counterdefendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER
## INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................. 1

    A.  The Written Agreement Between Ovion And MRA ......................................... 1

    B.  MRA's Performance Was Unsatisfactory, Untimely, And Adverse To Ovion's Interests.................................................................................. 2

    C.  MRA's Present Attempts To Extort Ovion Are Consistent With MRA's Pattern Of Extorting Its Clients By Threatening Litigation Based On Unfounded Claims.................................................................. 3

    D.  The MRA Parties Have Refused To Provide Discovery Relating To Their Unfounded Claims ........................................................................ 4

II.  BACKGROUND .................................................................................................. 4

    A.  Pursuant To A Written Engagement Letter, Ovion Retained MRA As A "Nonexclusive Finder/Advisor" ............................................................ 4

        1.  Nothing In The Engagement Letter Limits Ovion's Use Of MRA's Work Product .................................................................. 5

        2.  MRA Agreed That It Would Be Compensated For Its Services Only In The Event Of Certain Contingencies ........................... 5

            a.  First Form Of Contingent Compensation: A "Finder's Fee".......................................................................... 6

            b.  Second Form Of Contingent Compensation: A "Success Fee".......................................................................... 6

            c.  Third Form Of Contingent Compensation: An "Advisory Fee" .......................................................................... 7

    B.  MRA's Performance Was Unsatisfactory, Untimely, And Adverse To Ovion's Interests.................................................................................. 7

    C.  Ovion's Merger With And Acquisition By American Medical Systems ......................................................................................................... 8

    D.  Pursuant To The Parties' Written Agreement, MRA Is Not Entitled To Any Compensation ...................................................................... 9

III.  THE MRA PARTIES SHOULD BE COMPELLED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS AND THINGS ......................... 9

    A.  The MRA Parties Should Be Compelled To Answer Ovion's Interrogatories And Identify Facts Relating To Alleged Agreements Between The Parties And The Alleged Improper Use Of MRA's "Work Product" ............................................................................ 9

1.    The MRA Parties Have Not Properly Answered Ovion's Interrogatory No. 1 ...........................................................................10

2.    The MRA Parties Have Not Properly Answered Ovion's Interrogatory No. 2 ...........................................................................11

3.    The MRA Parties Have Refused To Correct The Deficiencies In Their Interrogatory Answers ...........................................13

4.    MRA's Reliance On Rule 33(d) Is Misplaced ...........................................15

B.    The MRA Parties Should Be Compelled To Produce Documents And Things Relating To The Claims, Counterclaims, And Defenses At Issue In The Case ...........................................................................16

1.    The MRA Parties Should Be Compelled To Produce Documents And Things Relating To Provisions In Its Client Contracts Relating To "Advisory Fees" And "Corporate Transactions" (Request Nos. 2-4) ...........................................16

2.    The MRA Parties Should Be Compelled To Produce Documents And Things Relating To Its Disputes With And Attempts To Extort Other Clients (Request No. 9)......................................18

3.    The MRA Parties Should Be Compelled To Produce Documents Relating To Their Pattern Of Setting Up Their Clients So That MRA And Its Allied Interests Can Invest In MRA's Clients On Terms Unfavorable To The Clients (Request Nos. 16 & 18) ...........................................................................19

C.    The Court Should Disregard The Boilerplate Objections Made By The MRA Parties ...........................................................................19

IV.    CONCLUSION...........................................................................20

## I.   INTRODUCTION

In this action, the Defendants are Ovion, Inc. ("Ovion"), William S. Tremulis ("Mr. Tremulis"), and Jeffrey P. Callister ("Mr. Callister") (collectively the "Ovion Parties"). Mr. Tremulis and Mr. Callister founded Ovion in 1996 as a start-up medical device company with a focus on minimally invasive alternatives to surgical sterilization.

The Plaintiff is Musket Research Associates, Inc. ("MRA"). Ovion has counterclaimed against MRA, David B. Musket ("Mr. Musket"), and Sue Ann Latterman ("Ms. Latterman") (collectively the "MRA Parties"). Mr. Musket is the president and founder of MRA. Ms. Latterman is its principal employee. MRA allegedly operates as a finder/advisor for "emerging healthcare companies" looking for investors. (*See* Ovion Ex. F.)

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Ovion Parties have filed herewith a motion to compel the MRA Parties to answer interrogatories and produce documents and things. In summary, the MRA Parties have refused to answer interrogatories and to produce documents and things relating to issues raised by the pleadings in this case. Counsel for the parties met and conferred regarding the deficiencies in the MRA discovery responses. (*See* Ovion Exs. G and H.) For the most part, the MRA Parties refused to correct the deficiencies. Moreover, to the extent that the MRA Parties agreed to supplement their responses, they have failed to follow through as promised.

### A.   The Written Agreement Between Ovion And MRA

The fundamental issues in this case relate to a written agreement between Ovion and MRA. Specifically, in July, 2004, Ovion retained MRA "as a nonexclusive finder/advisor" on terms set forth in a written agreement (the "Engagement Letter"). (*See* Ovion Ex. A.) MRA agreed to provide certain services. (*Id.*, ¶ 2(a).) Nothing in the Engagement Letter limited how Ovion could use MRA's work product. MRA agreed that it would be compensated only if

certain contingencies were realized. (*Id.*, ¶ 3.) Outside these contingencies, MRA would receive no compensation, regardless of the services it provided or how its work product was used.

In the Engagement Letter, one of the contingencies expressly contemplated was a merger and acquisition involving a corporate partner. (*Id.*, ¶ 3(d).) If such a merger and acquisition were consummated less than 180 days after the date of the Engagement Letter, then MRA would be entitled to an "Advisory Fee" not to exceed $225,000. (*Id.*) However, as of the 180th day following the date of the Engagement Letter, MRA was no longer entitled to any Advisory Fee. (*Id.*) Amazingly, although the Engagement Letter expressly contemplates a corporate merger and acquisition, MRA now contends that it somehow was unaware that Ovion might pursue such a transaction.

**B.    MRA's Performance Was Unsatisfactory, Untimely, And Adverse To Ovion's Interests**

Before Ovion retained MRA, Ovion was engaged in discussions with a number of potential investors and business partners. Ovion had prepared presentations, budgets, forecasts, and other materials for purposes of these discussions. MRA represented that it would devote substantial resources to this effort and that Ovion should expect positive results within a short time frame. MRA further acknowledged that time was of the essence. MRA also represented that it had extensive experience in the medical device arena. Despite MRA's representations, its services were untimely and unsatisfactory. In large measure, MRA relied on Ovion and others to perform the services that MRA had agreed to provide in exchange for contingent compensation.

After more than six months (and more than 180 days), Ovion had received <u>no</u> offers, let alone an actual investment, from any of MRA's supposedly vast network of contacts. Indeed, the only offer that Ovion had received was from US Venture Partners, a venture capital firm with which Ovion had commenced discussions long before retaining MRA. The MRA Parties recommended that Ovion should decline the offer from US Venture Partners. On present

2

information and belief, it appears that the MRA Parties, by delaying and deterring potential

investors in Ovion, were attempting to position Ovion so that the MRA Parties themselves could

invest in Ovion on terms favorable to them and their allied interests and unfavorable to Ovion.

C.    **MRA's Present Attempts To Extort Ovion Are Consistent With MRA's Pattern Of Extorting Its Clients By Threatening Litigation Based On Unfounded Claims**

More than 180 days after the date of the Engagement Letter, Ovion executed a letter of

intent with American Medical Systems, Inc. ("AMS"), agreeing to negotiate exclusively with

AMS toward a possible merger and acquisition.  Ovion promptly informed MRA that it had

agreed to negotiate exclusively with a potential corporate partner.  Ovion also terminated its

agreement with MRA.  In ~~June~~ July, 2005, more than 300 days after the date of the Engagement

Letter, Ovion and AMS consummated a merger and acquisition.  Pursuant to the terms of the

Engagement Letter, MRA is not entitled to any compensation because none of the contingencies

contemplated in the Engagement Letter were ever realized.

Nevertheless, MRA began attempting to extort money from Ovion shortly after Ovion

informed MRA that Ovion had executed a letter of intent with a potential corporate partner.

Specifically, MRA began threatening to sue for compensation to which it is not entitled.  This

threat had at least three inherent aspects:  (1) the expense, distraction, and uncertainty inherent in

litigation; (2) the risk that highly confidential information would be publicly disclosed or

disclosed to parties such as MRA during the course of litigation; and (3) the specter that

litigation would disrupt the ongoing negotiations between Ovion and AMS.

On information and belief, the MRA Parties have used the same strategy to extort other

clients.  More specifically, after MRA has entered written agreements with its clients that limit

MRA's compensation to certain contingencies, the MRA Parties nevertheless have demanded

compensation when those contingencies were not realized.  To persuade clients to acquiesce to

3

these unwarranted demands, the MRA Parties have threatened litigation based on unfounded claims.

### D.    The MRA Parties Have Refused To Provide Discovery Relating To Their Unfounded Claims

MRA initiated the present litigation based on unfounded claims and contentions that contradict the express terms of the Engagement Letter.  In preparation for filing a motion for summary judgment against MRA's specious claims, the Ovion Parties have sought discovery relating to MRA's unfounded claims and contentions.  As explained in greater detail below, the MRA Parties have refused to provide this discovery.  For example, the MRA Parties have refused to identify their alleged work product and their basis for asserting that Ovion improperly used their work product.  Likewise, MRA has refused to identify evidence supporting its contention that the parties' written agreement was premised on unwritten "understandings" that contradict the terms of the written agreement.  In addition, the MRA Parties have refused to produce evidence relating to their attempts to (a) set up MRA's clients as favorable investments vehicles for the MRA parties and their allied interests and (b) extort their clients, including threats of unfounded litigation.  The deficiencies in the discovery responses of the MRA Parties are discussed more fully below.

## II.    BACKGROUND

### A.    Pursuant To A Written Engagement Letter, Ovion Retained MRA As A "Nonexclusive Finder/Advisor"

In July, 2004, Ovion retained MRA "as a nonexclusive finder/advisor" on the terms set forth in a written agreement (the "Engagement Letter").  (*See* Ovion Ex. A.)  MRA essentially ignores the terms of the Engagement Letter, principally because its contentions contradict the express language of the parties' written agreement.

4

1.    **Nothing In The Engagement Letter Limits Ovion's Use Of MRA's Work Product**

Contrary to MRA's contentions, nothing in the Engagement Letter limits how Ovion could use MRA's work product.  As a nonexclusive finder/advisor, MRA agreed to provide the following services:

> MRA shall (i) analyze the financial performance and projections of the Company and provide advice regarding the appropriate valuation range for the new equity capital; (ii) assist in the development of presentation materials for investor solicitations; (iii) contact qualified investors and, if acceptable to you or your representative, send the necessary documents ourselves or through your office . . . ; (iv) after appropriate screening, set up and accompany you to meetings with interested parties as often as scheduling allows; and (v) manage ongoing discussions and coordinate the closings with investors solicited, or caused to be solicited by MRA.

(Ovion Ex. A, Engagement Letter, ¶ 2(a).)  Contrary to MRA's representations, the Engagement Letter specifically contemplates a corporate transaction, such as a merger and acquisition.  (*Id.*, ¶ 3(d).)  Nothing in the Engagement Letter even suggests that Ovion was not at liberty to use MRA's "work product" in conjunction with such a corporate transaction.

2.    **MRA Agreed That It Would Be Compensated For Its Services Only In The Event Of Certain Contingencies**

Regarding compensation, MRA agreed that it would be compensated for its services "as a nonexclusive finder/advisor" by payment of a "Finder's Fee," an "Advisory Fee," or a "Success Fee," but only under limited contingencies as set forth in the parties' written agreement.  (Ovion Ex. A, Engagement Letter, ¶¶ 3(a), 3(c)-(d).)  Outside of these limited contingencies, the parties' written agreement provided for no compensation to MRA, regardless of the services provided by MRA or how MRA's work product was used.  (*Id.*, ¶ 3.)

5

### a.  First Form Of Contingent Compensation: A "Finder's Fee"

Pursuant to the Engagement Letter, the first form of contingent compensation contemplated for MRA's services was a "Finder's Fee."  MRA agreed that it would be entitled to a "Finder's Fee" only in the event of the following contingencies:

- seven percent (7%) of the aggregate cash proceeds received by OVION from . . . "MRA Contacts"
- three percent (3%) of the aggregate cash proceeds received by OVION from . . . "OVION VC Contacts"
- two [percent] (2%) of the aggregate cash proceeds received by OIVON from . . . US Venture Partners.

(Ovion Ex. A, Engagement Letter, ¶ 3(a).)  Indeed, the parties' agreement provided:  "MRA shall receive no fees for any entity that is not either an MRA Contact or an Ovion VC Contact."  (*Id.*)  Moreover, absent a countersignature from Ovion evidencing its consent, MRA was precluded from adding potential investors to the list of "MRA Contacts."  (*Id.*)

### b.  Second Form Of Contingent Compensation: A "Success Fee"

Pursuant to the Engagement Letter, the second form of contingent compensation contemplated for MRA's services was a "Success Fee."  MRA agreed that it would be entitled to a "Success Fee" of no more than $225,000 (minus any Finder's Fees) only in the event of the following contingency:

> If, during the term of this Agreement, OVION consummates a Placement other than a Placement involving a corporate partner, and the [Finder's Fees] payable to MRA . . . are less than $225,000 . . .

(Ovion Ex. A, Engagement Letter, ¶ 3(c).)  The "Success Fee" provision expressly expired upon termination of the agreement.  (*Id.*)

6

c.    **Third Form Of Contingent Compensation: An "Advisory Fee"**

Pursuant to the Engagement Letter, the third form of contingent compensation contemplated for MRA's services was an "Advisory Fee." MRA further agreed that it would be entitled to an "Advisory Fee" of no more than $225,000 (minus any Finder's Fees) in the event of the following contingency:

> If, during the term of this Agreement, OVION consummates a merger, acquisition or Placement involving a corporate partner . . . [before] the 180th day following the date [of the Engagement Letter].

(Ovion Ex. A, Engagement Letter, ¶ 3(d).)  The "Advisory Fee" provision expressly expired on the earlier of (1) the180th day following the date of the Engagement Letter or (2) termination of the Agreement.  (*Id.*)  Accordingly, as of either the 180th day or termination of the Agreement, MRA was no longer entitled to an Advisory Fee for any of its services in the event that Ovion consummated a merger or acquisition involving a corporate partner.  (*Id.*, ¶¶ 3(d).)

B.    **MRA's Performance Was Unsatisfactory, Untimely, And Adverse To Ovion's Interests**

Before Ovion retained MRA, Ovion was engaged in discussions with a number of potential investors and business partners.  Ovion had prepared presentations, budgets, forecasts, and other materials for purposes of these discussions.  MRA represented that it would devote substantial resources to this effort.  Despite MRA's representations, its services were untimely and unsatisfactory.  In large measure, MRA relied on Ovion and others to perform the services that MRA had agreed to provide in exchange for contingent compensation.  After more than six months, Ovion had received <u>no</u> offers from any of the "MRA Contacts."  Indeed, the only offer that Ovion had received was an offer from US Venture Partners ("USVP"), a venture capital firm with which Ovion had commenced discussions long before Ovion retained MRA.  MRA recommended that Ovion decline the offer from USVP.

7

Ovion is now aware that Mr. Musket is a member and the managing director of ProMed

Partners, L.P., which holds itself out as a "healthcare investment fund." (*See* Ovion Ex. F.)  On

present information and belief, it appears that the MRA Parties, by delaying and deterring

potential investors in Ovion, were attempting to position Ovion so that they and their allied

interests could invest in Ovion on terms favorable to them and unfavorable to Ovion.  The MRA

Parties were privy to Ovion's cash position and were well aware that, if MRA did not produce

positive results in a timely fashion, Ovion's position would become less and less tenable.   On

information and belief, the MRA Parties have employed this same tactic with other clients,

acting contrary to the clients' interests while purporting to represent them.

### C.    Ovion's Merger With And Acquisition By American Medical Systems

On ~~June 3,~~ July 7 2005, Ovion merged with and was acquired by American Medical Systems,

Inc. ("AMS").  On February 16, 2005, Ovion had signed a letter of intent, agreeing to negotiate

exclusively with AMS.   Ovion promptly informed MRA that it had agreed to negotiate

exclusively with a potential corporate partner.  Ovion also terminated its agreement with MRA.

The MRA Parties admit that they, individually and collectively, did <u>not</u> do any of the

following:

> "communicate with AMS on behalf of Ovion"
> "set up any meetings between AMS and Ovion"
> "accompany Ovion or its representatives to any meeting with AMS or its representatives"
> "manage any discussions between Ovion and AMS"
> "coordinate the closing between Ovion and AMS"

(Ovion Ex. E, MRA Responses to Requests to Admit, at 2-3.)

**D.    Pursuant To The Parties' Written Agreement, MRA Is Not Entitled To Any Compensation**

As discussed above, the Engagement Letter provided that MRA would receive compensation for its services only if certain contingencies were realized. None of those contingencies were realized. Accordingly, pursuant to the express terms of the Engagement Letter, MRA is not entitled to any compensation. More specifically, because the contingencies were not realized, MRA is not entitled to a Finder's Fee, or a Success Fee, or an Advisory Fee, which are the only forms of compensation contemplated by the parties' agreement.

**III.    THE MRA PARTIES SHOULD BE COMPELLED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS AND THINGS**

Ovion has served discovery requests asking, *inter alia,* that the MRA Parties (1) identify their alleged work product and their bases for contending that Ovion improperly used their alleged work product; (2) produce documents and things relating to MRA's contentions that, despite the express terms of the Engagement Letter, MRA allegedly was unaware that Ovion might pursue a corporate transaction and might use presentation materials similar to those used with other potential investors; (3) produce documents and things relating to prior instances where MRA has extorted its clients; and (4) produce documents and things relating to prior instances where the MRA parties and their allied interests have invested in MRA clients. As explained in detail below, MRA either has flatly refused to provide the requested discovery or has responded in an inadequate fashion.

**A.    The MRA Parties Should Be Compelled To Answer Ovion's Interrogatories And Identify Facts Relating To Alleged Agreements Between The Parties And The Alleged Improper Use Of MRA's "Work Product"**

As discussed above, the Engagement Letter specifically contemplates a corporate transaction such as a merger and acquisition and does not limit in any way how or when Ovion

9

could use MRA's services (or "work product") in pursuit of such a corporate transaction.

Nevertheless, MRA asserts the following unfounded allegations:

> [T]he provision for the payment of the advisory fee [in the event of a corporate merger and acquisition before the 180th day following the date of the Engagement Letter] was conditioned on the parties' understanding that MRA's work product would not be used as part of any effort by Ovion to solicit corporate partners. * * * [Ovion violated this alleged "understanding" by using] MRA's budgets, forecasts, presentation materials and other work product as an integral part of, and critical support for, its solicitation of corporate partners.

(Docket No. 11, First Am. Compl., ¶¶ 10, 13.)  At the time that MRA filed its First Amended

Complaint, MRA and its attorneys had an obligation to ensure that these unsupported allegations

passed Rule 11 muster.

### 1.    The MRA Parties Have Not Properly Answered Ovion's Interrogatory No. 1

On July 29, 2005, Ovion served the MRA Parties with the following Interrogatory No. 1:

Identify and describe in detail:

    a.    all agreements and understandings between any of Ovion, Mr. Tremulis and Mr. Callister on the one hand and any of MRA, Mr. Musket and Ms. Latterman on the other hand;

    b.    all documents and things relating to such agreements and understandings; and

    c.    all persons with knowledge of such agreements and understandings.

(Ovion Ex. C at 2.)

With respect to part a, the MRA Parties acknowledged the Engagement Letter.  (*Id.*)

They failed, however, to acknowledge the nondisclosure agreement between Ovion and MRA.

(*Id.*; Ovion Ex. B (Nondisclosure Agreement).)  When counsel for the parties met and conferred,

the MRA Parties agreed to supplement their "response to Interrogatory 1.a to identify the non-

disclosure agreement as an agreement between the parties."  (Ovion Ex. H, 10/06/05 Carani

Letter, at 2.)  After more than two months, however, the MRA Parties still have not

supplemented their answer to Interrogatory No. 1.

10

Likewise, Ovion properly requested that the MRA Parties "identify and describe in detail

. . . all documents and things relating to [any] agreements and understandings" between the

parties. (Ovion Ex. C at 2.)  The only documents and things identified by the MRA Parties are

the Engagement Letter (Ovion Ex. A) and the Nondisclosure Agreement (Ovion Ex. B).  (*Id.* at

3.)  These documents refute, not support, the contentions of the MRA Parties.  The MRA Parties

should be compelled to either (a) identify all documents and things that relate to any alleged

agreement or understanding between the parties or (b) acknowledge that no documentary

evidence supports their unfounded contentions.

### 2.     The MRA Parties Have Not Properly Answered Ovion's Interrogatory No. 2

On July 29, 2005, Ovion served the MRA Parties with the following Interrogatory No. 2:

Identify and describe in detail:

a.     all work product produced for or on behalf of Ovion including each person and the contribution of each person who contributed to the work product;

b.     all work product that you contend has been used improperly or without authorization by Ovion and how it was used improperly;

c.     all work product that you contend was used by Ovion in communications or negotiations with AMS or was used by Ovion in relation to the merger between Ovion and AMS;

d.     your bases for contending that any of Ovion, Mr. Tremulis, and Mr. Callister has used your work product improperly or without authorization; and

e.     all persons with knowledge of work product produced for or on behalf of Ovion and all documents and things relating to such work product.

(Ovion Ex. C at 4.)

In response to Ovion's Interrogatory No. 2, the MRA Parties provided <u>no</u> substantive

information, except that "Sue Ann Latterman was the MRA employee primarily involved in

developing this work product."  (*Id.*)  Otherwise, the entire answer provided by the MRA Parties

consisted solely of attorney boilerplate, as explained in greater detail below.  (*Id.* at 4-5.)

11

For example, before Ovion retained MRA, Ovion was engaged in discussions with a number of potential investors and business partners, as discussed above. Ovion had prepared presentations, budgets, forecasts, and other materials for purposes of these discussions. After Ovion retained MRA, MRA in large measure relied on Ovion and others to perform the services that MRA had agreed to provide in exchange for contingent compensation. Now, in response to Ovion's interrogatory requesting that the MRA Parties "identify and describe in detail . . . all work product produced for or on behalf of Ovion including each person and the contribution of each person who contributed to the work product," the MRA Parties provided a non-answer, stating: "MRA prepared budgets, forecasts, plans, due diligence materials, and presentation materials on behalf of Ovion." The MRA Parties utterly failed to identify any specific document or information as MRA's alleged work product.

Similarly, in the First Amended Complaint, MRA alleges that Ovion improperly used "MRA's budgets, forecasts, presentation materials, and other work product as an integral part of, and critical support for, its solicitation of corporate partners." (Docket No. 11, First Am. Compl., ¶ 13.) In view of Rule 11 of the Federal Rules of Civil Procedure, MRA presumably had some basis for making such an allegation. Nevertheless, when Ovion requested that the MRA Parties "identify and describe in detail . . . . all work product that you contend has been used improperly or without authorization by Ovion and how it was used improperly" the MRA Parties provided a non-answer, stating: "MRA contends that all of MRA's work product that was used by Ovion to solicit or negotiate with American Medical Systems, Inc. ("AMS") or any other potential corporate partner was used improperly and without authorization." (Ovion Ex. C at 4.) Again, despite MRA's allegations in the complaint, the MRA Parties utterly failed to identify any specific document or information as MRA's work product allegedly used improperly by Ovion.

Similarly, when Ovion requested that the MRA Parties "identify and describe in detail . . . . all work product that you contend was used by Ovion in communications or negotiations with AMS or was used by Ovion in relation to the merger between Ovion and AMS," the MRA Parties provided another non-answer, stating: "Such information is uniquely within the knowledge of Ovion and AMS." (*Id.* at 5.) And, when Ovion requested that the MRA Parties "identify and describe in detail . . . . your bases for contending that any of Ovion, Mr. Tremulis, and Mr. Callister has used your work product improperly or without authorization," the MRA Parties provide yet another non-answer, stating: "If any work product was used to solicit potential corporate partners, it was done improperly and without authorization." (*Id.*) Again, the MRA Parties utterly failed to identify either any alleged MRA work product used in communications or negotiations with AMS or any factual basis for contending that MRA work product allegedly was used improperly or without authorization.

### 3. The MRA Parties Have Refused To Correct The Deficiencies In Their Interrogatory Answers

On September 26, 2005, and again on October 5, 2005, counsel for the parties met and conferred regarding the deficiencies in the answers provided by the MRA Parties to Ovion's interrogatories. In large measure, the MRA Parties flatly refused to correct the deficiencies. For instance, the MRA Parties expressly stated that they would not identify any work product that was not embodied in a document. (Ovion Ex. G, 10/05/05 Ames Letter, at 1 ("MRA will not attempt to create a log of undocumented work product.").)

Moreover, to the extent that MRA contends that its work product is embodied in a document, the MRA Parties flatly refuse to identify the person or persons who contributed to the document and to identify their contribution. (*Id.*) As discussed above, Ovion had prepared budgets, forecasts, presentations, and the like long before MRA became involved, and, after MRA was retained, MRA relied in large measure on Ovion and others to perform the services

13

that MRA had agreed to provide in exchange for contingent compensation. Accordingly, it is not sufficient, for example, for the MRA Parties only to identify documents that allegedly contain MRA's work product. Rather, the MRA Parties should be compelled to identify their specific contribution to the document. In any event, the MRA Parties have not even identified any documents that allegedly contain MRA's work product.

Likewise, although MRA asserted in the First Amended Complaint that Ovion allegedly improperly used "MRA's budgets, forecasts, presentation materials and other work product as an integral part of, and critical support for, its solicitation of corporate partners," nevertheless the MRA Parties refused to identify any such work product, stating that "MRA will do so once it has completed discovery as Ovion and AMS possess the relevant information." (Ovion Ex. G, 10/05/05 Ames Letter, at 2.) To the contrary, the MRA Parties are not entitled to wait until they have completed their discovery to provide discovery to Ovion.

Indeed, before the MRA Parties take discovery from Ovion, the MRA Parties should be required to specifically identify, *inter alia*, (a) their alleged work product, (b) the subpart of their work product that allegedly was used without authorization, and (c) the subpart that allegedly was used with AMS or any other potential corporate partner. The MRA Parties should be required to provide this discovery based on the information available to them when the interrogatory answers were due, regardless of the obligation to supplement based on any additional information that they may later learn. The MRA Parties' bases, or lack thereof, for their allegations in the First Amended Complaint should shed substantial light on the issue of whether the MRA Parties were surprised, as they contend, that Ovion engaged in discussions with potential corporate partners.

Furthermore, the MRA Parties should be required to provide this discovery without access to the confidential information produced by Ovion to date. Otherwise, the MRA Parties

14

will use Ovion's confidential information as a road map for deciding what to claim as MRA's work product. The same principle applies in a trade secret case.[1]

### 4.    MRA's Reliance On Rule 33(d) Is Misplaced

After counsel for the parties met and conferred, the MRA Parties stated: "MRA will identify, by Bates ranges, the documents that contain its work product within 30 days of production." (Ovion Ex. G, 10/05/05 Ames Letter, at 1.) More than 60 days have elapsed, however, since the MRA Parties last produced any documents in this case, and the MRA Parties have not identified a single document as allegedly containing MRA's work product.

Moreover, simply identifying documents by Bates ranges likely will not be sufficient in this instance to answer Ovion's interrogatories. For instance, the MRA Parties have placed their alleged work product at issue in this case and should be required to identify it with specificity as called for by Ovion's Interrogatory No. 2. If, for example, the MRA Parties contend that a document contains MRA work product, then the MRA Parties should be compelled to identify their specific contribution to the document, separate from Ovion's contribution and the contribution of others.

Identifying documents under Rule 33(d) is sufficient only where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed. R. Civ. P. 33(d); *see also* L.R. 33.1. Here, the MRA Parties, not Ovion,

---

[1] *See, e.g., Staffbridge, Inc. v. Gary D. Nelson Assoc.*, No. 02-4912, 2004 Mass. Super. LEXIS 215, at *10 (Super. Ct. Mass. June 11, 2004) (attached as Ovion Ex. I) ("[Discovery] cannot be at the risk of the defendants' entitlement to know with precision what is claimed as a trade secret before any discovery of the defendants' allegedly infringing materials."); *AutoMed Techs., Inc. v. Eller*, 160 F. Supp.2d 915, 926 (N.D. Ill. 2001) ("[P]laintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets. . . . It is not enough to claim that defendants will be able to learn the details through discovery. Plaintiff must provide them now so we can evaluate the relevance of plaintiff's discovery and address any objections.").

should be required to identify the documents, things, and information that MRA contends is its work product.  Ovion should not be burdened with attempting to ascertain what MRA will contend is its work product.

As discussed above, the MRA Parties did not contribute much, relying instead on Ovion and others to perform the services that MRA had agreed to perform.  To the extent that the MRA Parties contend otherwise, they should be compelled to specifically identify their alleged work product.  The MRA Parties cannot adequately answer Ovion's interrogatory by doing nothing more than pointing to a document or a group of documents and then asserting that MRA's work product is in there somewhere.  To date, the MRA Parties have not done even that much.

**B.    The MRA Parties Should Be Compelled To Produce Documents And Things Relating To The Claims, Counterclaims, And Defenses At Issue In The Case**

**1.    The MRA Parties Should Be Compelled To Produce Documents And Things Relating To Provisions In Its Client Contracts Relating To "Advisory Fees" And "Corporate Transactions" (Request Nos. 2-4)**

As discussed above, the agreement between Ovion and MRA as set forth in the Engagement Letter specifically contemplated that MRA could receive an "Advisory Fee" in the event of a corporate merger or acquisition before the 180th day following the date of the Engagement Letter.  (*See* Ovion Ex. A, Engagement Letter, ¶ 3(d).)  Nevertheless, MRA contends that it was somehow misled about the likelihood of a merger or acquisition.

Ovion believes that discovery relating to MRA's contracts with its other clients will refute MRA's contentions.  For example, an engagement letter for another MRA client ("Somnus") is attached as Exhibit J.  Unlike the Ovion Engagement Letter, the Somnus engagement letter does not contain a provision for an advisory fee.  (Ovion Ex. J.)  Likewise, the Somnus engagement letter does not expressly contemplate a corporate merger or acquisition. (*Id.*)  These facts beg a question:

16

In view of MRA's allegations that MRA was unaware that a merger and acquisition was a distinct possibility, why did MRA include a "corporate transaction" provision in the Ovion Engagement Letter that contemplated exactly such an event, particularly where MRA has not included such a provision in some agreements with other clients?

On the other hand, on information and belief, MRA does include a "corporate transaction" or "advisory fee" provision in its client contracts under certain circumstances, e.g., when MRA is aware that a merger and acquisition is a distinct likelihood. For these reasons, Ovion believes that discovery relating to MRA's agreements with other clients (1) will refute MRA's allegations in this case and (2) will lay bare the extent to which MRA's claims are utterly unfounded and extortive in nature. These issues are central to the claims, counterclaims, and defenses in this action.

To this end, Ovion propounded the following document requests:

[Request No. 2.] Produce all documents and things relating to any and all agreements, contracts, or engagement letters with a provision for an advisory fee payable to any of MRA, Musket, and Latterman.

[Request No. 3.] Produce all documents and things relating to any and all agreements, contracts, and engagement letters, from January 2000 to the present, whereby any of MRA, Musket, and Latterman was engaged, retained, or hired in connection with any proposed private placement of stock or any other financing effort.

[Request No. 4.] Produce documents and things relating to any and all agreements, contracts, or engagement letters whereby any of MRA, Musket, and Latterman was engaged, retained, or hired in connection with any proposed placement, merger, acquisition or other financing effort involving a corporate partner.

(Ovion Ex. D at 2-3.) The MRA Parties flatly refused to produce any of the requested documents and things, asserting boilerplate objections. (*Id.*) As counsel for the parties met and conferred, the MRA Parties maintained their outright refusal to produce the requested documents and things. (Ovion Ex. G, 10/05/05 Ames Letter, at 2; Ovion Ex. H, 10/06/06 Carani Letter, at 2.) The MRA Parties should be compelled to fully comply with Ovion's requests for production.

17

2.    **The MRA Parties Should Be Compelled To Produce Documents And Things Relating To Its Disputes With And Attempts To Extort Other Clients (Request No. 9)**

As discussed above, Ovion believes, on information and belief, that the MRA Parties have an established pattern of extorting their clients. Specifically, after agreeing that MRA's compensation will depend on the realization of certain contingencies, the MRA Parties use the threat of litigation to extort money from their clients when the contingencies are not realized. On information and belief, the MRA Parties have used this tactic to secure funds from clients that simply have opted to pay MRA rather than pay legal fees to litigate.

Ovion propounded the following request for production:

[Request No. 9.] Produce all documents and things related to any and all disputes regarding agreements, contracts, or engagement letters relating to services provided by any of MRA, Musket, and Latterman.

(Ovion Ex. D at 5.) The MRA Parties flatly refused to produce any of the requested documents and things, asserting boilerplate objections. (*Id.*) As counsel for the parties met and conferred, the MRA Parties maintained their outright refusal to produce the requested documents and things. (Ovion Ex. G, 10/05/05 Ames Letter, at 2; Ovion Ex. H, 10/06/06 Carani Letter, at 2.) As Ovion explained to the MRA Parties, Ovion believes that this discovery:

(1) will contradict [MRA's] contentions regarding (a) the engagement letter, (b) other alleged understandings between the parties, (c) standard industry practice and (d) [MRA's] knowledge that Ovion was pursuing corporate transactions; and (2) will establish [MRA's] pattern of using litigation, or the threat of litigation, to extort money from [its] clients when [MRA has] failed to secure financing for [its] clients who find financing through other means.

(Ovion Ex. H, 10/06/05 Carani Letter, at 2.)

18

3.    The MRA Parties Should Be Compelled To Produce
Documents Relating To Their Pattern Of Setting Up Their
Clients So That MRA And Its Allied Interests Can Invest In
MRA's Clients On Terms Unfavorable To The Clients
(Request Nos. 16 & 18)

As discussed above, it appears that the MRA Parties, by delaying and deterring potential

investors in Ovion, were attempting to position Ovion so that the MRA Parties themselves could

invest in Ovion on terms favorable to them and their allied interests (such as ProMed) and

unfavorable to Ovion.  On information and belief, the MRA Parties have an established pattern

of such conduct.

Ovion propounded the following requests for production:

[Request No. 16.]  Produce all documents and things relating to any and all
transactions involving ProMed and any party represented, engaged, retained, or
hired by any of MRA, Musket, and Latterman.

[Request No. 18.]  Produce all documents and things relating to any transactions
involving both MRA and ProMed.

(Ovion Ex. D at 7.)  The MRA Parties flatly refused to produce any of the requested documents

and things, asserting boilerplate objections.  (*Id.*)  As counsel for the parties met and conferred,

the MRA Parties maintained their outright refusal to produce the requested documents and

things.  (Ovion Ex. G, 10/05/05 Ames Letter, at 2; Ovion Ex. H, 10/06/06 Carani Letter, at 2.)

C.    The Court Should Disregard The Boilerplate Objections Made By The MRA
Parties

In large measure, the MRA Parties have objected to Ovion's discovery requests with

attorney boilerplate.  (*See* Ovion Exs. C & D.)  Ovion's counsel addressed this issue with

counsel for the MRA Parties, stating for example:

Your clients have objected to certain interrogatories and document requests on the
grounds that providing responsive information would be unduly burdensome.  As
we previously explained during our telephone conference on September 26, 2005,
and again during our telephone conference yesterday, we are willing to consider
such concerns if you will provide specific reasons as to why gathering, searching

19

for or providing such information would be unduly burdensome.   We are not
satisfied by your boilerplate objections in this regard.

(Ovion Ex. H, 10/06/05 Carani Letter, at 1.)  Ovion's counsel also stated that, if the MRA Parties

would provide specific reasons behind their boilerplate objections, Ovion would consider

limiting the scope of MRA's initial response to certain discovery requests.  (*Id.* at 2-3.)  The

MRA Parties have never responded.  The Court should disregard the boilerplate objections made

by the MRA Parties.

## IV.    CONCLUSION

For all the foregoing reasons, the Court should grant *Defendants' Motion To Compel The*

*MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things*, submitted

herewith.  A *[Proposed] Order Granting Defendants' Motion To Compel The MRA Parties To*

*(1) Answer Interrogatories And (2) Produce Documents And Things* is attached as Exhibit 1 to

Defendants' motion.

Respectfully submitted,


Dated:  December 16, 2005          By *Leland G. Hansen*
                                      Leland G. Hansen
                                      Christopher V. Carani
                                      McANDREWS, HELD & MALLOY, LTD.
                                      500 W. Madison Street, 34th Floor
                                      Chicago, Illinois 60661
                                      (312) 775-8000 (telephone)
                                      (312) 775-8100 (facsimile)

                                      *Attorneys for Defendant and Counterclaimant*
                                      *Ovion, Inc. and Defendants William S. Tremulis*
                                      *and Jeffrey P. Callister.*

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of
record for each other party by mail on December 16, 2005.

                    *Leland G. Hansen*
                    Leland G. Hansen

20

# EXHIBIT B

# EXHIBIT 1

## Ames, Brooks A.

**From:**     ccarani@mhmlaw.com
**Sent:**     Tuesday, January 03, 2006 4:13 PM
**To:**       Ames, Brooks A.
**Subject:** RE: Schedule A

Brooks,

Attached please find the following:

1) Schedule A to John Harris subpoena
2) Schedule A which accompanied all other subpoenas.

Regards, Chris

Christopher V. Carani
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
www.mhmlaw.com

**From:** brooks.ames@dlapiper.com [mailto:brooks.ames@dlapiper.com]
**Sent:** Tuesday, January 03, 2006 11:28 AM
**To:** Chris Carani
**Subject:** Schedule A

Chris,

Please forward a copy of the schedule A's that accompanied the third-party subpoenas Ovion served without notice to MRA on December 22, 2005.

Regards,

Brooks

*DLA Piper Rudnick Gray Cary US LLP*
*One International Place, 21st Floor*
*Boston, Massachusetts 02110-2613*
*(617) 406-6045 (telephone)*
*(617) 406-6145 (facsimile)*

The information contained in this email may be confidential and/or legally privileged. It has been
the sole use of the intended recipient(s). If the reader of this message is not an intended recipient,
hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copy
this communication, or any of its contents, is strictly prohibited. If you have received this commu
in error, please contact the sender by reply email and destroy all copies of the original message. T
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*************************************************************

1/3/2006

# EXHIBIT 2

## SCHEDULE A

**Definitions**

As used herein:

A.     The term "Ovion" means Ovion, Inc..

B.     The term "Mr. Tremulis" means William S. Tremulis, an individual.

C.     The term "Mr. Callister" means Jeffrey P. Callister, an individual.

D.     The term "MRA" means Musket Research Associates, Inc., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

E.     The term "Mr. Musket" or "Musket" means David B. Musket, an individual.

F.     The term "Ms. Latterman" or "Latterman" means Sue Ann Latterman, an individual.

G.     The term "Mr. Harris" or "Harris" means John F. Harris, an individual.

H.     The term "AMS" means American Medical Systems, Inc., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

I.     The term "ProMed" means ProMed Partners, L.P., ProMed Partners II, L.P., ProMed Offshore Fund, Ltd., ProMed Management, Inc., ProMed Asset Management, L.L.C., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

J.     The term "DBM" means DBM Corporate Consulting, Ltd., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor

business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

K.    The terms, "document," "documents," or "documents and things," means documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail messages, or any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  A draft or non-identical copy is a separate document within the meaning on this term.

L.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including any oral or written utterance, notation, or statement of any nature whatsoever, specifically including but not limited to letters, personal or telephonic conversations, discussions, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects any such communication.

M.    The term "person" means any natural person or any business, legal, or governmental entity or association, and the acts and knowledge of a "person" as used herein are defined to include acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

N.     The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

O.     The word "each" as used herein includes the word "every," and the word "every" as used herein includes the word "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.     The word "any" as used herein includes the word "all," and the word "all" as used herein includes the word "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Q.     The term "all" shall be construed to include the term "each," and "each" shall be construed to include the term "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.     The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

S.     The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

**Documents And Things To Be Produced**

1.     Produce all documents and things concerning any and all of the following:  Ovion Inc., William S. Tremulis ("Steve Tremulis"), and Jeffrey P. Callister ("Jeff Callister").

2.     Produce all documents and things concerning any and all of the following: Musket Research Associates, Inc. ("MRA"), David B. Musket ("David Musket"), and Sue Ann Latterman.

3.    Produce all documents and things concerning American Medical Systems, Inc. ("AMS").

4.    Produce all documents and things concerning any and all of the following: ProMed, DBM, and DBM Corporate Consulting, Ltd..

5.    Produce all documents and things concerning any and all of the following: Conceptus, Inc. and Adiana, Inc.

6.    Produce all documents and things concerning the collection, retention, or destruction of any documents or things within the scope of categories 1-5 herein.

# EXHIBIT 3

**<u>SCHEDULE A</u>**

**Definitions**

As used herein:

A.     The term "Ovion" means Ovion, Inc..

B.     The term "Mr. Tremulis" means William S. Tremulis, an individual.

C.     The term "Mr. Callister" means Jeffrey P. Callister, an individual.

D.     The term "MRA" means Musket Research Associates, Inc., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

E.     The term "Mr. Musket" or "Musket" means David B. Musket, an individual.

F.     The term "Ms. Latterman" or "Latterman" means Sue Ann Latterman, an individual.

G.     The term "Mr. Harris" or "Harris" means John F. Harris, an individual.

H.     The term "AMS" means American Medical Systems, Inc., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

I.     The term "ProMed" means ProMed Partners, L.P., ProMed Partners II, L.P., ProMed Offshore Fund, Ltd., ProMed Management, Inc., ProMed Asset Management, L.L.C., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

J.     The term "DBM" means DBM Corporate Consulting, Ltd., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor

business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

K.    The terms, "document," "documents," or "documents and things," means documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail messages, or any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. A draft or non-identical copy is a separate document within the meaning on this term.

L.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including any oral or written utterance, notation, or statement of any nature whatsoever, specifically including but not limited to letters, personal or telephonic conversations, discussions, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects any such communication.

M.    The term "person" means any natural person or any business, legal, or governmental entity or association, and the acts and knowledge of a "person" as used herein are defined to include acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

N.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

O.    The word "each" as used herein includes the word "every," and the word "every" as used herein includes the word "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.    The word "any" as used herein includes the word "all," and the word "all" as used herein includes the word "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Q.    The term "all" shall be construed to include the term "each," and "each" shall be construed to include the term "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.    The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

S.    The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

**Documents And Things To Be Produced**

1.    Produce all documents and things concerning any and all of the following:  Ovion Inc., William S. Tremulis ("Steve Tremulis"), and Jeffrey P. Callister ("Jeff Callister").

2.    Produce all documents and things concerning any and all of the following: Musket Research Associates, Inc. ("MRA"), David B. Musket ("David Musket"), and Sue Ann Latterman.

3.    Produce all documents and things concerning John Harris.

4.     Produce all documents and things concerning American Medical Systems, Inc. ("AMS").

5.     Produce all documents and things concerning any and all of the following: ProMed, DBM, and DBM Corporate Consulting, Ltd..

6.     Produce all documents and things concerning any and all of the following: Conceptus, Inc. and Adiana, Inc.

7.     Produce all documents and things concerning the collection, retention, or destruction of any documents or things within the scope of categories 1-6 herein.

# EXHIBIT C



**DLA Piper Rudnick Gray Cary US LLP**
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BROOKS A. AMES
brooks.ames@dlapiper.com
T 617.406.6045  F 617.406.6145

January 5, 2006

<u>**VIA E-MAIL (lhansen@mhmlaw.com) (ccarani@mhmlaw.com)**</u>
<u>**AND FIRST-CLASS MAIL**</u>

Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, IL  60661

     Re:   *Musket Research Associates, Inc. v. Ovion, Inc., et al.*
            *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
            <u>Civil Action No. 05 10416 MEL</u>

Dear Messrs. Hansen and Carani:

     On January 3, 2006, this office received for the first time a cover letter from Mr. Carani, which forwarded 52 subpoenas that Ovion had improperly served on December 22, 2005. These subpoenas were served on 52 venture firms across the country without prior notice to MRA and in violation of Federal Rule of Civil Procedure 45(b)(1). The subpoenas are overbroad, seek irrelevant information, and impose an undue burden on 52 non-party venture firms. In addition, Mr. Carani, as an officer of the court, arranged for service of these subpoenas and gratuitously attached to each, a memorandum accusing MRA of engaging in criminal conduct. These actions were intentionally designed to harm MRA's professional reputation and its relationships in the venture community, and appear to be calculated to improperly pressure MRA to drop its lawsuit. Ovion, and its counsel's actions, violate the Federal Rules of Civil Procedure, the rules of professional conduct, are patently unethical and constitute a flagrant abuse of legal process. This letter is to notify you that MRA will not tolerate these abusive, harassing, and unethical tactics, and will seek all appropriate relief from the Court, including filing an emergency motion to quash and moving to amend its Complaint to assert additional claims against Ovion and its counsel.

     MRA hereby demands that Ovion immediately withdraw the 52 subpoenas served on December 22, 2005 in clear violation of Rule 45(b)(1) of the Federal Rules of Civil Procedure. As you well know, that rule required Ovion to provide MRA with "prior notice" of the commanded production of documents. The federal courts have repeatedly held that violation of

Serving clients globally



this rule warrants both quashing the *ex parte* subpoenas and sanctioning the attorneys involved in issuing them. *See, e.g., Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898 (8th Cir. 2000); *Butler v. Biocore Medical Technologies*, 348 F.3d 1163 (10th Cir. 2003).

MRA also objects to the subpoenas on the basis that they are overbroad, request irrelevant information, and seek to impose undue burdens on third parties. Given the timing of the subpoenas that were served over the holidays, and without prior notice to MRA, MRA also objects that the production date set forth in each subpoena is unreasonable and should be extended until after MRA's motion to quash is heard and decided.

By itself, Ovion's effort to conduct discovery behind MRA's back is sanctionable. But Ovion's misconduct goes beyond even the egregious Rule 45 violation. Ovion has abused the subpoena power by using the court's authority to publish baseless accusations of criminal conduct against MRA.

- Ovion published the criminal charge of extortion against MRA to the venture firms that form the lifeblood of MRA's business with the clear intent of damaging MRA's reputation within the venture community.

- Ovion published the memorandum in violation of its express agreement to treat all materials exchanged in the litigation as "attorney's eyes only" pending the entry of a protective order.

- Ovion published this for no legitimate purpose related to the litigation.

MRA hereby puts Ovion on notice that it intends to move to amend its complaint to add claims based on the above-described conduct. In addition, MRA intends to seek emergency relief from the Court for Ovion and its counsel's abuse of process and flagrant violations of law. MRA demands that Ovion immediately take steps to withdraw the improper subpoenas and to mitigate the damages caused to MRA by this inappropriate course of conduct.

Sincerely,

Brooks A. Ames

BAA/lnf

~BOST1:403260.v1
358547-1

# EXHIBIT D

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 5, 2006

**Via Email and U.S Mail**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613

Re:     *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
        *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
        Civil Action No. 05 10416 MEL

Dear Brooks:

I am writing in response to your letter of today's date.

First, your letter is replete with rash, unfounded accusations, including accusations directed against us in our professional capacities. If you follow through with the threats in your letter, you will do so in violation of your Rule 11 obligations. Leland and I were out of the office on Monday, but we both have been in the office the rest of this week. You have made no attempt to call us to discuss your concerns before sending your letter at the close of business today.

Second, the subpoenas issued by our office are proper. Each subpoena is directed to an individual or organization that, according to MRA, was contacted by MRA on behalf of Ovion. The subpoenas are reasonable in scope and seek the production of documents and things relevant to this litigation. You provide no basis or explanation for your assertions to the contrary. We are prepared to take reasonable steps to avoid imposing undue burden or expense on the subpoenaed parties or your clients with regard to the subpoenas. Please call to discuss any accommodations that you feel are necessary. We do not believe that your clients have standing to move to quash the subpoenas.

Third, contrary to your assertions, none of the subpoenas were served on the subpoenaed parties on December 22. Regarding prior notice, we intended to serve you with copies of the

McANDREWS, HELD & MALLOY, LTD.

Brooks A. Ames
January 5, 2006
Page 2

subpoenas before any of them were served on the subpoenaed parties. Due to an oversight, you were served on December 29, which is more than two weeks before the date for compliance with the subpoenas. In any event, based on our present information, only two of the subpoenas were served on the subpoenaed parties before you were served on December 29. One party was served on December 27 and a second party was served on December 28. At this point, we do not know which parties were served on December 27 and 28. We are waiting for further information from the process server. We did not discuss the subpoenas with any of the subpoenaed parties until after December 29.[1] We apologize that two of the subpoenas were served on the subpoenaed parties before they were served on you. Neither you nor your client has suffered any prejudice as a result of this inadvertent error.

Fourth, on December 29, we also served you with copies of the cover letters and enclosures sent with the subpoenas. According to your letter, you have been in receipt of these materials since at least January 3. However, you raised no concerns before sending your letter at the close of our business today, January 5. *Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things* was provided to some of the subpoenaed parties because it includes background information that may assist them in identifying relevant, responsive documents and things. *Defendants' Memorandum* is a public document that was served on you on December 16 and filed with the Court on December 20. Until your letter at the close of business today, you raised no concerns about *Defendants' Memorandum.* It does not disclose any information that the parties agreed to treat as Outside Counsel Eyes Only. Your suggestions to the contrary are unfounded. Indeed, you filed your opposition memorandum in the public court file. Ovion believes that it has a good faith basis for all of the assertions in *Defendants' Memorandum.*

Please call if you have any questions or concerns after carefully considering this letter.

Sincerely,

Christopher V. Carani

Enclosures

---

[1] To date, two parties have produced documents (total of 5 pages) in response to the subpoenas. These documents are enclosed. Specifically, Prospect Venture Partners produced four pages, all of which were previously produced by MRA (*see* MRA 11892-95). MedVenture Associates produced the additional page.

## Joanne Lehmkuhl

| | |
|---|---|
| **From:** | Russell Hirsch |
| **Sent:** | Sunday, November 07, 2004 5:39 PM |
| **To:** | Joanne Lehmkuhl |
| **Subject:** | FW: Ovion Exec. Sum. |
| **Attachments:** | Ovion-execsum-11-01-04.doc |

Please print and log.
R

_____

**From:** Sue Ann Latterman [mailto:sueann@mravc.com]
**Sent:** Thursday, November 04, 2004 12:46 PM
**To:** Russell Hirsch
**Cc:** JCovion@aol.com; AutoGX@aol.com
**Subject:** Ovion Exec. Sum.

Russell,
Enclosed is the Ovion Executive Summary. I will call Joanne about setting up a time for Ovion to present to you.
I also wanted to let you know that the AAGL (American Association of Gynecologic Laporoscopists) meeting is in
San Fran next week. .the 10th-13th. Many of the physicians that are advisors to Ovion will be in town and we
could easily set up meetings for you with several of them if you are interested. Please let me know...

Congratulations on your marriage...
Sue Ann

Sue Ann Latterman, VMD
Musket Research Associates
314 Joyce Way
Mill Valley, CA 94941
O: 415-383-3255
F: 415-383-3900
C: 415-672-4644

# Ovion Executive Summary

*"Non-incisional techniques will have a profound effect on permanent contraception for women in the United States"*

### - Association of Reproductive Health Professionals

**Ovion Inc.** was founded in 1996 to develop a non-incisional, transcervical method for permanent female birth control (BC). The Company has designed and developed **The Eclipse™** transcervical tubal occlusion system which is based on clinically proven technology, but is superior to other approaches in design, practicality, cost to manufacture and ease of use. Ovion has completed animal testing, completed peri-hysterectomy testing in women and has a conditional IDE approval from the FDA to initiate a pre-hysterectomy clinical trial. Ovion now seeks to raise a $7 million Series B financing to complete the pre-hysterectomy clinical trial and to gain IDE approval for their pivotal trial. It is anticipated that the Company will raise a subsequent round of capital in ~18 months to complete the pivotal trial and obtain PMA approval for **The Eclipse™ System.**

The Company has unusually strong intellectual property. In the US, 2 patents have been issued, 6 are pending (of which 3 have allowed claims) and 4 are provisionally filed    The only commercial product in this category is based on patents licensed from Ovion.

**The Current Market:** Women spend most of their fertile years trying not to get pregnant. Female sterilization (tubal ligation - bilateral occlusion of the fallopian tubes) is the most popular form of birth control used worldwide.[1,2,3] Tubal ligation offers women a permanent, >99% effective form of birth control that does not require ongoing compliance, exposure to hormones or the ongoing expense of most non-permanent BC methods.

<u>Worldwide:</u> Approximately 180 million women rely on female sterilization as their method of contraception.[1,2] There are >13 million tubal ligations performed annually worldwide[4] <u>United States:</u> The incidence of tubal ligation in the US is ~700,000[4] and the prevalence is ~11 million.[2,4] The option of tubal ligation is relied on more often than any other form of BC in the US.[2]

**The Growth Market:** For many of the 7.5 million US women with ≥2 children[4] that have finished growing their families, tubal ligation has many advantages over other forms of BC for their remaining years of fertility. Non-permanent options (oral contraceptive, IUD, diaphragm, condom, etc.) require some form of compliance and/or have undesired side effects which cause these products to be inconsistently used and/or ineffective. This leads to 50% of the 6 million annual pregnancies in the US being unintended with the majority of these pregnancies occurring in women that use some form of BC. In 1996, 22% of pregnancies (1.3 million) ended in abortion.[2] In addition, the second most popular form of birth control, the pill (used by 27% of US women)[2], has recently been linked to an increase in cancer risk.

**Tubal Ligation - Not the ideal procedure:** Even though ~90% of tubal ligations are performed minimally invasively via laparoscopy, the procedure must still be done in an operating room with the patient under general anesthesia. Trocars are used to puncture the abdomen introducing the risk of abdominal infection and damage to organs and/or blood vessels, as well as permanent scars. In addition, these women must take 2-10 days off from the care of their children and/or work to recover. Transcervical sterilization brings tubal ligation into the 21st century. It is a less invasive and less costly alternative. Ovion has developed **The Eclipse™ System** to have the benefits of tubal ligation (permanent, 99% effective, no compliance needed, no side effects) without the clinical risk, discomfort, and expense related to an incisional procedure.

[1] Contraceptive Sterilization-Global Issues and Trends, EngenderHealth 2002
[2] Vital and Health Statistics, CDC 1995
[3] Levine JP. Contraception. In: Rakel R.Textbook of Family Practice. 6th ed. Philadelphia, PA: W.B. Saunders, 2002: 687-698.
[4] Stifle, Nicolaus & Company Incorporated. New Growth Opportunities in Medical Technology.Women's Health  Spring 2004

**The Eclipse™ System** consists of a <3F deployment catheter containing 2 self-expanding, super elastic nitinol/PET fiber implants used to occlude each fallopian tube. An OBGYN places these occlusion implants by inserting either a flexible or rigid hysteroscope through a woman's cervix and locating the ostium of one of her fallopian tubes. S/he then places the Ovion catheter through the scope's channel and directs it into the fallopian tube where the first of the stored implants is released allowing it to spring open and lock into the wall of the tube. The scope is then directed to the opposite tube where the remaining implant is released. From beginning to end, this procedure takes less than 10 minutes and allows the woman to go home shortly thereafter as no anesthesia or sedation is required. Other than some slight cramping, Ovion does not expect any adverse symptoms requiring the patient to alter her normal activities post-procedure. Within 3 months, tissue grows into the PET fibers contained inside the nitinol scaffold and permanently blocks the tube.



**The Competition:** Ovion is aware of 2 competitive companies with products designed to address the non-incisional, transcervical permanent female BC market.

Conceptus (CPTS) is a public company with an FDA approved product called Essure® that contains an implant based on patents licensed from Ovion. Essure® was launched in Q1 2003 with an ASP of ~$970 and achieved revenues of $7.7 million that year despite a lack of reimbursement codes. With a dedicated CPT code coming on line in January of 2005, the consensus revenue estimate for 2005 is $25 million. While highly efficacious, the CPTS device has proven to be difficult to use. Ovion believes it has a superior product offering to that of CPTS with respect to design, cost and ease of placement, while leveraging the proven efficacy of the nitinol frame/PET fiber technology.

Adiana is a private, venture backed company with a product currently in its pivotal clinical trial. The Adiana procedure involves the use of radiofrequency (RF) energy to heat a section of the fallopian tube to cause the tissue to contract around a silicone plug implant. The Adiana approach was developed prior to the publication of efficacy data demonstrating >99% efficacy for the nitinol frame/PET fiber approach. As with CPTS, the Adiana product requires a multi-step manipulation for proper device placement within the fallopian tubes. Ovion believes it has a superior product offering to that of Adiana because it does not require RF energy, is easier to place, has a low cost to manufacture and leverages the nitinol frame/PET fiber technology clinical history.

**The Clinical and Regulatory Path:** The Company believes it will be required to follow a similar clinical and regulatory path as that established by the FDA for CPTS and Adiana. Each of their pivotal trials required approximately 400 patients with an average of 12 months of follow-up. Ovion anticipates commencing a pivotal trial in Q1 2006 with a PMA approval in Q3 2008.

**Patent Settlement between Ovion and CPTS:** In October of 2003, a federal settlement was reached between Ovion and CPTS with respect to particular intellectual property. In that settlement, CPTS was required to pay Ovion royalties and licensing fees. In return, Ovion granted CPTS a sole license to use specific IP as it relates to the <u>current Essure® device *only*.</u> The settlement limits CPTS in their ability to upgrade or redesign their implant. Ovion retains all other rights to its IP.

**Ovion's Key Success Factors:**
➢ Ovion's nitinol frame/PET fiber implant is conceptually a second generation of the CPTS Essure® implant:
- Ovion can leverage Essure's long term safety and efficacy data.
➢ 2 implants in 1 catheter
- Ovion's procedure is easier and faster, <10 minutes to complete.
- Ovion's manufacturing cost is anticipated to be <$100 for the complete system. Currently the CPTS manufacturing cost is estimated to be $550.

- ➤ Ovion's delivery catheter is smaller than 3F
  - Eclipse™ is the only device in this category <u>compatible with either</u> a rigid or a flexible hysteroscope. Flexible hysteroscopes are smaller (3F channel as opposed to the 5F channel found in the smallest rigid scopes) and more comfortable for the patient (in most cases will not even require a local anesthesia block).
    - ○ The CPTS Essure® implant cannot be placed via a flexible scope even if the company could reduce the size of the delivery catheter to fit into a 3F channel as bending this implant potentially ruins it.
    - ○ Adiana has been working on reducing the size of their delivery catheter to fit inside a 5F channel from their original 7F system for the past year. Their electronics would make it extremely difficult for them to further reduce their catheter size to fit inside a 3F channel as well as increase their system's cost.
  - Low profile and small size may significantly improve fallopian tube access rates.
- ➤ The Ovion implant is completely contained within the fallopian tube making it likely compatible with all Global Endometrial Ablation technologies.
- ➤ The regulatory path is well established.
- ➤ The reimbursement protocols for individual private payors will be well documented at the time of the Essure™ marketing launch.
  - Category 1CPT code becomes effective January 2005.
- ➤ CPTS and Adiana will be spending a lot of time and money over the next several years to help increase the % of OBGYNs skilled in hysteroscopy.
- ➤ CPTS and Adiana will be spending a lot of time and money over the next several years to increase consumer awareness of a non-incisional, transcervical method of permanent birth control for women.

**The Ovion Forecast:** Ovion believes that the non-incisional, transcervical permanent BC market should reach revenues of $100 million in 2008 despite some of the drawbacks of the CPTS and Adiana technologies. Ovion believes that because it has a substantially better and meaningfully differentiated second generation product, the Company will be able to target and rapidly capture OBGYNs that have been the early adopters of other transcervical methods. This is a proven strategy that has recently been demonstrated in gynecology by Novacept who grew their business from $8 million in 2002, their first year of sales, to over $38 million in 2003 at which point they were purchased for $325 million by Cytyc. Ovion believes that the superior design of the Eclipse™ System will enable the Company to generate $11 million in revenues in 2009 and $38 million in 2010.

**The Ovion Founders:**
<u>Jeff Callister</u> has over 20 years of experience in the design, development, and manufacture of interventional cardiology, gynecology and cardiac output catheters and implantable devices. Most recently, Mr. Callister was the Director of Research and Development at Radiant Medical in Redwood City, California. Previously, he was the Vice President, R&D and the first employee, at Progressive Angioplasty Systems, Inc. (PAS) where he led the development of the Johnson & Johnson Palmaz/Schatz coronary stent delivery catheter. Prior to PAS, Mr. Callister held various development positions at Advanced Cardiovascular Systems, Deseret Medical and Mallinckrodt. He is an inventor on five United States patents. Mr. Callister holds a B.S. in Chemical Engineering from the University of Utah.
<u>Steve Tremulis</u> has over 20 years experience in interventional cardiology, gynecology and neuroradiology catheters and implantable devices. Mr. Tremulis has held various positions in design, development, manufacture and sales in highly esteemed companies including Medtronic, Guidant, Advanced Cardiovascular Systems, American Edwards Labs, and Cordis Corporation. Additionally, his start-up experience includes founding both Mitral Interventions in Palo Alto and the Interventional Cardiology Division of Specialty Medical Products in Galway, Ireland. He is an inventor on 26 United States patents. Mr. Tremulis holds a B.S. in Biomedical Engineering from Purdue University

| anization N | City | State | Work Phone | Key People | Date Rec'd | Referred By | Keyword | Description | Status | Date turned down | Plan on File | Responsible Pa | Disposition |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ovion | San Mateo | CA | 650 594 9836 | Steve Tremulis | 09-Nov-01 | Ken Hayes | Device | Permanent Birth control | TD | 01-Nov-02 | no | | GYC/JPB | Small market; reanastamosts of the tube unknown |

# EXHIBIT E

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 6, 2006

**Via Email and U.S Mail**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613

> Re:   *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
>        *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
>        Civil Action No. 05 10416 MEL

Dear Brooks:

I am writing to follow up on my earlier letter in response to the letter that you sent last night.

I have enclosed copies of the proofs of service for 23 subpoenas, which we received this morning from the process server. You will note that each of these subpoenas was served on either December 27 or 28. As I explained in my previous letter, you were served on December 29 due to an oversight. We intended to serve you before the subpoenaed parties were served. Based on our present information, we believe that none of the other subpoenas were served before January 3. We will forward any additional proofs of service to you as we receive them, as is our ordinary practice. Again, we did not discuss the subpoenas with any of the subpoenaed parties before January 3. We again apologize that any of the subpoenas were served on the subpoenaed parties before they were served on you. Neither you nor your client has suffered any prejudice as a result of this inadvertent error. If you believe otherwise, please call to discuss your concerns.

Sincerely,

Christopher V. Carani

Enclosures

| Attorney Or Party Without Attorney (Name and Address): | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|

CHRISTOPHER V. CARANI, ESQ.
MCANDREWS HELD & MALLOY

Attorneys for:

| | Ref No Or File No |
|---|---|

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
    MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
    DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness             :  ABERDARE VENTURES

By Serving          :  CHRISTINA FONG, Controller, Authorized Agent

Address             :  One Embarcadero Center, Suite 4000, San Francisco, California  94111
Date & Time         :  Tuesday, December 27, 2005 @ 9:42 a.m.
Witness fees were   :  Not demanded or paid.

Person serving:                          a. Fee for service:
David Bregy Flail                        d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                 (1) Employee or independent contractor
155 North Wacker, Suite 1000                (2) Registration No.: 861
Chicago, Illinois  60606                    (3) County:  San Francisco
(312) 782-8087                              (4) Expires:  4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: December 27, 2005                   Signature: _David Bregy Flail_

                                                     David Bregy Flail



Printed on recycled paper

Attorney Or Party Without Attorney (Name and Address):

CHRISTOPHER V. CARANI, ESQ.
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606

Telephone:
(312) 782-8087

FOR COURT USE ONLY

Attorneys for: MCANDREWS HELD & MALLOY

Ref. No. Or File No.
W2444897

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, V. Tim Keene, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness                    :    SARATOGA VENTURES, L.P.

By Serving                 :    DOUG BARNES, ESQ.

Address                    :    210 Almendra Avenue , Los Gatos, California  95030
Date & Time                :    Tuesday, December 27, 2005 @ 12:35 p.m.
Witness fees were          :    Not demanded or paid.

Person serving:
V. Tim Keene
**Wheels of Justice, Inc.**
657 Mission Street, Suite 502
San Francisco, California  94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 749
   (3) County: Santa Clara
   (4) Expires: 12/25/05

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: December 28, 2005

Signature:_____
                              V. Tim Keene


Printed on recycled paper

## AFFIDAVIT OF SERVICE

# UNITED STATES DISTRICT COURT
## SOUTHERN District of NEW YORK

Index Number: 1:05CV10416 MEL

Date Filed: _____

Plaintiff:
**MUSKET RESEARCH ASSOCIATES, INC.,**

vs.

Defendant:
**OVION, INC., ET AL.,**

For:
MCANDREWS, HELD & MALLOY, LTD.
34th Floor
500 West Madison Street
Chicago, IL 60661

Received by ESQUIRE DEPOSITION SERVICES on the 23rd day of December, 2005 at 1:41 pm to be served on **EASTON HUNT CAPITAL PARTNERS, L.P., 767 THIRD AVENUE (at 48th Street), 7TH FLOOR, NEW YORK, N.Y. 10017.**

I, Gerald Murray, being duly sworn, depose and say that on the **27th day of December, 2005** at **1:59 pm, I:**

Delivered a true copy of the SUBPOENA to DAN "DOE", REFUSED TO STATE SURNAME as agent of the above who stated they were authorized to accept.

**Description** of Person Served:  Age: 28,  Sex: M,  Race/Skin Color: White,  Height: 5'10",  Weight: 180,  Hair: Blonde,  Glasses: N

I am over the age of eighteen, have no interest in the above action and have the authority to serve process pursuant to CPLR 2103.

Gerald Murray
0872285

ESQUIRE DEPOSITION SERVICES
155 N. Wacker Drive
10th Floor
Chicago, IL 60606
(312) 782-8087
Our Job Serial Number: 2005005596

Subscribed and Sworn to before me on the 28th day of December, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

ANDREA MOLODY
Notary Public, State of New York
No. 01MO6037186
Qualified in Suffolk County
Commission Expires Feb. 14, 20___

Copyright © 1992-2005 Database Services, Inc - Process Server's Toolbox V5.5h

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of NEW YORK

Index Number: 1:05CV10416 MEL

Date Filed: _____

Plaintiff:
**MUSKET RESEARCH ASSOCIATES, INC.,**

vs.

Defendant:
**OVION, INC., ET AL.,**

For:
MCANDREWS, HELD & MALLOY, LTD.
34th Floor
500 West Madison Street
Chicago, IL 60661

Received by ESQUIRE DEPOSITION SERVICES on the 23rd day of December, 2005 at 1:41 pm to be served on **RADIUS VENTURES, LLC, 400 MADISON AVENUE, FLOOR 8, NEW YORK, N.Y. 10017.**

I, Gerald Murray, being duly sworn, depose and say that on the **27th day of December, 2005** at **2:30 pm, I:**

Delivered a true copy of the SUBPOENA to "JANE DOE", REFUSED TO STATE NAME as agent of the above who stated they were authorized to accept.

**Description** of Person Served:  Age: 38,  Sex: F,  Race/Skin Color: White,  Height: 5'8",  Weight: 150,  Hair: Blonde,  Glasses: N

I am over the age of eighteen, have no interest in the above action and have the authority to serve process pursuant to CPLR 2103.

**Gerald Murray**
0872285

Subscribed and Sworn to before me on the 28th day of December, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

ANDREA MOLODY
Notary Public, State of New York
No. 01M06061105
Qualified in Suffolk County
Commission Expires Feb. 14, 20___

**ESQUIRE DEPOSITION SERVICES**
**155 N. Wacker Drive**
**10th Floor**
**Chicago, IL 60606**
**(312) 782-8087**
Our Job Serial Number: 2005005595

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5 5h

**MUSKET RESEARCH ASSOCIATES, INC.**

Plaintiff(s), Petitioner(s)

*against*

**OVION, INC., WILLIAM S. TREMULIS AND JEFFREY P. CALLISTER**

Defendant(s), Respondent(s)

CLIENT: Esquire Deposition Services-Chicago

INDEX NO.: 1:05 CV-10416 MEI Pending USDC MA

RETURN DATE: 1/13/2006

**AFFIDAVIT OF SERVICE**

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, Eric Rubin being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Bethel, CT.

Furthermore, that on **December 27, 2005 at 3:20 PM at 105 Rowayton Avenue, Rowayton, CT 06853,** deponent served the **Subpoena In A Civil Case; Schedule A; Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories and (2) Produce Documents and Things** upon **Foundation Medical Partners,** (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner:

By delivering to and leaving a true copy of each **Subpoena In A Civil Case; Schedule A; Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories and (2) Produce Documents and Things** with **Harry Rein** a person who is known to be the **General Partner** of said corporation and/or company, and who is authorized by said corporation and/or company to receive said **Subpoena In A Civil Case; Schedule A; Defendants' Memorandum In Support Of Motion To Compel The MRA Parties To (1) Answer Interrogatories and (2) Produce Documents and Things.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Male** Skin: **White** Hair: **Brown** Age(Approx): **51-65** Height(Approx): **5'9" - 6'** Weight(Approx): **161-200 lbs**
Other: **Glasses**

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Eric Rubin, Private Process Server

Sworn to before me on December 27, 2005

_____
Notary Public
My Commission Expires: 08/31/2009

| | | | | | FOR COURT USE ONLY |
|---|---|---|---|---|---|

Attorney Or Party Without Attorney (Name and Address)
CHRISTOPHER V. CARANI, ESQ.
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606

(312) 782-8087

Ref. No. Or File No.
W2444898

Attorneys for:  MCANDREWS HELD & MALLOY

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:
MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Nelson Bellesheim , Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness                 :   THOMAS MCNERNEY & PARTNERS

By Serving              :   KAREN BOEZI, Managing Partner

Address                 :   One Market, Steuart Twr, Suite 1030 , San Francisco, California  94105
Date & Time             :   Wednesday, December 28, 2005 @ 12:25 p.m.
Witness fees were       :   Not demanded or paid.

Person serving:
Nelson Bellesheim
**Wheels of Justice, Inc.**
657 Mission Street, Suite 502
San Francisco, California  94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 915
   (3) County: San Francisco
   (4) Expires: 03/7/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 28, 2005

Signature: _____
                    Nelson Bellesheim



Printed on recycled paper

« BACK TO TOP



Karen M. Boezi
Managing Partner

Karen has over 14 years of health care private equity experience. Prior to co-founding Thomas, McNerney & Partners, she was a General Partner of Coral Ventures. Karen is currently a board member of Leptos Biomedical, Inc. and NaviMedix, Inc. Previous investments include Coulter Pharmaceutical, Inc. (CLTR sold to CRXA which was subsequently sold to GSK), Endocardial Solutions, Inc. (ECSI sold to STJ), Epicor Medical, Inc. (sold to STJ) and NeXagen, Inc. (NXGN/NXTR sold to GILD with spin-outs to EYET, Archemix and SomaLogic). She joined Coral in 1994 and managed the firm's West Coast office. Previously, Karen was a member of Warburg Pincus LLC's health care technology venture capital group. While at Warburg, Karen focused on seed stage investments in the life science industry and was the start-up manager for two biotechnology companies, including NeXagen, Inc. Karen joined Warburg from Alex. Brown & Sons' Healthcare Corporate Finance team. She graduated Phi Beta Kappa and *magna cum laude* with a B.S. from the Wharton School at the University of Pennsylvania. Karen is currently a member of The Permanente Company L.L.C.'s Board of Directors and founded the West Coast Chapter of the Wharton Private Equity Network.

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY<br><br><br>Attorneys for: | | Ref. No. Or File No. | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness               : ONSET VENTURES

By Serving            : LESLIE BORTOFF, General Partner

Address               : 2400 Sand Hill Road, Suite 150, Menlo Park, California 94025
Date & Time           : Tuesday, December 27, 2005 @ 9:38 a.m.
Witness fees were     : Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
                    Stephen Sabol

Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY<br><br><br>Attorneys for: | | | |
| | | Ref. No. Or File No | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness          :  MPM CAPITAL

By Serving     :  NOY YASSIN, Executive Assistant/Authorized to Accept Service of Process

Address        :  601 Gateway Blvd., Suite 350, South San Francisco, California  94080
Date & Time   :  Tuesday, December 27, 2005 @ 12:58 p.m.
Witness fees were :  Not demanded or paid.

Person serving:                  a. Fee for service:
Stephen Sabol                 d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES     (1) Employee or independent contractor
155 North Wacker, Suite 1000        (2) Registration No.: 2003-0000382
Chicago, Illinois  60606             (3) County:  San Francisco
(312) 782-8087                  (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005                      Signature: _____
                                               Stephen Sabol



Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| Attorneys for: | Ref. No. Or File No | | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness : MORGENTHALER VENTURES

By Serving : TRISHA BLUE, Executive Assistant

Address : 2710 Sand Hill Road, Suite 100, Menlo Park, California 94025
Date & Time : Tuesday, December 27, 2005 @ 10:03 a.m.
Witness fees were : Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. MCANDREWS HELD & MALLOY | | | | | |
| **Attorneys for:** | | | | Ref No. Or File No. | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness              :   INTERWEST PARTNERS

By Serving           :   KHALED NASR, Partner

Address              :   2710 Sand Hill Road, Second Floor, Menlo Park, California  94025
Date & Time          :   Tuesday, December 27, 2005 @ 10:06 a.m.
Witness fees were    :   Not demanded or paid.

Person serving:                          a. Fee for service:
Stephen Sabol                            d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                 (1) Employee or independent contractor
155 North Wacker, Suite 1000                (2) Registration No.: 2003-0000382
Chicago, Illinois  60606                    (3) County: San Francisco
(312) 782-8087                              (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005                   Signature: _____
                                                           Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. MCANDREWS HELD & MALLOY | | | | | |
| Attorneys for: | | | | Ref. No. Or File No. | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness              : NEA

By Serving           : HELEN MCNEIL, Administrative Assistant

Address              : 2490 Sand Hill Road, Menlo Park, California 94025
Date & Time          : Tuesday, December 27, 2005 @ 9:48 a.m.
Witness fees were    : Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005                     Signature: _____
                                                            Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| Attorneys for: | | Ref. No. Or File No. | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

| Witness | : | CANAAN PARTNERS |
|---|---|---|
| By Serving | : | LOURDELYN DIKIO, Receptionist |
| Address | : | 2765 Sand Hill Road, Menlo Park, California 94025 |
| Date & Time | : | Tuesday, December 27, 2005 @ 10:26 a.m. |
| Witness fees were | : | Not demanded or paid. |

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
Stephen Sabol



Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY<br><br><br>Attorneys for: | | Ref. No. Or File No. | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness : PEQUOT VENTURES

By Serving : SUMMAR DAVIDOW, Receptionist

Address : 2500 Sand Hill Road, Suite 203, Menlo Park, California 94025
Date & Time : Tuesday, December 27, 2005 @ 9:57 a.m.
Witness fees were : Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
                      Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| Attorneys for: | Ref. No. Or File No | | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness        :  WARBURG PINCUS LLC

By Serving    :  JEANETTE SORMARK, Executive Assistant

Address      :  859 Oak Grove Avenue, Menlo Park, California 94025
Date & Time  :  Tuesday, December 27, 2005 @ 10:58 a.m.
Witness fees were  :  Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
                   Stephen Sabol



Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY<br><br>Attorneys for: | | | | Ref. No. Or File No. | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness            : DRAPER FISHER JURVETSON EPLANET VENTURES

By Serving         : SWALLOW ZHAO, CFO Assistant

Address            : 400 Seaport Court, Suite 102, Redwood City, California  94063
Date & Time        : Tuesday, December 27, 2005 @ 12:06 p.m.
Witness fees were  : Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
Stephen Sabol



Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| | | Ref. No. Or File No. | |
| Attorneys for: | | | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness              : VANTAGE POINT VENTURE PARTNERS

By Serving           : GINA BATTISTO, Executive Assistant

Address              : 1001 Bayhill Drive, Suite 300, San Bruno, California  94066
Date & Time          : Tuesday, December 27, 2005 @ 12:43 p.m.
Witness fees were    : Not demanded or paid.

Person serving:                              a. Fee for service:
Stephen Sabol                                d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                     (1) Employee or independent contractor
155 North Wacker, Suite 1000                    (2) Registration No.: 2003-0000382
Chicago, Illinois  60606                        (3) County: San Francisco
(312) 782-8087                                  (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _____
                    Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY<br><br>Attorneys for: | | Ref No. Or File No. | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness            :  SUTTER HILL VENTURES

By Serving         :  EVA ESPE, Receptionist

Address            :  755 Page Mill Road, Suite A-200, Palo Alto, California  94304
Date & Time        :  Tuesday, December 27, 2005 @ 8:29 a.m.
Witness fees were  :  Not demanded or paid.

Person serving:                          a. Fee for service:
Stephen Sabol                            d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                 (1) Employee or independent contractor
155 North Wacker, Suite 1000                (2) Registration No.: 2003-0000382
Chicago, Illinois  60606                    (3) County: San Francisco
(312) 782-8087                              (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005                   Signature: _____
                                                        Stephen Sabol

Printed on recycled paper

| Attorney Or Party Without Attorney (Name And Address) | | | | Ref. No. Or File No. | |
|---|---|---|---|---|---|

CHRISTOPHER V. CARANI, ESQ.
MCANDREWS HELD & MALLOY

Ref. No. Or File No.

Attorneys for:

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness                 : CMEA VENTURES

By Serving              : RON LOWENTHAL, Employee in Charge, Authorized Agent

Address                 : One Embarcadero Center, Suite 3250, San Francisco, California  94111
Date & Time             : Tuesday, December 27, 2005 @ 9:38 a.m.
Witness fees were       : Not demanded or paid.

Person serving:                              a. Fee for service:
David Bregy Flail                            d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                     (1) Employee or independent contractor
155 North Wacker, Suite 1000                    (2) Registration No.:  861
Chicago, Illinois  60606                        (3) County:  San Francisco
(312) 782-8087                                  (4) Expires: 4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date:  December 27, 2005                      Signature:_DAVID BREGY FALL_
                                                         David Bregy Flail


Printed on recycled paper

| Attorney Or Party Without Attorney (Name And Address): | | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. MCANDREWS HELD & MALLOY | | | Ref No Or File No | |
| Attorneys for: | | | | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness : CUTLASS CAPITAL, LLC

By Serving : CORNELIA RAWLS, Receptionist, Authorized Agent

Address : 1750 Montgomery Street, San Francisco, California 94025

Date & Time : Tuesday, December 27, 2005 @ 11:42 a.m.

Witness fees were : Not demanded or paid.

Person serving:
David Bregy Flail
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
  (1) Employee or independent contractor
  (2) Registration No.: 861
  (3) County: San Francisco
  (4) Expires: 4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _David Bregy Flail_
David Bregy Flail


Printed on recycled paper

| Attorney or Party Without Attorney (Name & Address): | | | | | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. <br> MCANDREWS HELD & MALLOY | | | | | |
| Attorneys for: | | | Ref. No. Or File No. | | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT <br> NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date: <br> 1/13/2006 | Time: <br> 10:00 a.m. | Dept/Div: <br> Witness | Case Number: <br> (Pending DIST OF MA, <br> 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I,  David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness                  :   ALTA PARTNERS

By Serving               :   HILLERY STRAIN, Chief Financial Officer, Authorized Agent

Address                  :   One Embarcadero Center, Suite 4050, San Francisco, California  94111
Date & Time              :   Tuesday, December 27, 2005 @ 9:51 a.m.
Witness fees were        :   Not demanded or paid.

Person serving:
David Bregy Flail
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 861
   (3) County: San Francisco
   (4) Expires: 4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date:  December 27, 2005                     Signature: DAVID BREGY FLAIL

                                                          David Bregy Flail



Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| | Ref. No. Or File No | | |
| Attorneys for: | | | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness              :  LATTERELL VENTURE PARTNERS

By Serving           :  STEVE SALMON, Partner, Authorized Agent

Address              :  Four Embarcadero Center, Suite 2500, San Francisco, California  94111
Date & Time          :  Tuesday, December 27, 2005 @ 9:28 a.m.
Witness fees were    :  Not demanded or paid.

Person serving:
David Bregy Flail
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.:  861
   (3) County:  San Francisco
   (4) Expires: 4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _DAVID BREGY FLAIL_

David Bregy Flail



Printed on recycled paper

Attorney Or Party Without Attorney (Name & Address):

CHRISTOPHER V. CARANI, ESQ.
MCANDREWS HELD & MALLOY

Attorneys for:

Ref. No. Or File No.

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness                : JP MORGAN

By Serving            : HERMIONE WILSON, Secretary, Authorized Agent

Address               : 50 California Street, 29th Floor, San Francisco, California  94111
Date & Time        : Tuesday, December 27, 2005 @ 10:02 a.m.
Witness fees were : Not demanded or paid.

Person serving:
David Bregy Flail
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 861
   (3) County: San Francisco
   (4) Expires: 4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2005

Signature: _David Bregy Flail_

David Bregy Flail


Printed on recycled paper

| Attorney Or Party Without Attorney (Name And Address) | | | | Tel No Or File No |
|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. MCANDREWS HELD & MALLOY | | | | |
| Ref. No. Or File No | | | | |
| Attorneys for: | | | | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, David Bregy Flail, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness            : THOMAS WEISEL HEALTHCARE VENTURE PARTNERS, L.P.

By Serving         : STACY COLE, Executive Assistant, Authorized Agent

Address            : One Montgomery Street, San Francisco, California  94104
Date & Time        : Tuesday, December 27, 2005 @ 10:55 a.m.
Witness fees were   : Not demanded or paid.

Person serving:
David Bregy Flail
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 861
   (3) County: San Francisco
   (4) Expires: 4/28/06

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  December 27, 2005

Signature: *DAVID BREGY FLAIL*
David Bregy Flail


Printed on recycled paper

# EXHIBIT F

**Ames, Brooks A.**

**From:** ccarani@mhmlaw.com
**Sent:** Friday, January 06, 2006 7:03 PM
**To:** Ames, Brooks A.
**Subject:** RE: Musket Research Associates, Inc. v. Ovion



Subpoena - Proofs
of Service -...

Brooks,

Per our discussion today, please find the attached subpoena proofs of service. As we informed you on the phone today, we received these proofs of service from our process server today.

Regards, Chris

Christopher V. Carani
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
www.mhmlaw.com


**************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

**************************************************************

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 12/27/05 | 2750 Premiere Pkwy Ste 200 Duluth GA 30097 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Accuitive Medical Ventures | by handing to Gerard Platenick |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dennis Nowik | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on  12/29/05
_____
DATE

_____
SIGNATURE OF SERVER

PO Box 7710, Atlanta GA 30357
_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding         party         to         contest         the         claim

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of Georgia

SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Accuitive Medical Ventures
      27500 Premiere Parkway, Suite 200
      Duluth, GA 30097

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A** |

| PLACE | DATE AND TIME |
|---|---|
| 27500 Premiere Parkway, Suite 200 Duluth, GA 30097 | January 13, 2006 at 10:00 a.m. |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date December 22, 2005 |
|---|---|
| *[signature]* Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

**MUSKET RESEARCH ASSOCIATES INC.**

INDEX NO.: 1:05-CV-10416 MEL

Plaintiff(s), Petitioner(s)

*against*

**OVION INC. ET AL**

**AFFIDAVIT OF SERVICE**

Defendant(s), Respondent(s)

---

STATE OF NEW JERSEY: COUNTY OF SOMERSET:   ss:

**LARRY VAN SERTIMA** being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in New Jersey.

That on **January 3, 2006** at **9:45 AM** at **One Palmer Square, Suite 515, Princeton, NJ 08542**, deponent served the within **United States District Court Subpoena** on **Domain Associates LLC,** Witness. *(Defendant/Respondent)* herein known as Recipient.

Said service was effected in the following manner;

# CORPORATION/
# BUSINESS ENTITY

A domestic/foreign corporation, by delivering thereat a true copy of each to **Lisa Kiautte** personally. Deponent knew said Domain Associates LLC so served to be the domestic/foreign corporation, described as **Domain Associates LLC** and knew said individual to be the **Controller** thereof, authorized to accept service of process.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Female** Skin: **Caucasion** Hair: **Blonde** Age(Approx): **40's** Height(Approx): **5' 7"** Weight(Approx): **120-130 lbs** Other:

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me on Tuesday, January 3, 2006

**TINA GIORDANO**
**NOTARY PUBLIC OF NEW JERSEY**
**Commission Expires 3/11/08**

LARRY VAN SERTIMA, PROCESS SERVER

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/3/06 @ 11:13am | 1000 2nd Avenue # 3100 Seattle WA 98104 |

SERVED ON (PRINT NAME)   Pamela Jarrett, Receptionist

MANNER OF SERVICE   Personal

SERVED BY (PRINT NAME)   Tim Micek

TITLE   Process Server # 441719

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   1/4/06
DATE

_Tim Micek_
SIGNATURE OF SERVER

824 Post AVE, SEATTLE WA 98104
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  Polaris Venture Partners
1000 2nd Ave., Suite 3100
Seattle, WA 98104

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| 1000 2nd Ave., Suite 3100<br>Seattle, WA 98104 | January 13, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>December 22, 2005 |
|---|---|
| *Christopher V. Carani*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officers Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

    v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  John F. Harris
    140 Fourth Avenue North, Suite 370
    Seattle, WA 98109

[ ]   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 140 Fourth Avenue North, Suite 370 | **January 13, 2006 at 10:00 a.m.** |
| Seattle, WA 98109 | |

[ ]   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* (signature) | December 22, 2005 |
| Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/3/06 @ 10:55am | 140  4th Ave  N. #870  Seattle  WA  98109 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| John F Harris | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Pat Mahoney | Process Server # 310580 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  1/4/06
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts

business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### Western District of Washington

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  Frazier Healthcare Ventures
601 Union
Two Union Square, Suite 3200
Seattle, WA 98101

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 601 Union<br>Two Union Square, Suite 3200<br>Seattle, WA 98101 | January 13, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>December 22, 2005 |
|---|---|
| Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/3/06 @ 10.48am | 601 Union Street #3200 Seattle WA 98101 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tom Hodge, COO | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tim Micek | Process Server # 441719 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on  4 Jan 2006
         DATE

SIGNATURE OF SERVER

824 ___ AVE, SEATTLE WA. 98104
ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding    party    to    contest    the    claim.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
CASE NO. **1:05-CV-10416 MEL**
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Philip Alkhoury**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

( ) Summons & Complaint
( ) Citation to Discover Assets
( ) Rule to Show Cause
( **X** ) Subpoena
( ) Other:

1.    ( ) By leaving a copy with the named party, ------- personally on -------.

2.    ( ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    ( **X** ) On the within party, **Channel Medical Partners** by leaving a copy with **Dwight Brown, Office Manager and Authorized Person**, on **January 4, 2006**, and informed that person of the contents thereof.

4.    ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**          RACE: **African American**          APPROXIMATE AGE: **40-45**

5.    ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **5750 Old Orchard Rd., Ste. 310, Skokie, IL 60077**
TIME OF DAY: **12:05 PM**

6.    ( ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This **5**th day of **January 2006**.

OFFICIAL SEAL
KELLY L DENT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/07/09

Philip Alkhoury
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

# EXHIBIT G



**DLA Piper Rudnick Gray Cary US LLP**
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BROOKS A. AMES
brooks.ames@dlapiper.com
T 617.406.6045  F 617.406.6145

January 6, 2006

<u>**VIA E-MAIL (lhansen@mhmlaw.com) (ccarani@mhmlaw.com)**</u>
<u>**AND FIRST-CLASS MAIL**</u>

Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, IL  60661

      Re:    *Musket Research Associates, Inc. v. Ovion, Inc., et al.*
              *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
              <u>Civil Action No. 05 10416 MEL</u>

Dear Messrs. Hansen and Carani:

      This letter responds to Mr. Carani's letters of January 5 and January 6, 2005 and to our January 6, 2005 telephone conference. We note at the outset that you have refused to withdraw the 23 subpoenas served on December 27 and December 28 despite your admitted violation of Rule 45(b)(1). We regard this as a continuing violation of the rule and of your professional obligations, and will take all appropriate actions necessary to protect our clients' interests.

      Your contention that MRA somehow received the required notice of the subpoenas on December 29, 2005 flies in the face of the plain language of the rule. Rule 45(b)(1) requires "prior notice" of any commanded production. This means notice must be given <u>before</u> the issuance of the subpoena. *See Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003); *Cootes Drive LLC v. Internet Law Library, Inc.*, 2002 WL 424647 (S.D.N.Y. 2002)(quashing subpoenas defendant served on nonparties one day before plaintiff received copies by overnight courier). Yet despite putting the subpoenas in the hands of process servers as early as December 22, 2005 -- if Mr. Carani's cover letters to the venture firms are to be believed--you waited an entire week to send the notice to MRA. And the method that you chose for delivery was service by mail: the slowest method possible under the circumstances. This is nothing more than pure gamesmanship. Therefore, to the extent that you caused any subpoenas to issue on or before January 3, 2006 (when MRA received notice of the subpoenas) you are in violation of the rule. Moreover, your clear indifference to the rule justifies quashing all the subpoenas issued by Mr. Carani on December 22, 2005.

**Serving clients globally**



Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
January 6, 2006
Page 2

In addition, you are unrepentant about your gratuitous and widespread publication of the defamatory *Defendants Memorandum*. Contrary to your suggestion that you sent this memorandum to "some" venture firms, Mr. Carani's cover letters indicate that he provided them to <u>all</u> of the subpoenaed venture firms. Your gratuitous publication of this memorandum constituted nothing more than a transparent attempt to embarrass and harm MRA within the venture community, and is an abuse of process. Moreover, your contention that the memorandum was provided as a service to give the firms assistance in identifying responsive documents is a smokescreen. All a nonparty needs to comply with a subpoena is a schedule.

As we discussed, MRA intends to bring additional causes of action based on this improper conduct. In our telephone conference on Friday, we requested that you stipulate to allow MRA to amend its complaint to assert new causes of action based on this conduct. We understand that you will not agree to stipulate to such an amendment. As a result, please take notice that we intend to move the Court to amend our complaint to add causes of action for abuse of process, intentional interference with prospective economic advantage, and defamation against Ovion and your law firm

With respect to your remaining points, I will respond briefly in the same order as they are set forth in your January 5 letter.

- You suggest our letter is replete with unfounded accusations, but your letters and the accompanying proofs of service confirm that you violated Rule 45(b)(1) on at least 23 occasions. Moreover, contrary to your suggestion, the obligation to make a phone call was yours the instant you identified your violation of the rule and we find your belated apology raises more questions than answers. For instance, it must have been clear to Mr. Carani <u>before</u> he drafted his December 29 letter to us that we were not going to get "prior notice" of at least 23 subpoenas. Therefore, he had an obligation to make his apologies in that letter and not <u>after</u> we identified the violation. Surely, you are not suggesting that you did not realize there had been a violation until we alerted you to it. Notwithstanding your threat of Rule 11 sanction, we will not hesitate to take all steps necessary to protect MRA and vindicate the interests protected by Rule 45.

- You claim that your subpoenas are proper and reasonable in scope. They are not. For instance, the attached Schedule A requests contain no limitation as to time and no description of the particular documents requested. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109-110, 115-116 (N.D. Tex. 1998)(quashing subpoena requiring production of "any and all documents related to" three individuals as overbroad on its face because it did not provide particular documentary descriptions nor reasonable restrictions on time.) In addition, MRA has already provided you with all



communications and documents it exchanged with venture firms while pursuing funding for Ovion making many of these requests unnecessary. Moreover, any communication MRA had with these firms in pursuit of other client's interests is irrelevant.   Also, what possible relevance do documents relating to Ovion competitors Conceptus and Adiana have to this litigation?

- Your assertion that you violated the rule as a result of an "oversight" is vague and supported by no specifics.  Instead it is clear that you violated the rule purposefully and in an attempt to wreak the most possible havoc under the circumstances.

- You suggest we somehow waived our right to object to your publication of the *Defendants' Memorandum.*  We have done no such thing.  As you know, the litigation privilege protects defamatory statements made in pleadings to the court.  It does not protect those statements when they are gratuitously published to nonparties.

- Finally, either we have an agreement to keep information exchanged in the lawsuit "eyes only" or we do not.  MRA has been scrupulous about honoring this agreement, submitting memorandum containing information received from Ovion under seal. Ovion has not.  If you wish to terminate the agreement say so.  Otherwise, we will continue to abide by it and request that you do the same.

Sincerely,

Brooks A. Ames

BAA/lnf

# EXHIBIT H

# EXHIBIT 1

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000

Facsimile: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIEBELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET H. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES H. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERBOHNICK
JONATHAN M. RUBHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
E. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Email and U.S Mail**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613

Re:     *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
        *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
        Civil Action No. 05 10416 MEL

Dear Brooks:

I am writing in response to your letter of today's date.

Your letter and the accusations therein are inappropriate.   Nevertheless, rather than debating the matter, we have issued new subpoenas to all parties that may have been served on or before January 3, 2006, excepting parties that previously confirmed that they have no responsive documents and things.   The new subpoenas are enclosed.   A revised Schedule A also is enclosed. Each new subpoena will be served with a letter explaining that the prior subpoena to the party has been withdrawn.   We anticipate that the subpoenas likely will be served later this week.

Sincerely,

Christopher V. Carani

Enclosures

# EXHIBIT 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Aberdare Ventures**
One Embarcadero Center, Suite 4000
San Francisco, CA  94111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| One Embarcadero Center, Suite 4000 San Francisco, CA  94111 | January 30, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
|---|---|
| *[signature]* Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of Georgia

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  **Accuitive Medical Ventures**
27500 Premiere Parkway, Suite 200
Duluth, GA  30097

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):          **See attached Schedule A**

| PLACE<br>27500 Premiere Parkway, Suite 200<br>Duluth, GA  30097 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>January 9, 2006 |
|---|---|
| Issuing Officer's Name, Address, and Phone Number<br>Christopher V. Carani<br>McAndrews, Held & Malloy<br>500 West Madison, 34th Floor<br>Chicago, IL  60661<br>(312) 775-8000 | |

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Alta Partners**
     **One Embarcadero Center, Suite 4050**
     **San Francisco, CA  94111**

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A** |

| PLACE | DATE AND TIME |
|---|---|
| **One Embarcadero Center, Suite 4050** | **January 30, 2006 at 10:00 a.m.** |
| **San Francisco, CA  94111** | |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* | January 9, 2006 |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Eastern District of Michigan

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:   Arboretum Ventures
334 E. Washington Street
Ann Arbor, MI 48104

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE<br>334 E. Washington Street<br>Ann Arbor, MI 48104 | DATE AND TIME<br>**January 30, 2006 at 10:00 a.m.** |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christoph V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                     DATE                                    SIGNATURE OF SERVER

                                                             _____
                                                             ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

(B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## Middle District of North Carolina

### SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **The Aurora Funds, Inc.**
     **2525 Meridian Parkway, Suite 220**
     **Durham, NC 27713**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2525 Meridian Parkway, Suite 220 Durham, NC 27713 | **January 30, 2006 at 10:00 a.m.** |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE                                    SIGNATURE OF SERVER

                                                            ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  Canaan Partners
     2765 Sand Hill Road
     Menlo Park, CA  94025

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2765 Sand Hill Road<br>Menlo Park, CA  94025 | January 30, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| *[signature]*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____         _____
                    DATE                              SIGNATURE OF SERVER

                                        _____
                                                ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:     **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:   CDIB Ventures
      3945 Freedom Circle, Suite 270
      Santa Clara, CA 95054

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE                                    | DATE AND TIME |
|---|---|
| 3945 Freedom Circle, Suite 270           | January 30, 2006 at 10:00 a.m. |
| Santa Clara, CA 95054                     | |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* | January 9, 2006 |
| **Attorney for Defendants Ovion, Inc.** | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                   _____
                                                   ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  CMEA Ventures
One Embarcadero Center, Suite 3250
San Francisco, CA 94111

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE<br>One Embarcadero Center, Suite 3250<br>San Francisco, CA 94111 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
DATE                                                SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  Cutlass Capital, LLC
     84 State Street, Suite 1040
     Boston, MA 02109

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>84 State Street, Suite 1040<br>Boston, MA 02109 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:   Cutlass Capital, LLC
      1750 Montgomery Street
      San Francisco, CA 94025

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):       **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 1750 Montgomery Street | January 30, 2006 at 10:00 a.m. |
| San Francisco, CA 94025 |  |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. | |
| William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:   De Novo Ventures
      1550 El Camino Real, Suite 150
      Menlo Park, CA 94025

| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |

| PLACE OF DEPOSITION | DATE AND TIME |

| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A** |

| PLACE | DATE AND TIME |
| 1550 El Camino Real, Suite 150 Menlo Park, CA 94025 | January 30, 2006 at 10:00 a.m. |

| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
| *Christopher V. Carani* (signature) Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                              SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### Central District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  Domain Associates, LLC
28202 Cabot Road, Suite 200
Laguna Niguel, CA 92677

[ ]    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 28202 Cabot Road, Suite 200<br>Laguna Niguel, CA 92677 | **January 30, 2006 at 10:00 a.m.** |

[ ]    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of New Jersey

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Domain Associates, LLC
One Palmer Square, Suite 515
Princeton, NJ 08542**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE
One Palmer Square, Suite 515
Princeton, NJ 08542 | DATE AND TIME
January 30, 2006 at 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)

*[signature]*

Attorney for Defendants Ovion, Inc.,
William S. Tremulis, and Jeffrey P. Callister | Date
January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　　　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　　(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　　　(i) fails to allow reasonable time for compliance;

　　　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　　　　(iv) subjects a person to undue burden.

(B) If a subpoena

　　　　(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

　　　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

　　　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   Draper Fisher Jurvetson ePlanet Ventures
400 Seaport Court, Suite 102
Redwood City, CA 94063

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 400 Seaport Court, Suite 102 | January 30, 2006 at 10:00 a.m. |
| Redwood City, CA 94063 |  |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]*  Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | January 9, 2006 |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

|  DATE  |  SIGNATURE OF SERVER  |
|--------|-----------------------|

ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# United States District Court

### Southern District of New York

SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Easton Hunt Capital Partners, L.P.
767 Third Avenue (at 48th Street), 7th Floor
New York, NY 10017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 767 Third Avenue (at 48th Street), 7th Floor New York, NY 10017 | January 30, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* Christopher V. Carani | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Essex Woodlands Health Ventures**
     **435 Tasso Street, Suite 305**
     **Palo Alto, CA 94301**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>435 Tasso Street, Suite 305<br>Palo Alto, CA 94301 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### Western District of Washington

### SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Frazier Healthcare Ventures
     601 Union
     Two Union Square, Suite 3200
     Seattle, WA 98101

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 601 Union | **January 30, 2006 at 10:00 a.m.** |
| Two Union Square, Suite 3200 |  |
| Seattle, WA 98101 |  |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. | |
| William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　　　(i) fails to allow reasonable time for compliance;

　　　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　　　　(iv) subjects a person to undue burden.

　　(B) If a subpoena

　　　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　　　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

　　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  Frazier Healthcare Ventures
     550 Hamilton Ave., Suite 100
     Palo Alto, CA 94301

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 550 Hamilton Ave., Suite 100 | January 30, 2006 at 10:00 a.m. |
| Palo Alto, CA 94301 | |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *[signature]* | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. | |
| **William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  | |
| --- | --- |
| DATE | SIGNATURE OF SERVER |

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

(B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

  v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO: **InterWest Partners**
  **2710 Sand Hill Road, Second Floor**
  **Menlo Park, CA 94025**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2710 Sand Hill Road, Second Floor<br>Menlo Park, CA 94025 | January 30, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

 Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____         _____
                    DATE                                    SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   **INVESCO Private Capital**
       **525 University Avenue, Suite 600**
       **Palo Alto, CA 94301**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **525 University Avenue, Suite 600** **Palo Alto, CA 94301** | **January 30, 2006 at 10:00 a.m.** |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
|---|---|

*Christopher V. Carani*
**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|        | DATE | PLACE |
|--------|------|-------|
| SERVED |      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:   **JP Morgan**
      **50 California Street, 29th Floor**
      **San Francisco, CA 94111**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 50 California Street, 29th Floor | January 30, 2006 at 10:00 a.m. |
| San Francisco, CA 94111 | |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
|---|---|
| Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

(B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Latterell Venture Partners
     Four Embarcadero Center, Suite 2500
     San Francisco, CA 94111

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| Four Embarcadero Center, Suite 2500 San Francisco, CA 94111 | January 30, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
|---|---|
| *[signature]* Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  MedVenture Associates
     5980 Horton Street, Suite 390
     Emeryville, CA 94608

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE<br>5980 Horton Street, Suite 390<br>Emeryville, CA 94608 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO: Morgenthaler Ventures
2710 Sand Hill Road, Suite 100
Menlo Park, CA 94025

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A** |

| PLACE | DATE AND TIME |
|---|---|
| 2710 Sand Hill Road, Suite 100<br>Menlo Park, CA 94025 | January 30, 2006 at 10:00 a.m. |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  MPM Capital
     The John Hancock Tower
     2900 Claredon Street, 54th Floor
     Boston, MA 02116

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE                                   | DATE AND TIME                      |
|---|---|
| The John Hancock Tower                  | January 30, 2006 at 10:00 a.m.     |
| 2900 Claredon Street, 54th Floor        |                                    |
| Boston, MA 02116                        |                                    |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. | |
| William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:   MPM Capital
601 Gateway Blvd., Suite 350
South San Francisco, CA 94080

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):       **See attached Schedule A**

| PLACE<br>601 Gateway Blvd., Suite 350<br>South San Francisco, CA 94080 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____

DATE                    SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

(B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **NEA**
     **2490 Sand Hill Road**
     **Menlo Park, CA 94025**

| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |
|---|---|

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
|---|---|

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See attached Schedule A** |
|---|---|

| PLACE | DATE AND TIME |
|---|---|
| 2490 Sand Hill Road | January 30, 2006 at 10:00 a.m. |
| Menlo Park, CA 94025 | |

| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |
|---|---|

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani* | January 9, 2006 |
| Attorney for Defendants Ovion, Inc. | |
| William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:   ONSET Ventures
      2400 Sand Hill Road, Suite 150
      Menlo Park, California 94025

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2400 Sand Hill Road, Suite 150<br>Menlo Park, California 94025 | **January 30, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** |  |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE                    SIGNATURE OF SERVER

                              ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

       (i) fails to allow reasonable time for compliance;

       (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

       (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

       (iv) subjects a person to undue burden.

(B) If a subpoena

       (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

       (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

       (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   Pequot Ventures
      2500 Sand Hill Road, Suite 203
      Menlo Park, CA 94025

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):          **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2500 Sand Hill Road, Suite 203<br>Menlo Park, CA 94025 | January 30, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** |  |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Pequot Ventures
    40 William Street, Suite 305
    Wellesley, MA 02481

[ ]    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>40 William Street, Suite 305<br>Wellesley, MA 02481 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

[ ]    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                              SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Polaris Venture Partners**
**1000 Winter Street, Suite 3350**
**Waltham, MA 02451**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>**1000 Winter Street, Suite 3350**<br>**Waltham, MA 02451** | DATE AND TIME<br>**January 30, 2006 at 10:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**January 9, 2006** |
|---|---|
| *Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                _____
                    DATE                                    SIGNATURE OF SERVER

                                                   _____
                                                   ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### Western District of Washington

### SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

TO:  **Polaris Venture Partners**
 **1000 2nd Ave., Suite 3100**
 **Seattle, WA 98104**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, and time specified below (list documents or objects):  **See attached Schedule A**

| PLACE<br>**1000 2nd Ave., Suite 3100**<br>**Seattle, WA 98104** | DATE AND TIME<br>**January 30, 2006 at 10:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>**January 9, 2006** |
|---|---|

Issuing Officer′s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev  1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

    v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  POSCO BioVentures
     2121 Palomar Airport Rd., Suite 300
     Carlsbad, CA 92011

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>2121 Palomar Airport Rd., Suite 300<br>Carlsbad, CA 92011 | DATE AND TIME<br>February 10, 2006 at 10:00 a.m. |
| --- | --- |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
| --- | --- |

*[signature]*

**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:   **Prism Venture Partners**
**100 Lowder Brook Drive, Suite 2500**
**Westwood, MA 02090**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **100 Lowder Brook Drive, Suite 2500**<br>**Westwood, MA 02090** | **January 30, 2006 at 10:00 a.m.** |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|

*Christopher Carani*

**Attorney for Defendants Ovion, Inc.**
**William S. Tremulis, and Jeffrey P. Callister**

Issuing Officer′s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of New York

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Radius Ventures, LLC
     400 Madison Avenue, 8th Floor
     New York, NY 10017

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE<br>400 Madison Avenue, 8th Floor<br>New York, NY 10017 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>Attorney for Defendants Ovion, Inc.<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Skyline Ventures
     125 University Avenue
     Garden Level
     Palo Alto, CA 94301

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. |

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

| | |
|---|---|
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A** |

| PLACE | DATE AND TIME |
|---|---|
| 125 University Avenue<br>Garden Level<br>Palo Alto, CA 94301 | January 30, 2006 at 10:00 a.m. |

| | |
|---|---|
| ☐ | YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. |

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| *[signature]*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  Sprout Group
     3000 Sand Hill Road
     Building 3, Suite 170
     Menlo Park, CA  94025

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>11 Madison Avenue, Floor 13<br>New York, NY 10010 | DATE AND TIME<br>**January 30, 2006 at 10:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>Attorney for Defendants Ovion, Inc.,<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  **Sutter Hill Ventures**
**755 Page Mill Road, Suite A-200**
**Palo Alto, CA 94304-1005**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>755 Page Mill Road, Suite A-200<br>Palo Alto, CA 94304-1005 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|
| *[signature]*<br>Attorney for Defendants Ovion, Inc.<br>**William S. Tremulis, and Jeffrey P. Callister** |  |

Issuing Officer′s Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Thomas Weisel Healthcare Venture Partners, L.P.
One Montgomery Tower
One Montgomery Street
San Francisco, CA 94104

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>One Montgomery Tower<br>One Montgomery Street<br>San Francisco, CA 94104 | DATE AND TIME<br>**January 30, 2006 at 10:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister** | Date<br>**January 9, 2006** |
|---|---|

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Thomas, McNerney & Partners
One Market
Steuart Tower, Suite 1030
San Francisco, CA 94105

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| One Market<br>Steuart Tower, Suite 1030<br>San Francisco, CA 94105 | January 30, 2006 at 10:00 a.m. |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

　　　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|

*Christopher V. Carani*
Attorney for Defendants Ovion, Inc.
William S. Tremulis, and Jeffrey P. Callister

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  U.S. Venture Partners
2735 Sand Hill Road
Menlo Park, CA 94025

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 2735 Sand Hill Road<br>Menlo Park, CA 94025 | **January 30, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors,
or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the
person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>January 9, 2006 |
|---|---|

_Christopher V. Carani_
Attorney for Defendants Ovion, Inc.
William S. Tremulis, and Jeffrey P. Callister

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              DATE                          SIGNATURE OF SERVER

                                         _____
                                          ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

(B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

### SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

    v.

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Vantage Point Venture Partners**
      **1001 Bayhill Drive, Suite 300**
      **San Bruno, CA 94066**

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **1001 Bayhill Drive, Suite 300**<br>**San Bruno, CA 94066** | **January 30, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Christopher V. Carani*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | **January 9, 2006** |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                    SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding       party       to       contest       the       claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Versant Ventures
3000 Sand Hill Road
Bldg. 4, Suite 210
Menlo Park, CA  94025

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 3000 Sand Hill Road Bldg. 4, Suite 210 Menlo Park, CA  94025 | January 30, 2006 at 10:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
|---|---|
| *Christopher V. Carani* Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
               DATE                                    SIGNATURE OF SERVER

                                               _____
                                               ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　　(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　　　(i) fails to allow reasonable time for compliance;

　　　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　　　　(iv) subjects a person to undue burden.

(B) If a subpoena

　　　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　　　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

　　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO: Warburg Pincus LLC
850 Oak Grove Avenue
Menlo Park, CA 94025

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE 850 Oak Grove Avenue Menlo Park, CA 94025 | DATE AND TIME January 30, 2006 at 10:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date January 9, 2006 |
|---|---|

Attorney for Defendants Ovion, Inc.,
William S. Tremulis, and Jeffrey P. Callister

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  John F. Harris
     140 Fourth Avenue North, Suite 370
     Seattle, WA 98109

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See attached Schedule A**

| PLACE<br>140 Fourth Avenue North, Suite 370<br>Seattle, WA 98109 | DATE AND TIME<br>January 30, 2006 at 10:00 a.m. |
|---|---|

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister** | Date<br>January 9, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 3

**SCHEDULE A**

**Definitions**

As used herein:

A.      The term "Ovion" means Ovion, Inc..

B.      The term "Mr. Tremulis" means William S. Tremulis, an individual.

C.      The term "Mr. Callister" means Jeffrey P. Callister, an individual.

D.      The term "MRA" means Musket Research Associates, Inc., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

E.      The term "Mr. Musket" or "Musket" means David B. Musket, an individual.

F.      The term "Ms. Latterman" or "Latterman" means Sue Ann Latterman, an individual.

G.      The term "AMS" means American Medical Systems, Inc., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

H.      The term "ProMed" means ProMed Partners, L.P., ProMed Partners II, L.P., ProMed Offshore Fund, Ltd., ProMed Management, Inc., ProMed Asset Management, L.L.C., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

I.      The term "DBM" means DBM Corporate Consulting, Ltd., and any related foreign or U.S. companies, divisions, or subsidiaries, past or present, and each predecessor business entity, whether incorporated or not, and the directors, officers, employees, agents, or attorneys thereof.

J.    The terms, "document," "documents," or "documents and things," means documents and things as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, and includes papers of all kinds and non-paper information storage means, including by way of example and without limitation, originals and copies, however made, of letters, memoranda, notes, computer generated data, calendars, records, minutes, studies, reports, notebooks, messages, telegrams, ledgers, legal instruments, agreements, drawings, sketches, graphs, prints, hand-written notes, rough drafts, secretarial notes, work pads, diaries, films, tapes, videotapes, pictures, photographs, books, pamphlets, publications, advertisements, sales literature, brochures, manuals, price lists, announcements, electronic mail messages, or any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.  A draft or non-identical copy is a separate document within the meaning on this term.

K.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including any oral or written utterance, notation, or statement of any nature whatsoever, specifically including but not limited to letters, personal or telephonic conversations, discussions, interviews, or consultations; any type of telegraphic, telecommunicated, or telecopied message; any type of electronically received, transmitted, or stored message, note, letter, memorandum, or correspondence; and any writing that evidences or reflects any such communication.

L.    The term "person" means any natural person or any business, legal, or governmental entity or association, and the acts and knowledge of a "person" as used herein are defined to include acts and knowledge of directors, officers, employees, agents, representatives, and attorneys acting on behalf of such "person."

M.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

N.    The word "each" as used herein includes the word "every," and the word "every" as used herein includes the word "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

O.    The word "any" as used herein includes the word "all," and the word "all" as used herein includes the word "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

P.    The term "all" shall be construed to include the term "each," and "each" shall be construed to include the term "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Q.    The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.    The term "concerning" means referring to, relating to, describing, evidencing, or constituting.

## Documents And Things To Be Produced

1.    Produce all documents and things concerning any and all of the following: Ovion Inc., William S. Tremulis ("Steve Tremulis"), and Jeffrey P. Callister ("Jeff Callister").

2.    Produce all documents and things concerning any and all of the following: Musket Research Associates, Inc. ("MRA"), David B. Musket ("David Musket"), and Sue Ann Latterman.

3.    Produce all documents and things concerning information or materials provided after June, 2004, by MRA, David Musket, and/or Sue Ann Latterman, including information or materials concerning any and all of the following: American Medical Systems, Inc. ("AMS"), Conceptus, Inc., and Adiana, Inc.

4.    Produce all documents and things concerning any and all of the following: ProMed, DBM, and DBM Corporate Consulting, Ltd.

5.    Produce all documents and things concerning the collection, retention, or destruction of any documents or things within the scope of categories 1-4 herein.

# EXHIBIT 4

**Ames, Brooks A.**

| | |
|---|---|
| From: | ccarani@mhmlaw.com |
| Sent: | Tuesday, January 10, 2006 7:36 PM |
| To: | ccarani@mhmlaw.com; Ames, Brooks A. |
| Subject: | RE: Musket Research Associates, Inc. v. Ovion |



Pequot Subpoenas
1-10-06.pdf (...

Brooks,

Please find the attached subpoenas that we have issued to Pequot Ventures. We plan to have them served by the end of the week.

-Regards, Chris

Christopher V. Carani
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
www.mhmlaw.com


************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

************************************************************

# EXHIBIT 5

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of California

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO: **Pequot Ventures**
  **2500 Sand Hill Road, Suite 203**
  **Menlo Park, CA 94025**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| **2500 Sand Hill Road, Suite 203**<br>**Menlo Park, CA 94025** | **February 3, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>**January 9, 2006** |
|---|---|
| *[signature]*<br>**Attorney for Defendants Ovion, Inc.,**<br>**William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL 60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
              DATE                              SIGNATURE OF SERVER

                                        _____
                                              ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

TO:  **Pequot Ventures**
     **40 William Street, Suite 305**
     **Wellesley, MA 02481**

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):        **See attached Schedule A**

| PLACE<br>40 William Street, Suite 305<br>Wellesley, MA 02481 | DATE AND TIME<br>**February 3, 2006 at 10:00 a.m.** |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>**Attorney for Defendants Ovion, Inc.**<br>**William S. Tremulis, and Jeffrey P. Callister** | Date<br>**January 9, 2006** |
|---|---|

Issuing Officer's Name, Address, and Phone Number
**Christopher V. Carani**
**McAndrews, Held & Malloy**
**500 West Madison, 34th Floor**
**Chicago, IL  60661**
**(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT I

# EXHIBIT 1

**Ames, Brooks A.**

| | |
|---|---|
| **From:** | ccarani@mhmlaw.com |
| **Sent:** | Wednesday, January 11, 2006 12:31 PM |
| **To:** | Ames, Brooks A. |
| **Subject:** | MRA v. Ovion |


1-09-06 Cover
letters.pdf (1 M...


1-10-06 Cover
letters.pdf (3 M...

Brooks:

Per your request, I have attached copies of the cover letters sent with the new subpoenas.

Please be advised that we will not serve the subpoenas to Pequot Ventures that we sent you on January 9. Instead, we are serving the subpoenas to Pequot Ventures that we sent you yesterday. The difference is the compliance date, February 3 instead of January 30. Also, the first subpoena to Sprout Group, which issued on December 22, has not and will not be served.

Many of the subpoenaed parties have indicated that they will produce documents and things by sending them (or copies thereof) to our offices in Chicago. I will mail you copies of documents and things that we receive in response to the subpoenas. We likely will add Bates numbers to the documents.

Regards, Chris

Christopher V. Carani
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
www.mhmlaw.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1

# EXHIBIT 2

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
ROBERT D. HART III
ROBERT H. RESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET H. MENICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. MARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

—————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Aberdare Ventures
One Embarcadero Center, Suite 4000
San Francisco, CA 94111

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIEBELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. MARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL L. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA P. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Accuitive Medical Ventures
27500 Premiere Parkway, Suite 200
Duluth, GA  30097

     Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc v. Ovion, Inc., et al.*

To Whom It May Concern:

     You previously received a subpoena, which issued on December 22, 2005, in this matter.

     The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

     Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

     Sincerely,

     *Christopher V. Carani*

     Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIE
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET H. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES H. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R NUTTALL
ROBERT A SURRETTE
JOSEPH M BARICH
SCOTT P MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C WILLIS
JOHN A WIBERG
WILHELM L RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A DICERBO
JENNIFER E LACROIX

JOSEPH F HARDING
JOSEPH H BUTSCHER
SARA J BARTOS
JOHN L ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T CRUZ*
HIRUT P DALAL
CHRISTOPHER R GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L PETERSON
OGNYAN I BEREMSKI
PHILIP H SHERIDAN
CHRISTOPHER R CARROLL
CHRISTOPHER M SCHARFF
CONSUELO G ERWIN
PETER J PROMMER

HERLE S ELLIOTT
BRIAN C BIANCO
PAUL W MCANDREWS
ANDREW B. KARP
LAURA M PERBONICK
JONATHAN M RUSHMAN
JEREMY N GAYED
CHRISTOPHER J BUCHKO
LEONARD D CONAPINSKI
MICHAEL J KRAUTNER
ADAM J. FAIER
JAMES H WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V BRADLEY
CHRISTINA F POLYN

OF COUNSEL
S JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Alta Partners
One Embarcadero Center, Suite 4050
San Francisco, CA 94111

> Re:  Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
> District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES H. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH H. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
KIRUT P. DALAL
CHRISTOPHER H. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
——————
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Canaan Partners
2765 Sand Hill Road
Menlo Park, CA 94025



Re:   Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH H. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREHSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER N. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA H. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
——
OF COUNSEL
S. JACK SAUER
——
*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

CDIB Ventures
3945 Freedom Circle, Suite 270
Santa Clara, CA 95054

Re: Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES H. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICENSO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRANO
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER M. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JABROVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES M. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

————
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

## Via Hand Delivery

CMEA Ventures
One Embarcadero Center, Suite 3250
San Francisco, CA 94111

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# MCANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

| | | |
|---|---|---|
| GEORGE P. MCANDREWS | KIRK A. VANDER LEEST | JOSEPH F. HARDING |
| JOHN J. HELD | RICHARD T. MCCAULLEY JR | JOSEPH M. BUTSCHER |
| TIMOTHY J. MALLOY | PETER J. MCANDREWS | SARA J. BARTOS |
| WILLIAM W. WESLEY | LELAND G. HANSEN | JOHN L. ABRAMIC |
| LAWRENCE M. JARVIS | JAMES M. HAFERTEPE | MICHAEL J. FITZPATRICK |
| GREGORY J. VOGLER | JONATHAN R. SICK | DAVID Z. PETTY |
| JEAN DUDEK KUELPER | ELIGIO C. PIMENTEL | MICHAEL T. CRUZ* |
| HERBERT D. HART III | JAMES P. MURPHY | MIRUT P. DALAL |
| ROBERT W. FIEBELER | DEAN A. PELLETIER | CHRISTOPHER N. GEORGE |
| THOMAS J. WIMBISCUS | MICHAEL B. HARLIN | MATTHEW A. ANDERSON |
| STEVEN J. HAMPTON | JAMES R. NUTTALL | YUFENG MA |
| PRISCILLA F. GALLAGHER | ROBERT A. SURRETTE | DENNIS H. JASKOVIAK |
| STEPHEN F. SHERRY | JOSEPH M. BARICH | DEBORAH A. LAUGHTON |
| PATRICK J. ARNOLD JR | SCOTT P. MCBRIDE | WILLIAM B. GONT |
| GEORGE F. WHEELER | PATRICIA J. MCGRATH | DENNIS R. HACKETT |
| JANET M. MCNICHOLAS | TROY A. GROETKEN | HOPETON S. WALKER |
| CHRISTOPHER C. WINSLADE | GERALD C. WILLIS | SHAWN L. PETERSON |
| EDWARD A. MAS II | JOHN A. WIBERG | OGNYAN I. BEREMSKI |
| GREGORY C. SCHODDE | WILHELM L. RAO | PHILIP H. SHERIDAN |
| EDWARD W. REMUS | SANDRA A. FRANTZEN | CHRISTOPHER R. CARROLL |
| DONALD J. POCHOPIEN | RONALD M. SPUHLER | CHRISTOPHER M. SCHARFF |
| SHARON A. HWANG | CHRISTOPHER V. CARANI | CONSUELO G. ERWIN |
| DAVID D. HEADRICK | RONALD A. DICERBO | PETER J. PROMHER |
| ALEJANDRO MENCHACA | JENNIFER E. LACROIX | |

| |
|---|
| MERLE S. ELLIOTT |
| BRIAN C. BIANCO |
| PAUL W. MCANDREWS |
| ANDREW B. KARP |
| LAURA M. PERSONICK |
| JONATHAN M. RUSHMAN |
| JEREMY N. GAYED |
| CHRISTOPHER J. BUCHKO |
| LEONARD D. CONAPINSKI |
| MICHAEL J. KRAUTNER |
| ADAM J. FAIER |
| JAMES H. WILLIAMS |
| SARAH A. KOFFLIN |
| ALI H. SHAH |
| PATRICK V. BRADLEY |
| CHRISTINA F. POLYN |

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Cutlass Capital, LLC
84 State Street, Suite 1040
Boston, MA 02109

Re: Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R NUTTALL
ROBERT A SURRETTE
JOSEPH M BARICH
SCOTT P McBRIDE
PATRICIA J McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A WIBERG
WILHELM L RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E LACROIX

JOSEPH F HARDING
JOSEPH M BUTSCHER
SARA J BARTOS
JOHN L ABRAMIC
MICHAEL J. FITZPATRICK
DAVID E. PETTY
MICHAEL T CRUZ*
MIRUT P. DALAL
CHRISTOPHER N GEORGE
MATTHEW A ANDERSON
YUFENG MA
DENNIS H. JABKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B GONT
DENNIS P HACKETT
HOPETON S. WALKER
SHAWN L PETERSON
OGNYAN I BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R CARROLL
CHRISTOPHER M SCHARFF
CONSUELO G ERWIN
PETER J PROHMER

MERLE S ELLIOTT
BRIAN C BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M PERSONICK
JONATHAN H RUSHMAN
JEREMY N GAYED
CHRISTOPHER J BUCHKO
LEONARD D CONAPINSKI
MICHAEL J KRAUTNER
ADAM J. FAIER
JAMES H WILLIAMS
SARAH A. KOFFLIN
ALI H SHAH
PATRICK V BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Cutlass Capital, LLC
1750 Montgomery Street
San Francisco, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    You previously received a subpoena, which issued on December 22, 2005, in this matter.

    The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

                                    Sincerely,

                                    Christopher V. Carani

CVC/pw
Enclosure

Law Offices

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000
Facsimile: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET H. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG HA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROHMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA N. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. ROFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

De Novo Ventures
1550 El Camino Real, Suite 150
Menlo Park, CA 94025

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000

Facsimile: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE H. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT O. HART III
ROBERT W. FIEBELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH H. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROHMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY H. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Domain Associates, LLC
28202 Cabot Road, Suite 200
Laguna Niguel, CA 92677

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES H. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Domain Associates, LLC
One Palmer Square, Suite 515
Princeton, NJ 08542

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
GREGORY C. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
BRIAN J. SCHRADER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. BURRETTE
JOSEPH M BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER C. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER H. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BERENSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

HERLE B. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Draper Fisher Jurvetson ePlanet Ventures
400 Seaport Court, Suite 102
Redwood City, CA 94063

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al*

To Whom It May Concern:

        You previously received a subpoena, which issued on December 22, 2005, in this matter.

        The attorneys for Musket Research Associates have raised concerns regarding that
subpoena. To address their concerns, we are withdrawing the subpoena that issued on December
22, 2005. With this letter, you will receive a new subpoena commanding you to produce
documents and things, as specified in Schedule A attached to the subpoena, at the time and place
designated in the subpoena.

        Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. It is not necessary to produce documents and
things that you already produced. As an alternative to producing documents and things at the
place designated in the subpoena, you may produce the documents and things by sending them
(or true copies thereof) to my attention at the above address. At your request, we will provide an
account number with Federal Express for that purpose.

                                Sincerely,

                                Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

January 9, 2006

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT M. FIESELER
THOMAS J. WIMBISCUS
STEVEN H. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. MARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER M. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYANI BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———
OF COUNSEL
S. JACK SAUER
———
*ADMITTED TO PRACTICE IN CA

**Via Hand Delivery**

Easton Hunt Capital Partners, L.P.
767 Third Avenue (at 48th Street), 7th Floor
New York, NY 10017

      Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

      You previously received a subpoena, which issued on December 22, 2005, in this matter.

      The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

      Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

      Sincerely,

      Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE H. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVE H. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. NICHOLAS
CHRISTOPHER M. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Essex Woodlands Health Ventures
435 Tasso Street, Suite 305
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE H. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE P. WHEELER
JAMES M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Frazier Healthcare Ventures
601 Union
Two Union Square, Suite 3200
Seattle, WA 98101

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# MCANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

| | | | |
|---|---|---|---|
| GEORGE P. MCANDREWS | KIRK A. VANDER LEEST | JOSEPH F. HARDING | MERLE S. ELLIOTT |
| JOHN J. HELD | RICHARD T. MCCAULLEY JR | JOSEPH M. BUTSCHER | BRIAN C. BIANCO |
| WILLIAM L. MALLOY | PETER J. MCANDREWS | SARA J. BARTOS | PAUL W. MCANDREWS |
| WILLIAM M. WESLEY | LELAND G. HANSEN | JOHN L. ABRAMIC | ANDREW B. KARP |
| LAWRENCE M. JARVIS | JAMES M. HAFERTEPE | MICHAEL J. FITZPATRICK | LAURA M. PERSONICK |
| GREGORY J. VOGLER | JONATHAN R. SICK | DAVID Z. PETTY | JONATHAN M. RUSHMAN |
| JEAN DUDEK KUELPER | ELIGIO C. PIMENTEL | MICHAEL T. CRUZ* | JEREMY N. GAYED |
| HERBERT D. HART III | JAMES P. MURPHY | MIRUT P. DALAL | CHRISTOPHER J. BUCHKO |
| ROBERT W. FIESELER | DEAN A. PELLETIER | CHRISTOPHER R. GEORGE | LEONARD D. CONAPINSKI |
| THOMAS J. WIMBISCUS | MICHAEL B. HARLIN | MATTHEW A. ANDERSON | MICHAEL J. KRAUTNER |
| STEVEN J. HAMPTON | JAMES R. NUTTALL | YUFENG MA | ADAM J. FAIER |
| PRISCILLA F. GALLAGHER | ROBERT A. SURRETTE | DENNIS H. JASKOVIAK | JAMES H. WILLIAMS |
| STEPHEN F. SHERRY | JOSEPH M. BARICH | DEBORAH A. LAUGHTON | SARAH A. KOFFLIN |
| PATRICK J. ARNOLD JR | SCOTT P. MCBRIDE | WILLIAM B. GONT | ALI H. SHAH |
| GEORGE F. WHEELER | PATRICIA J. MCGRATH | DENNIS P. HACKETT | PATRICK V. BRADLEY |
| JANET M. MCNICHOLAS | TROY A. GROETKEN | HOPETON B. WALKER | CHRISTINA F. POLYN |
| CHRISTOPHER C. WINSLADE | GERALD C. WILLIS | SHAWN L. PETERSON | |
| EDWARD A. MAS II | JOHN A. WIBERG | OONYAN I. BEREMSKI | |
| GREGORY C. SCHODDE | WILHELM L. RAO | PHILIP H. SHERIDAN | |
| EDWARD W. REMUS | SANDRA A. FRANTZEN | CHRISTOPHER R. CARROLL | OF COUNSEL |
| DONALD J. POCHOPIEN | RONALD H. SPUHLER | CHRISTOPHER M. SCHARFF | S. JACK SAUER |
| SHARON A. HWANG | CHRISTOPHER V. CARANI | CONSUELO G. ERWIN | |
| DAVID D. HEADRICK | RONALD A. DICERBO | PETER J. PROMMER | *ADMITTED TO PRACTICE IN CA |
| ALEJANDRO MENCHACA | JENNIFER E. LACROIX | | |

January 9, 2006

**Via Hand Delivery**

JP Morgan
50 California Street, 29th Floor
San Francisco, CA 94111

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT... J. PART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA... GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER C. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BEREHSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTHER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Morgenthaler Ventures
2710 Sand Hill Road, Suite 100
Menlo Park, CA 94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE ~~~~~~~~~
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
~~~~~~~~~~~~~
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIEBELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BERENSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———————
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Polaris Venture Partners
1000 Winter Street, Suite 3350
Waltham, MA 02451

      Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

      You previously received a subpoena, which issued on December 22, 2005, in this matter.

      The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

      Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

      Sincerely,

      *Christopher V. Carani*

      Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P MCANDREWS
JOHN J. HELD
TIMOTHY J MALLOY
WILLIAM M WESLEY
LAWRENCE M JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D HART III
ROBERT W FIESELER
THOMAS J WIMBISCUS
STEVEN J HAMPTON
PRISCILLA F GALLAGHER
STEPHEN F SHERRY
PATRICK J ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C WINSLADE
EDWARD A. MAS II
GREGORY C SCHODDE
EDWARD W REMUS
DONALD J POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G HANSEN
JAMES M HAFERTEPE
JONATHAN R. SICK
ELIGIO C PIMENTEL
JAMES P MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R NUTTALL
ROBERT A SURRETTE
JOSEPH M BARICH
SCOTT P MCBRIDE
PATRICIA J MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L RAO
SANDRA A FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A DICERBO
JENNIFER E. LACROIX

JOSEPH F HARDING
JOSEPH M BUTSCHER
SARA J BARTOS
JOHN L ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T CRUZ*
HIRUT P DALAL
CHRISTOPHER N GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H JASKOVIAK
DEBORAH A LAUGHTON
WILLIAM B GONT
DENNIS P HACKETT
HOPETON S WALKER
SHAWN L PETERSON
OGNYAN I BEREMBKI
PHILIP H. SHERIDAN
CHRISTOPHER R CARROLL
CHRISTOPHER H SCHARFF
CONSUELO G ERWIN
PETER J PROHMER

MERLE S ELLIOTT
BRIAN C BIANCO
PAUL W MCANDREWS
ANDREW B. KARP
LAURA M PERBOHICK
JONATHAN M RUSHMAN
JEREMY N GAYED
CHRISTOPHER J BUCHKO
LEONARD D CONAPINSKI
MICHAEL J KRAUTNER
ADAM J FAIER
JAMES H WILLIAMS
SARAH A. KOFFLIN
ALI H SHAH
PATRICK V BRADLEY
CHRISTINA F POLYN

OF COUNSEL
S JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Polaris Venture Partners
1000 2nd Ave., Suite 3100
Seattle, WA 98104

Re:  Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON B. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSKNICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI M. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Prism Venture Partners
100 Lowder Brook Drive, Suite 2500
Westwood, MA 02090

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
         District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
~~~~~ J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
~~~~~ G. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER H. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Skyline Ventures
125 University Avenue
Garden Level
Palo Alto, CA 94301

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

*Christopher V. Carani*

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

| | | | |
|---|---|---|---|
| GEORGE P. MCANDREWS | KIRK A. VANDER LEEST | JOSEPH F. HARDING | MERLE S. ELLIOTT |
| JOHN J. HELD | RICHARD T. MCCAULLEY JR | JOSEPH H. BUTSCHER | BRIAN C. BIANCO |
| TIMOTHY J. MALLOY | PETER J. MCANDREWS | SARA J. BARTOS | PAUL W. MCANDREWS |
| WILLIAM M. WESLEY | LELAND G. HANSEN | JOHN L. ABRAMIC | ANDREW B. KARP |
| LAWRENCE M. JARVIS | JAMES H. HAFERTEPE | MICHAEL J. FITZPATRICK | LAURA M. PERSONICK |
| GREGORY J. VOGLER | JONATHAN R. SICK | DAVID Z. PETTY | JONATHAN M. RUSHMAN |
| JEAN DUDEK KUELPER | ELIGIO C. PIMENTEL | MICHAEL T. CRUZ* | JEREMY M. GAYED |
| HERBERT D. HART III | JAMES P. MURPHY | HIRUT P. DALAL | CHRISTOPHER J. BUCHKO |
| ROBERT W. F. ESELER | DEAN A. PELLETIER | CHRISTOPHER H. GEORGE | LEONARD D. CONAPINSKI |
| THOMAS J. WIMBISCUS | MICHAEL B. HARLIN | MATTHEW A. ANDERSON | MICHAEL J. KRAUTNER |
| STEVEN J. HAMPTON | JAMES R. NUTTALL | YUFENG MA | ADAM J. FAIER |
| PRISCILLA F. GALLAGHER | ROBERT A. SURRETTE | DENNIS H. JASKOVIAK | JAMES H. WILLIAMS |
| STEPHEN F. SHERRY | JOSEPH M. BARICH | DEBORAH A. LAUGHTON | SARAH A. KOFFLIN |
| PATRICK J. ARNOLD JR. | SCOTT P. MCBRIDE | WILLIAM B. GONT | ALI H. SHAH |
| GEORGE F. WHEELER | PATRICIA J. MCGRATH | DENNIS P. HACKETT | PATRICK V. BRADLEY |
| JAMES M. MCNICHOLAS | TROY A. GROETKEN | HOPETON S. WALKER | CHRISTINA F. POLYN |
| CHRISTOPHER V. WINSLADE | GERALD C. WILLIS | SHAWN L. PETERSON | |
| EDWARD A. MAS II | JOHN A. WIBERG | OONYAN I. BEREMSKI | |
| GREGORY C. SCHODDE | WILHELM L. RAO | PHILIP H. SHERIDAN | |
| EDWARD W. REMUS | SANDRA A. FRANTZEN | CHRISTOPHER R. CARROLL | OF COUNSEL |
| DONALD J. POCHOPIEN | RONALD M. SPUHLER | CHRISTOPHER M. SCHARFF | S. JACK SAUER |
| SHARON A. HWANG | CHRISTOPHER V. CARANI | CONSUELO G. ERWIN | |
| DAVID D. HEADRICK | RONALD A. DICERBO | PETER J. PROMMER | *ADMITTED TO PRACTICE IN CA |
| ALEJANDRO MENCHACA | JENNIFER E. LACROIX | | |

January 9, 2006

**Via Hand Delivery**

Sprout Group
3000 Sand Hill Road
Building 3, Suite 170
Menlo Park, CA 94025

    Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

    You previously received a subpoena, which issued on January 4, 2006, in this matter.

    The attorneys for Musket Research Associates have raised concerns regarding that
subpoena. To address their concerns, we are withdrawing the subpoena that issued on January 4,
2006. With this letter, you will receive a new subpoena commanding you to produce documents
and things, as specified in Schedule A attached to the subpoena, at the time and place designated
in the subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. It is not necessary to produce documents and
things that you already produced. As an alternative to producing documents and things at the
place designated in the subpoena, you may produce the documents and things by sending them
(or true copies thereof) to my attention at the above address. At your request, we will provide an
account number with Federal Express for that purpose.

                         Sincerely,

                         Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT A. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO O. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN H. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD O. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI K. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Hand Delivery**

Thomas Weisel Healthcare Venture Partners, L.P.
One Montgomery Tower
One Montgomery Street
San Francisco, CA 94104

Re: Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN B. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPULER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP M. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Mark A. Robertson
666 Fifth Avenue, 31st Floor
New York, NY  10103-3198

Re:     Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Mark:

I have enclosed a subpoena to Radius Ventures, LLC in this matter.  Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to Radius Ventures, LLC in this matter.  The Plaintiff's attorneys have raised concerns regarding that subpoena.  To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on Radius Ventures, LLC in responding to the subpoena.  It is not necessary to produce documents and things that Radius Ventures, LLC produced previously.  I understand that, to the extent Radius Ventures, LLC produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address.  At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Grant P. Fondo
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306

Re:  Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Grant:

I have enclosed subpoenas to Versant Ventures, ONSET Ventures, Sutter Hill Ventures, and InterWest Pargners in this matter. Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to each of these parties in this matter. The Plaintiff's attorneys have raised concerns regarding those subpoenas. To address their concerns, we are withdrawing the previous subpoenas.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on these parties in responding to the subpoenas. It is not necessary to produce documents and things that these parties produced previously. I understand that, to the extent these parties produce documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/ams
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY M. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
FREDERICK C. WHITEFELE
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JAMES F. HANMOLDAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID O. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD O. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Harold Jordan
INVESCO Private Capital
1360 Peachtree Street, Suite 100
Atlanta, GA  30309

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Harold:

I have enclosed a subpoena to INVESCO Private Capital in this matter. Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to INVESCO Private Capital in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on INVESCO Private Capital in responding to the subpoena. It is not necessary to produce documents and things that INVESCO Private Capital produced previously. I understand that, to the extent INVESCO Private Capital produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/ams
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. TAYLOR
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———————

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Stephen A. Scott
Hayes Davis Ellingson McLay & Scott
203 Redwood Shore Pkwy, Suite 480
Redwood Shores, CA 94065

Re:   Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Steve:

I have enclosed a subpoena to U.S. Venture Partners in this matter. Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to U.S. Venture Partners in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on U.S. Venture Partners in responding to the subpoena. It is not necessary to produce documents and things that U.S. Venture Partners produced previously. I understand that, to the extent U.S. Venture Partners produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/ams
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY M. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. STEELE
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GOST
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
_____

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Richard B. Ulmer
Latham & Watkins LLP
135 Commonwealth Dr.
Menlo Park, CA  94025

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Dick:

I have enclosed a subpoena to Vantage Point Venture Partners in this matter.  Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to Vantage Point Venture Partners in this matter.  The Plaintiff's attorneys have raised concerns regarding that subpoena.  To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on Vantage Point Venture Partners in responding to the subpoena.  It is not necessary to produce documents and things that Vantage Point Venture Partners produced previously.  I understand that, to the extent Vantage Point Venture Partners produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address.  At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/ams
Enclosure

Law Offices

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK F. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Scott A. Arenare
Warbury Pincus
466 Lexington Ave.
New York, NY 10017

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Scott:

I have enclosed a subpoena to Warbury Pincus in this matter. Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to Warbury Pincus in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on Warbury Pincus in responding to the subpoena. It is not necessary to produce documents and things that Warbury Pincus produced previously. I understand that, to the extent Warbury Pincus produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/ams
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM A. HELET
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
THOMAS J. FISESLER
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH H. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAM
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Roger A. Lane
Greenberg Traurig
One International Place
Boston, MA 02110

    Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Roger:

       I have enclosed a subpoena to NEA in this matter. Thank you for agreeing to accept service.

       As you are aware, we previously issued a subpoena to NEA in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

       Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on NEA in responding to the subpoena. It is not necessary to produce documents and things that NEA produced previously. I understand that, to the extent NEA produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

       Thank you for your cooperation.

       Sincerely,

       Christopher V. Carani

CVC/ams
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM H. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT A. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW N. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD O. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

John W. Vander Vort, General Partner & COO
MPM Capital
200 Clarendon Street, 54th Floor
Boston, MA  02116

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
       District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear John:

    I have enclosed the revised subpoenas directed to MPM Capital (both CA and MA) in this matter. Per my conversation with Rob Liptak on January 10, we thank MPM for agreeing to accept service.

    As I informed Rob, we previously issued a subpoena to MPM Capital in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

    Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on MPM Capital in responding to the subpoena. It is not necessary to produce documents and things that MPM Capital produced previously. I understand that, to the extent MPM Capital produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

    Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL M. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY M. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

c/o Carol Dickey
MedVenture Associates
5980 Horton Street, #390
Emeryville, CA  94608

> Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
>          District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Carol:

I have enclosed a subpoena to MedVenture Associates in this matter.  Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to MedVenture Associates in this matter.  The Plaintiff's attorneys have raised concerns regarding that subpoena.  To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on MedVenture Associates in responding to the subpoena.  It is not necessary to produce documents and things that MedVenture Associates produced previously.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

## McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR

500 WEST MADISON STREET

CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Howard Holderness
Morgan, Lewis & Bockius LLP
One Market, Spear Tower
San Francisco, CA 94105

Re:  Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Howard:

I have enclosed a subpoena to POSCO in this matter. Thank you for agreeing to accept service.

As you are aware, we previously issued a subpoena to POSCO in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on POSCO in responding to the subpoena. It is not necessary to produce documents and things that POSCO produced previously. I understand that, to the extent POSCO produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# MCANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES R. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER M. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Federal Express**

Lucinda J. Ringer
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022

Re:  Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Cindy:

I have enclosed subpoenas to Pequot Ventures in this matter. Thank you for agreeing to accept service.

As you are aware, we previously issued subpoenas to Pequot Ventures in this matter. The Plaintiff's attorneys have raised concerns regarding those subpoenas. To address their concerns, we are withdrawing the previous subpoenas.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on Pequot Ventures in responding to the subpoenas. It is not necessary to produce documents and things that Pequot Ventures produced previously. I understand that, to the extent Pequot Ventures produces documents and things, they will be produced by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/ams
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. MCNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
HIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JABKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
————
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Hand Delivery**

Frazier Healthcare Ventures
601 Union
Two Union Square, Suite 3200
Seattle, WA  98101

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the subpoena that issued on December 22, 2005. With this letter, you will receive a new subpoena commanding you to produce documents and things, as specified in Schedule A attached to the subpoena, at the time and place designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you already produced. As an alternative to producing documents and things at the place designated in the subpoena, you may produce the documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER M. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS N. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN
———
OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Hand Delivery**

Arboretum Ventures
334 E. Washington Street
Ann Arbor, MI  48104

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

To Whom It May Concern:

You previously received a subpoena, which issued on December 22, 2005, in this matter.

The attorneys for Musket Research Associates have raised concerns regarding that
subpoena. To address their concerns, we are withdrawing the subpoena that issued on December
22, 2005. With this letter, you will receive a new subpoena commanding you to produce
documents and things, as specified in Schedule A attached to the subpoena, at the time and place
designated in the subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or
expense on you in responding to the subpoena. It is not necessary to produce documents and
things that you already produced. As an alternative to producing documents and things at the
place designated in the subpoena, you may produce the documents and things by sending them
(or true copies thereof) to my attention at the above address. At your request, we will provide an
account number with Federal Express for that purpose.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000

FACSIMILE: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERMAN D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PATRICIA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN M. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DICERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OONYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Email**

John F. Harris
BioNeuronics Corporation
140 4th Avenue North, Suite 370
Seattle, WA 98109
jharris@bioneuronics.com

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the
District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear John:

I have enclosed a subpoena in the above captioned matter. Thank you for agreeing to accept service by email. As you are aware, we previously issued a subpoena to you in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on you in responding to the subpoena. It is not necessary to produce documents and things that you produced previously, if any. I understand that you will produce documents and things by sending them (or true copies thereof) to my attention at the above address via email or Federal Express. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

Telephone: (312) 775-8000

Facsimile: (312) 775-8100

WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAM
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 10, 2006

**Via Email**

James L. Quarles
Wilmer Hale
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004
james.quarles@wilmerhale.com

Re:    Subpoena in Civil Action No. 1:05-CV-10416-MEL, U.S. District Court for the District of Massachusetts, *Musket Research Associates, Inc. v. Ovion, Inc., et al.*

Dear Jim:

I have enclosed a subpoena to your client, Thomas, McNerney & Partners, in the above captioned matter. Please let me know if your client requires personal service. As you are aware, we previously issued a subpoena to your client in this matter. The Plaintiff's attorneys have raised concerns regarding that subpoena. To address their concerns, we are withdrawing the previous subpoena.

Please be aware that we will take reasonable steps to avoid imposing undue burden or expense on your client in responding to the subpoena. It is not necessary to produce documents and things that your client produced previously, if any. I understand that you will produce documents and things by sending them (or true copies thereof) to my attention at the above address. At your request, we will provide an account number with Federal Express for that purpose.

Thank you for your cooperation.

Sincerely,

Christopher V. Carani

CVC/pw
Enclosure

# EXHIBIT J

# EXHIBIT 1



**DLA Piper Rudnick Gray Cary US LLP**
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BROOKS A. AMES
brooks.ames@dlapiper.com
T 617.406.6045  F 617.406.6145

January 12, 2006

**VIA E-MAIL (ccarani@mhmlaw.com)**
**AND FIRST-CLASS MAIL**

Christopher V. Carani, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, IL  60661

Re:    *Musket Research Associates, Inc. v. Ovion, Inc., et al.*
       *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
       Civil Action No. 05 10416 MEL

Dear Christopher:

I am writing to correct an error in yesterday's letter. As you correctly pointed out in our conversation yesterday, I requested the December 9 cover letters Ovion enclosed with its subpoenas of the same date only once, not twice. Thank you for bringing the error to my attention.

Sincerely,

Brooks A. Ames

BAA/lnf

cc:    Leland G. Hansen, Esq. (by E-Mail -- lhansen@mhmlaw.com)

~BOST1:404002.v1
**Serving clients globally**

# EXHIBIT 2



DLA PIPER RUDNICK
GRAY CARY

DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BROOKS A. AMES
brooks.ames@dlapiper.com
T 617.406.6045  F 617.406.6145

January 11, 2006

**VIA E-MAIL (lhansen@mhmlaw.com) (ccarani@mhmlaw.com)**
**AND FIRST-CLASS MAIL**

Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, IL  60661

Re:     *Musket Research Associates, Inc. v. Ovion, Inc., et al.*
        *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
        Civil Action No. 05 10416 MEL

Dear Messrs. Hansen and Carani:

        This letter responds to Mr. Carani's letter sent after close of business on January 9, 2006 and his e-mail of today's date.  The January 9th letter enclosed new subpoenas and revised schedules and indicated that the new subpoenas would be served with a letter explaining that the prior subpoenas had been withdrawn.  Despite our January 10th request for copies of these letters, you did not send them until today and only after we made a second request.

        We believe that your limited response to your admitted rules violations is too little too late and intend to file an emergency motion to quash the new subpoenas and for sanctions, which we will ask the Court to address at the January 17, 2006 hearing.

        First, the explanatory letter to the venture firms, which you apparently put into the hands of process servers two days ago, is completely unacceptable.  It makes absolutely no attempt to mitigate the damages caused by your gratuitous and excessive publication of the defamatory *Defendants Memorandum.*  Nor does it acknowledge that you violated the federal rules by failing to give MRA prior notice of the subpoenas and the attached memorandum.  It should be clear that these two issues go hand in hand.  Had you given prior notice, as you acknowledge is required by Rule 45(b)(1), MRA would have immediately sought relief from the Court and prevented your defamatory memorandum from ever reaching the venture firms MRA depends on for its business.

**Serving clients globally**



Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
January 11, 2006
Page 2

Second, the revised schedules fail to address the problems raised in our earlier letters. The subpoenas remain overbroad and unduly burdensome as well as seeking plainly irrelevant information.

Third, you have failed to explain the alleged oversight that led to our late notice. For instance, Mr. Carani has not explained why he chose to send his December 29, 2005 letter (enclosing the subpoenas and *Defendants' Memorandum* but no schedules) to us by mail (the slowest method of service possible), despite having every reason to believe it would not reach us until after dozens of venture firms had been served with the offending and libelous memorandum. It remains clear that you violated the rule purposefully and in an attempt to wreak the most possible havoc under the circumstances.

Among other sanctions, we will ask the Court to order that you instruct the venture firms to return the *Defendants' Memorandum* and inform them that it was submitted to them in violation of the federal rules. We will further request that the Court order you to write a letter of apology to MRA, David Musket, and Sue Ann Latterman and forward that letter to the venture firms. This letter will explicitly recant and apologize for the *Memorandum*'s allegation that MRA engaged in extortion in its relations with Ovion or any other client. We also intend to protect our clients' interests by moving to amend the Complaint to add additional claims against your law firm and your client for the tortious conduct.

Sincerely,

Brooks A. Ames

BAA/lnf

# EXHIBIT K

# EXHIBIT 1

| | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| Attorney Or Party Without Attorney (Name and Address)<br>CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | |
| | Ref. No. Or File No. | |
| Attorneys for: | | |

Insert name of court, judicial district and branch court, if any:
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff:
MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
OVION, INC., et al.

| PROOF OF SERVICE | Date:<br>1/19/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Scott Lane, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

In this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

| | | |
|---|---|---|
| Witness | : | SPROUT GROUP |
| By Serving | : | TRACY FURTADL, Administrator |
| Address | : | 3000 Sand Hill Road, Bldg 3, Suite 170, Palo Alto, California  94025 |
| Date & Time | : | Tuesday, January 10, 2006 @ 10:45 a.m. |
| Witness fees were | : | Not demanded or paid. |

Person serving:
Scott Lane
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
  (1) Employee or independent contractor
  (2) Registration No.:
  (3) County:
  (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 10, 2006

Signature: _____
Scott Lane

Printed on recycled paper

# EXHIBIT 2

**Ames, Brooks A.**

| | |
|---|---|
| **From:** | ccarani@mhmlaw.com |
| **Sent:** | Wednesday, January 11, 2006 3:52 PM |
| **To:** | Ames, Brooks A. |
| **Cc:** | ccarani@mhmlaw.com |
| **Subject:** | RE: Musket Research Associates, Inc. v. Ovion |

 

Proofs of Service    Proofs of Service
1-11-06.pdf ...      1-11-06 cont...

Brooks,

Please find the attached subpoena proofs of service that we recently received from our process server.

Regards, Chris

Christopher V. Carani
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
www.mhmlaw.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Northern District of Georgia

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:    **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:    Accuitive Medical Ventures
27500 Premiere Parkway, Suite 200
Duluth, GA  30097

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>27500 Premiere Parkway, Suite 200<br>Duluth, GA  30097 | DATE AND TIME<br>**January 13, 2006 at 10:00 a.m.** |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christopher V. Carani*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>December 22, 2005 |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev  1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/27/05 | 2750 Premiere Pkwy Ste 200 Duluth GA 30097 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Acquitive Medical Ventures | by handing to Gerard Platerink |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Dennis Nowik | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___12/29/05___
DATE

_____
SIGNATURE OF SERVER

PO Box 7710 Atlanta GA 30357
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
CASE NO. **1:05-CV-10416 MEL**
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Philip Alkhoury**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

        (  ) Summons & Complaint
        (  ) Citation to Discover Assets
        (  ) Rule to Show Cause
        ( **X** ) Subpoena
        (  ) Other:

1.    (  ) By leaving a copy with the named party, ------- personally on -------.

2.    (  ) On the within named party, -------, by leaving a copy with -------, -------, who states that they are a member of the household on -------, and informed that person of the contents thereof, and that further he mailed a copy of same in a sealed envelope with postage prepaid addressed to the party on -------.

3.    ( **X** ) On the within party, **Channel Medical Partners** by leaving a copy with **Dwight Brown, Office Manager and Authorized Person**, on **January 4, 2006**, and informed that person of the contents thereof.

4.    ( **X** ) That the sex, race and approximate age of the person with whom he left the documents were as follows:

SEX: **Male**        RACE: **African American**    APPROXIMATE AGE: **40-45**

5.    ( **X** ) That the place where and the time of day when the documents were served were as follows:

PLACE: **5750 Old Orchard Rd., Ste. 310, Skokie, IL 60077**
TIME OF DAY: **12:05 PM**

6.    (  ) That he was unable to serve the within named party ------- located at -------- for the reason: -------

Signed and Sworn to before me
This **5**th day of **January 2006**.

OFFICIAL SEAL
KELLY L DENE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/__/__

Philip Alkhoury
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885



AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

*A TRUE COPY ATTEST DAVID D. AYLES, PROCESS SERVER AND DISINTERESTED PERSON*

TO:  Cutlass Capital, LLC
    84 State Street, Suite 1040
    Boston, MA 02109

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See attached Schedule A

| PLACE·<br>84 State Street, Suite 1040<br>Boston, MA 02109 | DATE AND TIME<br>January 13, 2006 at 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*Christop L.V. Carani*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>December 22, 2005 |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

DECEMBER 27, 2005

### *QUICKSERV*
**ALLSTATE PROCESS SERVERS**

## RETURN OF SERVICE

*I this day summoned the within named* CUTLASS CAPITAL, LLC

*to appear as within directed by delivering to* ANO DAWSON, RECEPTIONIST, 9:25 AM

**X**  *in hand, or*
    *leaving at last and usual place of abode, to wit:*

*No*      84 STATE STREET, SUITE 1040
*in the* BOSTON        *District of said* SUFFOLK      *County an attested*
*copy of the subpoena together with*   $      *fees for attendance and travel*

*Service and travel*      56      *it being necessary I actually used a*
     *motor vehicle in the distance of*
     10     *miles in the service of*
*Paid Witness*      *this process*

William B. Murphy
_____
Process Server

| Attorney Or Party Without Attorney (Name and Address) | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | |
| Attorneys for: | Ref. No. Or File No. | |

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:
MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
OVION, INC., et al.

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness                  :  DE NOVO VENTURES

By Serving               :  ANDREA YOUNG, Director of Administration,

Address                  :  1550 El Camino Real, Suite 150, Menlo Park, California 94025
Date & Time              :  Tuesday, January 3, 2006 @ 9:36 a.m.
Witness fees were        :  Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 3, 2006

Signature: _____
                        Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>ESQUIRE DEPOSITION SERVICES<br>155 North Wacker, Suite 1000<br>Chicago, Illinois 60606 | | (312) 782-8087 | |
| | | Ref. No. Or File No. | |
| Attorneys for: MCANDREWS HELD & MALLOY | | W2444867 | |

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff:
MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
OVION, INC., et al.

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept./Div.<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Surya Von Rosen , Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness           : DOMAIN ASSOCIATES, LLC

By Serving        : SUE STONE, Authorized Agent

Address           : 28202 Cabot Road, Suite 200 , Laguna Niguel, California  92677
Date & Time       : Tuesday, January 3, 2006 @ 2:28 p.m.
Witness fees were : Not demanded or paid.

Person serving:                          a. Fee for service:
Surya Von Rosen                          d. Registered California Process Server
**Wheels of Justice, Inc.**                (1) Employee or independent contractor
657 Mission Street, Suite 502             (2) Registration No.:  1505
San Francisco, California  94105          (3) County:  Orange
Phone: (415) 546-6000                     (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 3, 2006                    Signature: _____
                                                        Surya Von Rosen


Printed on recycled paper

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

INDEX NO.: 1:05-CV-10416 MEL

MUSKET RESEARCH ASSOCIATES INC.
                              Plaintiff(s), Petitioner(s)

*against*

OVION INC. ET AL                                          AFFIDAVIT OF SERVICE
                              Defendant(s), Respondent(s)

STATE OF NEW JERSEY: COUNTY OF SOMERSET:   ss:

LARRY VAN SERTIMA being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in New Jersey.

That on **January 3, 2006** at **9:45 AM** at **One Palmer Square, Suite 515, Princeton, NJ 08542,** deponent served the within **United States District Court Subpoena** on **Domain Associates LLC.** Witness. *(Defendant/Respondent)* herein known as Recipient.

Said service was effected in the following manner;

# CORPORATION/
# BUSINESS ENTITY

A domestic/foreign corporation, by delivering thereat a true copy of each to **Lisa Kiautte** personally. Deponent knew said Domain Associates LLC so served to be the domestic/foreign corporation, described as **Domain Associates LLC** and knew said individual to be the **Controller** thereof, authorized to accept service of process.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Female** Skin: **Caucasion** Hair: **Blonde** Age(Approx): **40's** Height(Approx): **5' 7"** Weight(Approx): **120-130 lbs** Other:

I certify that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me on Tuesday, January 3, 2006

**TINA GIORDANO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 3/11/08**

LARRY VAN SERTIMA, PROCESS SERVER

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. | | | |
| MCANDREWS HELD & MALLOY | | | |
| | | Ref. No. Or File No. | |
| Attorneys for: | | | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| | Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| **PROOF OF SERVICE** | 1/13/2006 | 10:00 a.m. | Witness | (Pending DIST OF MA, 1:05-CV-10416 MEL) |

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness            : ESSEX WOODLANDS HEALTH VENTURES

By Serving         : MARIA DOWD, Office Manager

Address            : 435 Tasso Street, Suite 305, Palo Alto, California  94301
Date & Time        : Tuesday, January 3, 2006 @ 10;07 a.m.
Witness fees were  : Not demanded or paid.

Person serving:                          a. Fee for service:
Stephen Sabol                            d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                 (1) Employee or independent contractor
155 North Wacker, Suite 1000                (2) Registration No.: 2003-0000382
Chicago, Illinois  60606                    (3) County:  San Francisco
(312) 782-8087                              (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 3, 2006                    Signature: _____
                                                        Stephen Sabol

Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| Attorneys for: | | Ref No. Or File No. | |
| Insert name of court, judicial district and branch court. If any:<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | | | |
| Plaintiff:<br>MUSKET RESEARCH ASSOCIATES, INC. | | | |
| Defendant:<br>OVION, INC., et al. | | | |

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness            :  FRAZIER HEALTHCARE VENTURES

By Serving         :  ELIZABETH PARK, Executive Assistant

Address            :  550 Hamilton Aveue, Suite 100, Palo Alto, California  94301
Date & Time        :  Tuesday, January 3, 2006 @ 10:28 a.m.
Witness fees were  :  Not demanded or paid.

Person serving:                          a. Fee for service:
Stephen Sabol                            d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                 (1) Employee or independent contractor
155 North Wacker, Suite 1000                (2) Registration No.:  2003-0000382
Chicago, Illinois  60606                    (3) County:  San Francisco
(312)  782-8087                             (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 3, 2006                     Signature: _____
                                                     Stephen Sabol


Printed on recycled paper

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

## SUBPOENA IN A CIVIL CASE

**Musket Research Associates, Inc.**

v

**Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister**

CASE NUMBER:   **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:   Frazier Healthcare Ventures
601 Union
Two Union Square, Suite 3200
Seattle, WA 98101

| ☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
|---|---|
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| ☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|
| PLACE OF DEPOSITION | DATE AND TIME |

| ☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See attached Schedule A** | |
|---|---|
| PLACE<br>601 Union<br>Two Union Square, Suite 3200<br>Seattle, WA 98101 | DATE AND TIME<br>January 13, 2006 at 10:00 a.m. |

| ☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br><br>*[signature]*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | Date<br>December 22, 2005 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/3/06 @ 10.48am | 601 Union Street #3200 Seattle WA 98101 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tom Hodge, COO | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tim Micek | Process Server # 441719 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   4 Jan 2006
DATE

SIGNATURE OF SERVER

824 2nd AVE, SEATTLE WA. 98104
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule. such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### Western District of Washington

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  John F. Harris
140 Fourth Avenue North, Suite 370
Seattle, WA 98109

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 140 Fourth Avenue North, Suite 370 Seattle, WA 98109 | January 13, 2006 at 10:00 a.m. |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date December 22, 2005 |
|---|---|

Attorney for Defendants Ovion, Inc.
William S. Tremulis, and Jeffrey P. Callister

Issuing Officer's Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | *140  4th Ave N. #370* |
|---|---|---|---|
| SERVED | *1/3/06 @ 10.55am* | | *Seattle WA 98109* |

SERVED ON (PRINT NAME)       MANNER OF SERVICE

*John F Harris*              *Personal*

SERVED BY (PRINT NAME)       TITLE

*Pat Mahoney*               *Process Server # 310570*

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___*1/4/06*___
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts

business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding        party        to        contest        the        claim.

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| | | Ref No. Or File No. | |
| Attorneys for: | | | |

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:
MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

| Witness | : | INVESCO PRIVATE CAPITAL |
|---|---|---|
| By Serving | : | KATINA ALDRIDGE, Office Manager |
| Address | : | 525 University Avenue, Suite 600, Palo Alto, California 94301 |
| Date & Time | : | Tuesday, January 3, 2006 @ 10:01 a.m. |
| Witness fees were | : | Not demanded or paid. |

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 3, 2006

Signature: _____
Stephen Sabol


Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>ESQUIRE DEPOSITION SERVICES<br>155 North Wacker, Suite 1000<br>Chicago, Illinois 60606 | (312) 782-8087 | |
| Attorneys for: MCANDREWS HELD & MALLOY | Ref. No. Or File No.<br>W2444874 | |

Insert name of court, judicial district and branch court. If any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Ronald Marcus, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness              :  MEDVENTURE ASSOCIATES

By Serving           :  CHERYL ZOOK, Administration

Address              :  5980 Hoton Street, Suite 390 , Emeryville, California  94608
Date & Time          :  Monday, January 3, 2005 @ 8:30 a.m.
Witness fees were    :  Not demanded or paid.

Person serving:                          a. Fee for service:
Ronald Marcus                            d. Registered California Process Server
**Wheels of Justice, Inc.**                 (1) Employee or independent contractor
657 Mission Street, Suite 502               (2) Registration No.: 649
San Francisco, California  94105            (3) County: Alameda
Phone: (415) 546-6000                       (4) Expires: 1/31/2006

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 3, 2006                    Signature: _Ronald Marcus_
                                                     Ronald Marcus


Printed on recycled paper



AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
### District of Massachusetts

### SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER: **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  MPM Capital
The John Hancock Tower
2900 Clarendon Street, 54th Floor
Boston, MA 02116

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE<br>The John Hancock Tower<br>2900 Clarendon Street, 54th Floor<br>Boston, MA 02116 | DATE AND TIME<br>**January 13, 2006 at 10:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>December 22, 2005 |
|---|---|
| *[signature]*<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse)

DECEMBER 27, 2005



## *QUICKSERV*
### ALLSTATE PROCESS SERVERS


# RETURN OF SERVICE

*I this day summoned the within named* MPM CAPITAL

*to appear as within directed by delivering to*    SARAH BARRETT, RECEPTIONIST, 10:25 PM

**X**    *in hand, or*
        *leaving at last and usual place of abode, to wit*

*No*        2900 CLAREDON STREET, 54TH FL.
*in the*  BOSTON                *District of said*  SUFFOLK            *County an attested*
*copy of the subpoena together with*  $            *fees for attendance and travel*


*Service and travel*        56

*Paid Witness*

*it being necessary I actually used a*
*motor vehicle in the distance of*
10      *miles in the service of*
*this process*

_____
Process Server



AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the
District of Massachusetts

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

TO:  Pequot Ventures
40 William Street, Suite 305
Wellesley, MA 02481

*A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON*

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 40 William Street, Suite 305<br>Wellesley, MA 02481 | **January 13, 2006 at 10:00 a.m.** |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>December 22, 2005 |
|---|---|
| *Christopher V. Carani* (signature)<br>Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45. Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

DECEMBER 27, 2005

## *QUICKSERV*
**ALLSTATE PROCESS SERVERS**

## RETURN OF SERVICE

*I this day summoned the within named* PEQUOT VENTURES

*to appear as within directed by delivering to*    LISA WASHBURN, RECEPTIONIST, 4:00 PM

**X**    *in hand, or*
      *leaving at last and usual place of abode, to wit:*

*No.*    40 WILLIAM STREET, SUITE 305
*in the*  WELLESLEY        *District of said*  NORFOLK        *County an attested*
*copy of the subpoena together with*  $        *fees for attendance and travel*

*Service and travel*        56

*Paid Witness*

*it being necessary I actually used a*
*motor vehicle in the distance of*
20    *miles in the service of*
*this process*

_____
Process Server

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Western District of Washington

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Polaris Venture Partners
1000 2nd Ave., Suite 3100
Seattle, WA 98104

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
| --- | --- |
| 1000 2nd Ave., Suite 3100 Seattle, WA 98104 | **January 13, 2006 at 10:00 a.m.** |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date December 22, 2005 |
| --- | --- |
| *Christopher V. Carani*  Attorney for Defendants Ovion, Inc. William S. Tremulis, and Jeffrey P. Callister | |

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL 60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | *1/3/06 @ 11.13am* | *1000 2nd Avenue # 3100 Seattle WA 98104* |

SERVED ON (PRINT NAME)  *Pamela Jarrett, Receptionist*     MANNER OF SERVICE  *Personal*

SERVED BY (PRINT NAME)  *Tim Mccek*     TITLE  *Process Server # 441719*

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  *1/4/06*
_____
DATE

_____
SIGNATURE OF SERVER

*824 Poot AVE, SEATTLE WA. 98104*
_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Polaris Venture Partners
1000 Winter Street, Suite 3350
Waltham, MA 02451

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):    **See attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| 1000 Winter Street, Suite 3350<br>Waltham, MA 02451 | **January 13, 2006 at 10:00 a.m.** |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>December 22, 2005 |
|---|---|
| *Ch. ph V. Caran* (signature)<br>**Attorney for Defendants Ovion, Inc.<br>William S. Tremulis, and Jeffrey P. Callister** | |

Issuing Officer=s Name, Address, and Phone Number
**Christopher V. Caruni
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000**

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev. 1/94) Subpoena in a Civil Case

JANUARY 3, 2006

# *QUICKSERV*
### ALLSTATE PROCESS SERVERS

# RETURN OF SERVICE

*I this day summoned the within named* POLARIS VENTURE PARTNERS

*to appear as within directed by delivering to*    NOREEN MCQUADE, MANAGER, 2:00 PM.
(BUSINESS WAS CLOSED THE WEEK AFTER
CHRISTMAS)

**X**    *in hand, or*
*leaving at last and usual place of abode, to wit.*

*No.*    1000 WINTER STREET, SUITE 3350
*in the*  WALTHAM         *District of said*  MIDDLESEX       *County an attested*
*copy of the subpoena together with*    $            *fees for attendance and travel*

*Service and travel*        56

*Paid Witness*

*it being necessary I actually used a*
*motor vehicle in the distance of*
20    *miles in the service of*
*this process*

_____
Process Server

AO 88 (Rev 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### District of Massachusetts

## SUBPOENA IN A CIVIL CASE

Musket Research Associates, Inc.

v.

Ovion, Inc., William S. Tremulis, and Jeffrey P. Callister

CASE NUMBER:  **1:05-CV-10416 MEL**
Currently pending in the United States District Court for the District of Massachusetts

TO:  Prism Venture Partners
100 Lowder Brook Drive, Suite 2500
Westwood, MA 02090

A TRUE COPY ATTEST
DAVID D. AYLES. PROCESS SERVER
AND DISINTERESTED PERSON

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):     **See attached Schedule A**

| PLACE
100 Lowder Brook Drive, Suite 2500
Westwood, MA 02090 | DATE AND TIME
**January 13, 2006 at 10:00 a.m.** |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)

*[signature]*
Attorney for Defendants Ovion, Inc.
William S. Tremulis, and Jeffrey P. Callister | Date
December 22, 2005 |
|---|---|

Issuing Officer=s Name, Address, and Phone Number
Christopher V. Carani
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, IL  60661
(312) 775-8000

See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse

AO 88 (Rev 1/94) Subpoena in a Civil Case

JANUARY 3, 2006

## *QUICKSERV*
### ALLSTATE PROCESS SERVERS

## RETURN OF SERVICE

*I this day summoned the within named* PRISM VENTURE PARTNERS

*to appear as within directed by delivering to*    JULIE OSENTON, RECEPTIONIST, 12:55 PM.
(COMPANY WAS CLOSED FOR THE WEEK
AFTER CHRISTMAS)

X    *in hand, or*
*leaving at last and usual place of abode, to wit*:

*No*       100 LOWDER BROOK DRIVE, SUITE 2500
*in the*  WESTWOOD         *District of said*  NORFOLK          *County an attested*
*copy of the subpoena together with*  $            *fees for attendance and travel*

*Service and travel*        56

*Paid Witness*

*it being necessary I actually used a*
*motor vehicle in the distance of*
20    *miles in the service of*
*this process*

James L Spaulding
Process Server

| Attorney Or Party Without Attorney (Name and Address) | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | |
| Attorneys for: | Ref No. Or File No. | |

| Insert name of court, judicial district and branch court, if any: |
|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

| Plaintiff: |
|---|
| MUSKET RESEARCH ASSOCIATES, INC. |

| Defendant: |
|---|
| OVION, INC., et al. |

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

| Witness | : | PROSPECT VENTURE PARTNERS |
|---|---|---|
| By Serving | : | DAVID MARKLAND, Chief Financial Officer |
| Address | : | 435 Tasso Street, Suite 200, Palo Alto, California  94301 |
| Date & Time | : | Tuesday, January 3, 2006 @ 10:06 a.m. |
| Witness fees were | : | Not demanded or paid. |

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.:  2003-0000382
   (3) County:  San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 3, 2006

Signature: _____
              Stephen Sabol



Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY<br><br>Attorneys for: | | Ref No. Or File No | |

Insert name of court judicial district and branch court if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness              : SKYLINE VENTURES

By Serving           : JOHN FREUND, Managing Director

Address              : 125 University Avenue, Palo Alto, California  94301
Date & Time          : Tuesday, January 3, 2006 @ 9:52 a.m.
Witness fees were    : Not demanded or paid.

Person serving:                          a. Fee for service:
Stephen Sabol                            d. Registered California Process Server
ESQUIRE DEPOSITION SERVICES                 (1) Employee or independent contractor
155 North Wacker, Suite 1000                (2) Registration No.:  2003-0000382
Chicago, Illinois  60606                    (3) County: San Francisco
(312) 782-8087                              (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 3, 2006                     Signature: _____
                                                        Stephen Sabol

Printed on recycled paper

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of NEW YORK

Index Number: 1:05CV10416 MEL

Date Filed: _____

Plaintiff:
**MUSKET RESEARCH ASSOCIATES, INC.,**

vs

Defendant:
**OVION, INC., ET AL.,**

For:
MCANDREWS, HELD & MALLOY, LTD.
34th Floor
500 West Madison Street
Chicago, IL 60661

Received by ESQUIRE DEPOSITION SERVICES on the 23rd day of December, 2005 at 1:41 pm to be served on
**SV INVESTMENT PARTNERS, 540 MADISON AVENUE, SUITE 3100, NEW YORK, N.Y. 10022**.

I, Gerald Murray, being duly sworn, depose and say that on the **3rd day of January, 2006** at **12:35 pm, I:**

Delivered a true copy of the SUBPOENA to "JOHN DOE", REFUSED TO STATE NAME, OFFICE MANAGER as
agent of the above who stated they were authorized to accept.

**Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: White, Height: 5'11", Weight: 190, Hair:
Brown, Glasses: N

I am over the age of eighteen, have no interest in the above action and have the authority to serve process pursuant
to CPLR 2103

Subscribed and Sworn to before me on the 5th day of
January, 2006 by the affiant who is personally known
to me

_____
NOTARY PUBLIC

ANDREA MOLODY
Notary Public, State of New York
No. 01MO6037186
Qualified in Suffolk County
Commission Expires Feb. 14, 200_

_____
,Gerald Murray
0872285

**ESQUIRE DEPOSITION SERVICES**
**155 N. Wacker Drive**
**10th Floor**
**Chicago, IL 60606**
**(312) 782-8087**
Our Job Serial Number: 2005005593

Copyright © 1992-2005 Database Services, Inc - Process Server's Toolbox V5 5h

## AFFIDAVIT OF SERVICE

### UNITED STATES DISTRICT COURT
### SOUTHERN District of NEW YORK

Date Filed: _____

Index Number: 1:05CV10416 MEL

Plaintiff:
**MUSKET RESEARCH ASSOCIATES, INC.,**

vs.

Defendant:
**OVION, INC., ET AL.,**

For:
MCANDREWS, HELD & MALLOY, LTD
34th Floor
500 West Madison Street
Chicago, IL 60661

Received by ESQUIRE DEPOSITION SERVICES on the 23rd day of December, 2005 at 1:41 pm to be served on
**SV INVESTMENT PARTNERS, 540 MADISON AVENUE, SUITE 3100, NEW YORK, N.Y. 10022**

I, Gerald Murray, being duly sworn, depose and say that on the **3rd day of January, 2006** at 12:35 pm, I:

Delivered a true copy of the SUBPOENA to "JOHN DOE", REFUSED TO STATE NAME, OFFICE MANAGER as
agent of the above who stated they were authorized to accept

**Description** of Person Served:  Age: 35,  Sex: M,  Race/Skin Color: White,  Height: 5'11",  Weight: 190,  Hair:
Brown,  Glasses: N

I am over the age of eighteen, have no interest in the above action and have the authority to serve process pursuant
to CPLR 2103

Gerald Murray
0872285

Subscribed and Sworn to before me on the 5th day of
January, 2006 by the affiant who is personally known
to me.

NOTARY PUBLIC

**ESQUIRE DEPOSITION SERVICES**
**155 N. Wacker Drive**
**10th Floor**
**Chicago, IL  60606**
**(312) 782-8087**
Our Job Serial Number: 2005005593

ANDREA MOLODY
Notary Public, State of New York
No. 01MO6037156
Qualified in Suffolk County
Commission Expires Feb. 14, 200__

Copyright © 1992-2005 Database Services, Inc - Process Server's Toolbox V5.5h

| Attorney Or Party Without Attorney (Name and Address) | Telephone: | FOR COURT USE ONLY |
|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. MCANDREWS HELD & MALLOY | | |

Ref No Or File No.

Attorneys for:

Insert name of court, judicial district and branch court, if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness               :  U.S. VENTURE PARTNERS

By Serving            :  MICHAEL MAHER, Chief Financial Officer

Address               :  2735 Sand Hill Road, Menlo Park, California  94025
Date & Time           :  Tuesday, January 3, 2006 @ 9:05 a.m.
Witness fees were     :  Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 2003-0000382
   (3) County: San Francisco
   (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 3, 2006

Signature: _____
                  Stephen Sabol

Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| | | Ref. No. Or File No. | |
| Attorneys for: | | | |

Insert name of court, judicial district and branch court if any:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:

MUSKET RESEARCH ASSOCIATES, INC.

Defendant:

OVION, INC., et al.

| | Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| **PROOF OF SERVICE** | 1/13/2006 | 10:00 a.m. | Witness | (Pending DIST OF MA,<br>1:05-CV-10416 MEL) |

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness                  :  VERSANT VENTURES

By Serving            :  ROBIN PRAEGER, Chief Financial Officer

Address               :  3000 Sand Hill Road, Bld. 4, Suite 210, Menlo Park, California  94025
Date & Time       :  Tuesday, January 3, 2006 @ 8:48 a.m.
Witness fees were  :  Not demanded or paid.

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.:  2003-0000382
   (3) County:  San Francisco
   (4) Expires:  1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 3, 2006

Signature: _____
                              Stephen Sabol

Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ.<br>MCANDREWS HELD & MALLOY | | | |
| Attorneys for: | | Ref. No. Or File No. | |
| Insert name of court, judicial district and branch court, if any:<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | | | |
| Plaintiff:<br>MUSKET RESEARCH ASSOCIATES, INC. | | | |
| Defendant:<br>OVION, INC., et al. | | | |

| PROOF OF SERVICE | Date:<br>1/13/2006 | Time:<br>10:00 a.m. | Dept/Div:<br>Witness | Case Number:<br>(Pending DIST OF MA,<br>1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Stephen Sabol, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

| Witness | : | THE VERTICAL GROUP |
|---|---|---|
| By Serving | : | YUE-TEH JANG, General Partner |
| Address | : | 530 Lytton Avenue, Suite 304, Palo Alto, California  94301 |
| Date & Time | : | Wednesday, January 4, 2006 @ 10:51 a.m. |
| Witness fees were | : | Not applicable. |

Person serving:
Stephen Sabol
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois  60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
  (1) Employee or independent contractor
  (2) Registration No.: 2003-0000382
  (3) County: San Francisco
  (4) Expires: 1/10/07

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 4, 2006

Signature: _____
                   Stephen Sabol

Printed on recycled paper

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | | FOR COURT USE ONLY |
|---|---|---|---|---|
| CHRISTOPHER V. CARANI, ESQ. MCANDREWS HELD & MALLOY | | | Ref. No. Or File No. | |
| Attorneys for: | | | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:
   MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
   OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/19/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |
|---|---|---|---|---|

I, Scott Lane, Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE DOCUMENTS AND THINGS

In this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness          :   SPROUT GROUP

By Serving       :   TRACY FURTADL, Administrator

Address          :   3000 Sand Hill Road, Bldg 3, Suite 170, Palo Alto, California 94025
Date & Time      :   Tuesday, January 10, 2006 @ 10:45 a.m.
Witness fees were :   Not demanded or paid.

Person serving:
Scott Lane
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606
(312) 782-8087

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.:
   (3) County:
   (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 10, 2006

Signature: _____
                    Scott Lane


Printed on recycled paper

| | |
|---|---|
| | SUBPOENA |
| | 1:05-cv-10416-mel |
| **PROOF OF SERVICE** | Case No. |

**TO PROCESS SERVER:** You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE**

| ☐  OFFICER CERTIFICATE | OR | ☒  AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, bailiff, appointed court officer, or attorney for a party [MCR2.104(A)(2)] and that:  (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notary required) |

☒ I served a copy of the subpoena, together with _____ Letter

    ☒ personally (including required fees, if any)

    ☐ by registered or certified mail (copy of return receipt attached)    on:

| Name(s)<br><br>Arboretum Ventures<br><br>By delivering to<br><br>Marcy Marshall | Complete address(es) of service<br><br>334 E. Washington St Ann Arbor Mi | Day, date, time<br><br>Jan 3, 2006<br><br>12:15 Pm |
|---|---|---|

☐ After diligent search and inquiry, I have been unable to find and serve the following person(s): _____

I have made the following efforts in attempting to serve process: _____

☐ I have personally attempted to serve the subpoena and required fees, if any, together with _____ Attachment

_____ on _____ Name

at _____ and have been unable to complete service because the address was incorrect at the time of filing.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ | Signature *Isaac Goble*<br>Process server   Isaac Goble<br>Title       Name |
|---|---|---|---|---|

Subscribed and sworn before me on ____1-9-06____, ____Livingston____ County, Michigan.

      Date

KIRKE SEIBERT
NOTARY PUBLIC LIVINGSTON CO., MI
MY COMMISSION EXPIRES Sep 4, 2008

Deputy court clerk/Notary public

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the subpoena and required fees, if any, together with _____ Attachment

_____ on _____ Day, date, time

_____ on behalf of _____
Signature

**AFFIDAVIT FOR JUDGMENT DEBTOR EXAMINATION**

I request that the court issue a subpoena which orders the party named on this form to be examined under oath concerning the money or property of:
for the following reasons:

Under penalty of contempt of court, I declare that the above statements are true to the best of my information,  knowledge, and belief.

_____
  Date                                    Signature

CHRISTOPHER V. CARANI, ESQ.                          (312) 782-8087
ESQUIRE DEPOSITION SERVICES
155 North Wacker, Suite 1000
Chicago, Illinois 60606

Attorney for:  MCANDREWS HELD & MALLOY          Ref. No. Or File No.  W2444865

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff:
MUSKET RESEARCH ASSOCIATES, INC.

Defendant:
OVION, INC., et al.

| **PROOF OF SERVICE** | Date: 1/13/2006 | Time: 10:00 a.m. | Dept/Div: Witness | Case Number: (Pending DIST OF MA, 1:05-CV-10416 MEL) |

I, Adam Destain, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

- I served the: SUBPOENA IN A CIVIL CASE; SCHEDULE A; DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL THE MRA PARTIES TO (1) ANSWER INTERROGATORIES AND (2) PRODUCE
DOCUMENTS AND THINGS

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness                    :   POSCO BIOVENTURES

By Serving                 :   JUNE GOAG, Office Manager

Address                    :   2121 Palomar Airport Road, Suite 300 , Carlsbad, California  92011
Date & Time                :   Wednesday, January 4, 2006 @ 9:45 a.m.
Witness fees were          :   Not applicable.

Person serving:                              a. Fee for service:
Adam Destain                                 d. Registered California Process Server
**Wheels of Justice, Inc.**                      (1) Employee or independent contractor
657 Mission Street, Suite 502                    (2) Registration No.:
San Francisco, California  94105                 (3) County:
Phone: (415) 546-6000                            (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: January 6, 2006                        Signature: _____
                                                          Adam Destain


Printed on recycled paper