UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSKET RESEARCH ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OVION, INC., WILLIAM S. TREMULIS, )<br>and JEFFREY P. CALLISTER, )<br>)<br>Defendants. )<br>_____)<br>)<br>OVION, INC., )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>MUSKET RESEARCH ASSOCIATES, INC., )<br>DAVID B. MUSKET, and )<br>SUE ANN LATTERMAN, )<br>)<br>Counterdefendants. )<br>_____) | **No. 05 10416 MEL** |

**REPLY MEMORANDUM IN SUPPORT OF
MUSKET RESEARCH ASSOCIATES, INC.'S
EMERGENCY MOTION TO QUASH AND FOR SANCTIONS**

In its brief in Opposition to MRA's Emergency Motion to Quash, Ovion Inc. ("Ovion") admits that it violated Rule 45 when it failed to provide notice to Musket Research Associates, Inc. ("MRA") prior to serving the subpoenas. Opp. at 3. Ovion and its counsel exacerbated the harm inherent in this violation, by widely and without justification disseminating a one-sided legal memorandum containing unfounded and defamatory allegations against MRA to the venture community. Now they seek to hide behind a thicket of hyper-technical excuses to avoid sanctions for their egregious behavior. MRA's contentions are straightforward: Ovion and its counsel served (without giving prior notice to MRA) some 30 copies of their memorandum, which contained baseless allegations of criminal conduct by MRA (the "Extortion Memorandum"), to MRA's most important business contacts. Such widespread dissemination was neither proper nor necessary, and MRA seeks relief from this Court.

### A. There Is No Excuse for Ovion's Dissemination of the Extortion Memorandum.

None of Ovion's or its counsel's excuses for publishing the Extortion Memorandum can justify their conduct. Ovion argues that it could send the Extortion Memorandum to anyone because it is publicly available in the Court files. Opp. at 2. However, the mere fact that a document is publicly available does not condone its widespread dissemination. *See, e.g., CEO Marketing Promotions Co. v. Heartland Promotions, Inc.*, 739 F.Supp. 1150 (N.D. Ill. 1990) (sending copies of filed complaint to competitor's customers not privileged); *Kurczaba v. Pollock*, 742 N.E.2d 425 (Ill. 2000) (mass-mailing copies of publicly available amended complaint not privileged).

Ovion's actions are particularly offensive given the facts here. Ovion has provided no basis, other than bald statements of "information and belief," for the allegations set forth in the Extortion Memorandum that MRA engaged in criminal acts of extortion and fraud. Tellingly, Ovion had not raised such allegations in this Court in its Counterclaim or during the preliminary conference. These serious accusations surfaced for the first time on December 7, 2005, when Ovion filed an Opposition to MRA's motion for a protective order. Two weeks later, on

December 22, Ovion's counsel issued and began serving 52 subpoenas, along with the Extortion Memorandum. Ovion and its counsel made the criminal allegations with the intent to share them with MRA's business contacts, in order to smear MRA's reputation within the small venture capital community, and obtain an advantage in this lawsuit.

Ovion's inclusion of the Extortion Memorandum along with the subpoenas was unnecessary and unreasonable, and its explanation that the Extortion Memorandum was enclosed with the subpoenas to provide background information about the litigation is specious at best. First, no "background" information is required to comply with a properly drafted subpoena. Second, had Ovion truly been concerned with providing "background" it would have provided a copy of the Complaint and the Counterclaim, not the Extortion Memorandum. Finally, Ovion's decision not to serve the Extortion Memorandum with the reissued subpoenas is a clear admission that it should never have included the defamatory Memorandum in the first place.

**B.     Ovion Should Be Sanctioned for Not Giving Prior Notice, and Its Purportedly Remedial Attempts Do Not Mitigate the Damage Already Caused by the Dissemination of the Extortion Memorandum.**

Ovion claims that it was under no obligation to give prior notice of its intention to serve the Extortion Memorandum on the nonparties because Rule 45(b)(1) applies only to the service of the subpoena. This disingenuous and hyper-technical excuse is undermined by its own contention that the Extortion Memorandum was sent to explain the subpoena to the nonparties. Ovion cannot have it both ways: it cannot contend that the only reason why it sent the Extortion Memorandum was to provide background to the subpoenas, and at the same time contend that the Rule governing the service of subpoenas cannot apply to the service of the Extortion Memorandum.

Further, Ovion's purportedly remedial attempt, of withdrawing the subpoenas served prior to notice to MRA and issuing new subpoenas, cannot undo the damage and severe prejudice it has already caused to MRA. The nonparties have already received and reviewed the Extortion Memorandum. Indeed, as Ovion points out in the Opposition, several nonparties have found the Extortion Memorandum "useful," indicating that they have essentially adopted the

2

version of the dispute as Ovion presented in the Extortion Memorandum. Opp. at 8-9. Serious damage to MRA's business reputation has therefore already been done.

### C. The Litigation Privilege Does Not Shield Ovion or Its Counsel from Their Improper Conduct.

The litigation privilege does not shield defamatory statements made in the course of litigation where, as here, the publication of such statements was unnecessary or unreasonable.[1] *Sullivan v. Birmingham*, 11 Mass.App.Ct. 359, 362 (1981); *F.B. Leopold Co. v. Roberts Filter Manu. Co.*, 882 F.Supp.433 (W.D. Penn. 1995); *Kurczaba v. Pollock*, 742 N.E.2d 425 (Ill. 2000). As one court has noted, "while a defamatory pleading is privileged, that pleading cannot be a predicate for dissemination of the defamatory matter to the public or third parties not connected with the judicial proceeding. Otherwise, to cause great harm and mischief a person need only file false and defamatory statements as judicial pleadings and then proceed to republish the defamation at will under the cloak of immunity." *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698 (8th Cir. 1979) (cited with approval by the Appeals Court of Massachusetts in *Sullivan*). Close scrutiny is required where claims of litigation privilege are made concerning out-of-court statements: "[T]here is need for particularly close attention to the factual circumstances, recognizing that unlike statements made in court, these communications are not cabined by a litigant's recognition that contempt of court may follow if they are outrageously unnecessary and intemperate . . . ." *Id.*

Even if the litigation privilege were applicable to their conduct (which MRA strenuously disputes), the privilege would not give Ovion and its counsel immunity from sanctions in this case. The litigation privilege shields litigants and attorneys from defamation claims in *separate* actions precisely because the court in which the underlying litigation is proceeding has the power to control their conduct within that litigation. This Court has the inherent power to issue

---

[1] Indeed, as an initial matter, Ovion cannot establish that the widespread dissemination of the Extortion Memorandum can be considered to be "in the conduct of litigation," a prerequisite to a finding of litigation privilege, since there is no credible or legitimate reason for disseminating the memorandum to the third parties, as discussed above.

3

~SANF1:337195.v2

sanctions in order to control the course of the litigation before it. *Syrjala v. Total Healthcare Solutions, Inc.*, 186 F.R.D. 251 (D.Mass. 1999); *see also Murphy v. Board of Educ. of Rochester Sch. Dist.*, 196 F.R.D. 220 (W.D.N.Y. 2000) (exercising its inherent sanctioning power for counsel's failure to issue subpoenas without prior notice to opposing parties).

### D.   MRA Has Properly Objected to the Subpoenas.

Ovion's statement that MRA has not raised any proper objection to the subpoena is patently false.[2] MRA has properly objected to the subpoenas as being overbroad and harassing, pursuant to Rule 45(c)(3)(A). *See Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38 (1st Cir. 2003) (quashing subpoena which was unduly broad and overly burdensome). Several of the subpoenaed parties have also asserted similar objections. Opp., Exhs. F, H, I.

For the foregoing reasons, MRA respectfully requests that the Court grant its motion to quash and for sanctions. This Court can and should impose sanctions on Ovion and its counsel for violating Rule 45(b)(1). *See Spencer v. Steinman*, 179 F.R.D. 484, 489 (E.D.Pa. 1998). Thus MRA requests that the Court quash all the nonparty subpoenas issued by Ovion, award MRA its costs for bringing this motion, require Ovion to return any documents obtained by the subpoena (after having first provided copies to MRA), bar Ovion from issuing further nonparty subpoenas

---

[2] Although Ovion contends that a party has no standing to seek to quash a subpoena absent some personal right or privilege with respect to the documents sought (Opp. at 12), Rule 45 contains no such limitation, and MRA has not found any First Circuit or Massachusetts District Court authority adopting such a rule. Even if such a limitation were to apply, MRA's personal or privacy rights are implicated by Ovion's overbroad subpoenas. "[A]ll documents and things concerning" MRA, counterdefendant David Musket (MRA's president), and Sue Ann Latterman (MRA's employee) necessarily implicate the personal or privacy rights of these parties. Similarly, "all documents and things concerning" ProMed, DBM, and DBM Corporate Consulting Ltd., none of whom played any role in MRA's six-month engagement with Ovion, implicate David Musket's rights to the extent this request is designed to harass Mr. Musket by seeking documents concerning his other ventures.

4

in this case without prior approval from this Court, and require Ovion to write letters to the nonparties as set forth in MRA's motion.

    Respectfully submitted,

MUSKET RESEARCH ASSOCIATES, INC.,
DAVID B. MUSKET and
SUE ANN LATTERMAN
By their attorneys,

   /s/ Brooks A. Ames
Brooks A. Ames (BBO #641192)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA 02110-2613
(617) 406-6000 *(telephone)*
(617) 406-6100 *(fax)*

Arthur S. Beeman (admitted pro hac vice)
Pamela K. Fulmer (admitted pro hac vice)
DLA PIPER RUDNICK GRAY CARY US LLP
153 Townsend Street, Suite 800
San Francisco, CA 94107
(415) 836-2541 *(telephone)*
(415) 836-2501 *(fax)*

Dated: January 25, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSKET RESEARCH ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OVION, INC., WILLIAM S. TREMULIS, ) <br> and JEFFREY P. CALLISTER, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> OVION, INC., ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> MUSKET RESEARCH ASSOCIATES, INC., ) <br> DAVID B. MUSKET, and ) <br> SUE ANN LATTERMAN, ) <br> ) <br> Counterdefendants. ) <br> _____) | No. 05 10416 MEL |

### [PROPOSED] ORDER GRANTING
### MUSKET RESEARCH ASSOCIATES, INC.'S
### EMERGENCY MOTION TO QUASH AND FOR SANCTIONS

On motion of plaintiff and counterdefendant Musket Research Associates, Inc. ("MRA"), after notice and hearing held, this Court having considered the papers and arguments presented, IT IS HEREBY ORDERED THAT MRA's Emergency Motion to Quash and for Sanctions is GRANTED. IT IS FURTHER ORDERED THAT:

    1.    All subpoenas issued by Defendant and Counterclaimant Ovion, Inc. ("Ovion") on or about December 22, 2005, to the extent they have not been withdrawn, are hereby quashed.

1

2. All subpoenas issued by Ovion on or about January 9, 2006, are hereby quashed.

3. Ovion shall pay MRA its reasonable costs, including attorneys' fees, for bringing MRA's Emergency Motion to Quash and for Sanctions, no later than February __, 2006.

4. Ovion shall provide to MRA by January __, 2006, any documents Ovion obtained from nonparties in response to Ovion's subpoenas.

5. Within one business day after providing such documents to MRA, Ovion shall return any documents Ovion obtained in response to its subpoenas to the nonparty that produced such documents.

6. Until further order of this Court, Ovion shall not issue any subpoenas in this action without first obtaining approval of this Court, giving MRA at least 14 days' prior notice of Ovion's application for such approval.

7. By no later than February __, 2006, Ovion shall send a letter to each nonparty that was served with a subpoena issued on or about December 22, 2005 or January 9, 2006, requesting such nonparty to return Ovion's Memorandum in Support of Motion to Compel (the "Memorandum") and stating that Ovion improperly attached it to the subpoena and has been sanctioned by this Court for doing so.

8. By no later than February __, 2006, Ovion shall send a letter of apology to MRA, David B. Musket, and Sue Ann Latterman, apologizing for sending the Memorandum to the nonparties, and Ovion shall forward a copy of such letter to all of the nonparties on whom Ovion served the Memorandum.

SO ORDERED,

_____
Hon. Morris E. Lasker
United States District Court

SANF1\337628.1