**E N D O R S E M E N T**

MUSKET RESEARCH ASSOCIATES, INC. v. OVION, INC., WILLIAM S.
TREMULIS, and JEFFREY P. CALLISTER
05-CV-10416-MEL

LASKER, D.J.

Plaintiff Musket Research Associates, Inc. ("Musket") moves to quash the non-party subpoenas issued by Ovion, Inc. ("Ovion"). Musket contends that the subpoenas were issued in violation of Fed. R. Civ. P. 45(b)(1) and seeks sanctions against Ovion's counsel for this impropriety.

It is not disputed that Ovion violated Rule 45(b)(1) by failing to give Musket prior notice of approximately twenty-five non-party subpoenas. Ovion has admitted to and apologized for this error. I find no evidence that Ovion's violation was ill-intentioned, and Ovion has reasonably cured the damage by withdrawing and properly re-issuing the subpoenas.

Musket also complains that Ovion flouted the spirit of Rule 45(b)(1) by attaching a defamatory memorandum to the subpoenas, essentially accusing Musket of extorting its clients by threatening frivolous lawsuits. I make no determination as to whether such accusations are actionable. Given Ovion's explanation that the memorandum was included in a good faith effort to provide subpoenaed parties with background information about the case, and given that the memorandum was publicly available on the Court docket, I find that the memorandum was not improperly provided to third parties. Nevertheless, Ovion's actions were highly inadvisable in that they unnecessarily inflamed the relationship between the parties. The parties are therefore instructed not to follow this practice during the remainder of the litigation.

Accordingly, Musket's motion to quash is DENIED. However, Ovion is ordered to pay Musket's costs, including reasonable attorneys' fees, for bringing the motion caused by the acknowledged violation.

It is so ordered.


Dated:   January 26, 2006
         Boston, Massachusetts     /s/ Morris E. Lasker
                                         U.S.D.J.