UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

|  |  |
|---|---|
| MUSKET RESEARCH ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OVION, INC., WILLIAM S. TREMULIS, ) <br> and JEFFREY P. CALLISTER, ) <br> ) <br> Defendants. ) <br> ) <br> And related Counterclaims. ) <br> ) | No. 05 CV-10416 MEL |

### AFFIDAVIT OF PAMELA K. FULMER IN SUPPORT OF MUSKET RESEARCH ASSOCIATES REQUEST FOR SANCTIONS RELATING TO EMERGENCY MOTION TO QUASH

I, Pamela K. Fulmer, depose and state as follows:

1.      I am a Partner with the law firm of DLA Piper Rudnick Gray Cary, LLP, ("DLA Piper") counsel of record for Plaintiff and Counter-defendant Musket Research Associates Inc. ("MRA") and Counter-defendants David Musket and Sue Ann Latterman in this action. I have personal knowledge of the matters stated herein, and if called as a witness, could and would testify competently thereto.

2.      On January 26, 2006 this Court entered an Order on MRA's Emergency Motion to Quash Subpoenas. The Court's order recognized that Defendant Ovion Inc. ("Ovion"), on its own admission, had violated Rule 45(b)(1) by not giving MRA and its counsel prior notice of certain third party subpoenas, prior to service of the subpoenas. The Court further ordered Ovion

to pay MRA's "costs including reasonable attorneys' fees, for bringing the motion caused by the acknowledged violation."

3. Ovion's failure to comply with Rule 45(b)(1) caused MRA to incur significant attorneys' fees and costs relating to the improper service of the subpoenas. First, despite the fact that MRA pointed out Ovion's clear violation of the Rule during the first week of January, 2006, Ovion initially refused to acknowledge that any violation had occurred. In addition, Ovion refused to withdraw the subpoenas as specifically requested by counsel for MRA, necessitating MRA to file the Emergency Motion to Quash. As a result, this forced MRA to engage in expensive legal and factual research regarding the issue, and to confer with Ovion's counsel in lengthy correspondence, as well as telephonically. Second, many of the venture funds that received subpoenas were important business contacts of MRA. Thus MRA's principals were justifiably concerned about the possible negative effect of the subpoenas (and the Defamatory Memorandum) on these key relationships. This concern translated into multiple calls to counsel, which were very time consuming. Third, the sheer volume of the subpoenas meant that a large amount of attorney time was required just figuring out the scope of the service, and what third parties had been served at any given time. Fourth, the serious potential impact to the reputation of the client and the high degree of concern generated by Ovion's actions, required extensive partner involvement and advice on the issues. Finally, because the subpoenas were served nationwide, a great deal of effort was expended exploring the potential for relief in multiple jurisdictions.

4. Based on the Court's January 26, 2006 Order, I reviewed our law firm's invoices to MRA, in order to determine the total amount of attorneys' fees and costs incurred by MRA in connection with bringing the motion to quash. Based on my review, MRA has incurred at least a total of $62,398.00 in fees, and $1,845.00 in costs relating to the motion, for a total of $64,243.00. These fees and costs are broken down as follows:

| **Attorney or Paralegal** | **Time Spent** | **Hourly Rate** | **Total** |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| Arthur Beeman | 15.7 | $616.27 | $9,675 |
| Pamela Fulmer | 42.8 | 485.07 | 20,761 |
| Greg Jung | 32.9 | 440.00 | 14,476 |
| Brooks Ames | 48.2 | 326.99 | 15,761 |
| Nili Yavin | 8.5 | 168.00 | 1,428 |
| Jessica Manchester | .9 | 330.00 | 297 |

TOTAL FEES $62,398.00

MRA also incurred Westlaw charges of $1.845.00 relating to the motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this affidavit was executed on February 21, 2006 in San Francisco, California.

/s/
Pamela K. Fulmer

I hereby attest that I have on file all holograph signatures for any signature indicated by a "conformed" signature /s/ within this e-filed document.

/s/
Brooks A. Ames

SF\3124327.1
358547-1

3