IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ovion, Inc., <br> William S. Tremulis, and <br> Jeffrey P. Callister, <br><br> Defendants. <br><br> Ovion, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> Musket Research Associates, Inc., <br> David B. Musket, and <br> Sue Ann Latterman, <br><br> Counterdefendants. | Case No. 05-10416 MEL |

### AFFIDAVIT OF ROBERT L. HESS

I, Robert L. Hess, depose and say as follows:

1. My name is Robert L. ("Rob") Hess. I make this affidavit on my own personal knowledge.

2. I have substantial experience relating to the management of early stage companies, particularly in the area of medical devices. I was a founder of several medical device companies that ultimately went public or were acquired by larger corporations. I have served on

the board of directors for other early stage medical device companies, and I have invested in others.

3.  In June, 2004, I was serving as an outside member of the board of directors for Ovion, Inc. ("Ovion"). The other members of the board of directors were Jeff Callister and Steve Tremulis, who founded Ovion. Through a trust, my wife and I owned some Ovion stock (on the order of about 5% of Ovion's total capital stock). I was not an officer, agent, or employee of Ovion. I have never been an officer, agent, or employee of Ovion.

4.  At the time, Ovion was a small company with a focus on minimally invasive alternatives to surgical sterilization. Ovion was aware of two other companies working in this area: Conceptus, Inc. ("Conceptus") and Adiana, Inc. ("Adiana"). Conceptus had a product on the market with FDA approval. According to public reports, Adiana had made substantial progress towards FDA approval.

5.  At the time, Ovion had talked with some venture capital firms and potential corporate partners. Ovion was aware that any corporation interested in partnering with Ovion also could be interested in partnering with Conceptus or Adiana. I recommended that Ovion exercise caution in its discussions with potential corporate partners.

6.  In particular, I recommended that Ovion should not engage in substantive discussions with a corporation unless (1) the corporation demonstrated sincere interest and (2) the corporation provided assurances to protect Ovion's confidential information, such as a written confidentiality agreement. On the other hand, it is generally necessary to share some information in preliminary discussions in order to gauge the interest of the potential corporate partner and to reach an understanding about confidentiality. To a degree, these same concerns also apply to venture capital firms. Indeed, in my experience, any early stage company faces

2

similar concerns in a search for investors and business partners. These issues are matters of judgment for the leadership of the company and generally must be addressed on a case by case basis.

7. As of June, 2004, Ovion was focusing on venture capital firms and not corporations. During June and July of 2004, Ovion had no active, substantive discussions with potential corporate partners regarding either a placement of Ovion stock or a merger and acquisition.

8. In June, 2004, I introduced Jeff Callister and Steve Tremulis to David Musket of Musket Research Associates, Inc. ("MRA"). In July, 2004, Ovion retained MRA as a "nonexclusive finder/advisor" pursuant to signed Engagement Letter.

9. In June, 2004, I participated in several conversations with Mr. Musket and with his employee, Sue Ann Latterman. I have reviewed the affidavit of Mr. Musket (Docket No. 56) and the affidavit of Ms. Latterman (Docket No. 57), particularly as the affidavits relate to conversations in which I was involved. In the affidavits, the description of these conversations is not accurate.

10. In particular, during the conversations in which I was involved, we openly discussed the venture capital firms and corporations with which Ovion had opened communications. We also discussed our viewpoints regarding the circumstances under which it would be advisable to engage in discussions with venture capital firms and potential corporate partners. (*See* paragraph 6 above.) I did not state that Ovion was not pursuing, should not pursue, or would not pursue potential corporate partners, nor did Jeff Callister or Steve Tremulis make any such statement during the conversations in which I was involved. Likewise, I did not state that Ovion preferred to make a deal with venture capitalists as opposed to a corporation, nor

did Jeff Callister or Steve Tremulis make any such statement during the conversations in which I was involved. Indeed, during the conversations in which I was involved, Callister, Tremulis, and I clearly expressed that Ovion intended to purse all viable options, including venture capital firms and corporate partners.

Signed under the penalties of perjury this 27th day of February, 2006.

_Robert L. Hess_