

**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR  CHICAGO ILLINOIS 60661
(T) 312 775 8000    (F) 312 775 8100    www.mcandrews-ip.com

LELAND G. HANSEN
(T) 312 775 8013
lhansen@mcandrews-ip.com

September 4, 2007

**Via First Class Mail**

The Honorable Morris E. Lasker
United States District Court for
    the District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210

Re:    *Musket Research Associates, Inc. v. Ovion, Inc. et al.*
       *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
       Civil Action No. 05 10416 MEL

Dear Judge Lasker:

In this matter, we represent Counter-Plaintiff and Defendant Ovion, Inc. ("Ovion") and Defendants William S. Tremulis ("Tremulis") and Jeffrey P. Callister ("Callister") (collectively, the "Ovion Parties"). The Counter-Defendants are Musket Research Associates, Inc. ("MRA"), David B. Musket ("Musket") and Sue Ann Latterman ("Latterman") (collectively, the "Musket Parties"). MRA is the original Plaintiff. We submit this letter pursuant to the Court's order during the status conference on August 21, 2007.

1.    **Summary**

On May 15, 2006, this Court ruled in favor of the Ovion Parties and entered summary judgment against all nine counts of MRA's complaint. (Docket No. 79.) The Court specifically found that MRA's allegations were "altogether implausible" and that, even after "reviewing the evidence in the light most favorable to MRA, . . . no reasonable juror could find in favor of" MRA. (*Id.* at 6-7, 11.)

After the Court entered summary judgment against MRA, the Ovion Parties, through their attorneys, sent a <u>written</u> offer to the Musket Parties to settle the remaining issues in the case, including Ovion's counterclaims and costs and attorney fees. Specifically, on May 31, 2006, the Ovion Parties sent a letter with the following settlement offer:

[W]e propose settlement including the following essential terms:

- Entry of a consent judgment dismissing all claims and counterclaims with prejudice.

- Each side to release all claims, known and unknown, against the other side and it representatives.

# mcandrews
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 2 of 9

- All parties to pay their own costs and fees. Stipulation vacating the Court's order of January 26, 2006, as to any sanctions.[1]

- Appropriate protections for information designated as Confidential and Outside Counsel Eyes Only and information filed under seal.

**This offer will remain open until noon (12:00 pm CST) on Friday, June 2, 2006.**

(Ex. 1 at 2.) The Musket Parties, through their attorneys, accepted the offer <u>in writing</u>. The Musket Parties also requested that the Ovion Parties prepare a formal document memorializing the agreed terms. Specifically, on June 1, 2006, while the settlement offer was still open, counsel for the Musket Parties sent an email accepting the offered terms:

> We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

(Ex. 2.) Subsequently, the Musket Parties refused, however, to execute documents implementing the agreed terms, as discussed in detail below  In oral and written communication between counsel, the Musket Parties never disputed that the formal document set forth the agreed terms. Rather, the Musket Parties simply refused to abide by the agreed terms and sought to renegotiate first one term and then another.

Pursuant to well-established precedent, an enforceable settlement agreement was formed when the Musket Parties accepted the settlement offer from the Ovion Parties on June 1, 2006. In view of the <u>written</u> communications between the parties, the agreed terms are clear and unambiguous. (Notably, from the beginning of this litigation, a focus has been the unwillingness of the Musket Parties to abide by contractual terms, particularly terms reduced to writing.) The Ovion Parties respectfully request, therefore, that the Court compel the Musket Parties to abide by the settlement agreement between the parties and to execute all documents necessary to implement the agreed terms of settlement. Those documents, implementing the parties' agreement, are attached hereto as Exhibit 3.

---

[1] In the letter, the Ovion Parties also noted: "At the summary judgment hearing, Judge Lasker indicated that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash."



**mcandrews**
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 3 of 9

The settlement agreement between the parties resolved all open issues in this case. The case therefore can be closed when the settlement agreement is enforced. In the event, however, that the Court were to determine that it cannot enforce the essential terms of the settlement agreement, then the Ovion Parties respectfully request that the Court set a case management conference to establish a schedule for litigating all issues in the case that were not resolved when the Court entered summary judgment against MRA. As set forth below, the open issues included Ovion's counterclaims against the Musket Parties and the payment of costs and attorney fees.

2.    **Background**

    a.    **Ovion Retained MRA As A Nonexclusive Finder**

In July, 2004, Ovion was a small company with a focus on minimally invasive alternatives to surgical sterilization. (Docket No. 79 at 1.) Ovion was founded by Mr. Tremulis and Mr. Callister. (*Id.*) On July 21, 2004, Ovion retained MRA as a "nonexclusive finder/advisor" on the terms set forth in a written engagement letter. (*Id.* at 2.) MRA purports to specialize in securing venture capital financing for emerging health care companies. (*Id.* at 1.) Pursuant to the engagement letter, MRA agreed to provide certain services and also agreed that its compensation, if any, would depend on the realization of certain contingencies. (*Id.* at 2-4.) None of the contingencies were realized. (*Id.* at 3-4.)

    b.    **The Musket Parties Engaged In Self-Dealing And Failed To Perform**

If the present litigation continues, the Ovion Parties will take discovery to establish that, during the time period when MRA was representing Ovion, MRA engaged in self-dealing and failed to perform. Indeed, before Ovion retained MRA, Ovion had opened discussions with the only venture capital firm that made an offer. MRA urged Ovion to reject that offer. The Ovion Parties will take discovery to establish that MRA attempted to position Ovion for MRA's benefit, so that MRA and its principals could invest in Ovion on terms favorable to MRA. Among other things, MRA misled Ovion about the nature and scope of the work that MRA claimed to perform on Ovion's behalf.

    c.    **The Court Entered Summary Judgment Against MRA And Held That MRA's Claims Were "Altogether Implausible" Even When The Evidence Was Viewed In The Light Most Favorable To MRA**

Ovion eventually was acquired by American Medical Systems, Inc. ("AMS") on July 7, 2005. (Docket No. 79 at 4.) On March 7, 2005, after Ovion informed MRA that Ovion had agreed to negotiate exclusively with AMS, MRA filed this suit, asserting nine causes of action. (*Id.*) After Ovion moved for summary judgment, this Court expressly found that MRA's

**mcandrews**
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 4 of 9

allegations were "altogether implausible" and that, even after "reviewing the evidence in the light most favorable to MRA, . . . no reasonable juror could find in favor of" MRA. (*Id.* at 6-7, 11.)

### d.    The Musket Parties Attempted To Perpetrate A Fraud In This Court

Before the Court entered summary judgment, the Musket Parties attempted to perpetrate a fraud in this Court. In particular, the Musket Parties submitted affidavits, under penalty of perjury, with false and misleading recitations of alleged fact. (*See, e.g.,* Docket Nos. 56, 57 and 65.) If the present litigation continues, the Ovion Parties will take discovery to establish that the affiants knew that the statements of fact were false and misleading when they executed the affidavits.

### e.    The Issues Remaining After Entry Of Summary Judgment

After the Court entered summary judgment, certain issues in the case remained unresolved. In particular, the following issues were unresolved:

#### i.    Ovion's Counterclaims

If this case were to continue, Ovion would pursue its counterclaims against the Musket Parties. (Docket No. 18.) Notably, the Ovion Parties would suffer substantial prejudice because of the difficulty of recommencing discovery in view of the passage time since the June 1 settlement between the parties.

#### ii.    Ovion's Request For Fees And Costs

If this case were to continue, the Ovion Parties, as the prevailing parties, would seek costs and fees from MRA, particularly in light of the frivolous claims and false affidavits presented by MRA.

#### iii.    MRA's Request For Fees And Costs

Before the Court entered summary judgment, Ovion served subpoenas on a number of venture capital firms. Due to a clerical error, some of the subpoenas were not served on MRA before service on the subpoenaed parties. When the clerical error was discovered, Ovion promptly served MRA. In those instances where the subpoenaed parties were served first, MRA was served within only few days. Nevertheless, MRA strenuously objected. Ovion then voluntarily withdrew every subpoena for which MRA was not served before the subpoenaed



**mcandrews**
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 5 of 9

party. In short, Ovion did everything it reasonably could do to correct the clerical error and to address MRA's concerns.

Nevertheless, MRA filed a motion to quash the subpoenas. The Court denied MRA's motion. The Court also ordered Ovion, however, to pay MRA's costs, including reasonable attorneys' fees, for bringing the motion. (Docket No. 50.) MRA then filed an affidavit seeking almost $65,000 and falsely stating that "Ovion refused to withdraw the subpoenas as specifically requested by counsel for MRA, necessitating MRA to file" the motion to quash. (Docket No. 65.)

Subsequently, at the summary judgment hearing, Ovion raised this issue with the Court and pointed out (1) the excessive amount demanded by MRA and (2) that, before MRA filed the motion, Ovion voluntarily withdrew every subpoena for which MRA was not served before the subpoenaed party. Your Honor then indicated that the Court would rescind the award of costs and fees.

### iv.    Confidential Documents And Information

The Court did not enter a protective order in this case. When the Musket Parties accepted the settlement offer, they were fully aware, however, of Ovion's position regarding the treatment of confidential documents and information. (*See, e.g.*, Docket No. 78.) Moreover, the Musket Parties have confidentiality obligations pursuant to the original contract between Ovion and MRA.

### 3.    The Musket Parties Accepted A Settlement Offer <u>In Writing</u>

Shortly after the Court entered summary judgment against MRA, the Ovion Parties offered favorable terms to the Musket Parties to resolve the remaining issues in the case, including Ovion's counterclaims against the Musket Parties, the award of costs and fees, and treatment of confidential documents and information. In offering favorable terms to the Musket Parties, the Ovion Parties again demonstrated how they had tried to resolve the disputes between the parties in a cooperative fashion. The Ovion Parties never wanted to be involved in litigation; rather, they preferred to focus their energies and resources on developing the technology that they had invented. The Ovion Parties would not, however, be bullied by threats from the Musket Parties, even though the Musket Parties had far greater financial and litigation resources.

After initially ignoring the settlement offer from the Ovion Parties, the Musket Parties, through their attorneys, stated that they would respond by May 23, 2006. (Ex. A.) But by May 31, the Musket Parties still had not responded to the settlement offer. (*Id.*) Finally, on May 31,

*mcandrews*
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 6 of 9

2006, the Ovion Parties, through their attorneys, renewed the settlement offer <u>in writing</u> and stated that the offer would expire at noon on June 2:

> On behalf of our clients, I previously called you and conveyed a generous offer of settlement in the interest of putting this matter behind us. On or about May 22, 2006, you called me for clarification. At that time, you stated that we should expect your client's decision either later that day or the next day, May 23. I have not heard from you since that conversation. To summarize, we propose settlement including the following essential terms:
>
> - Entry of a consent judgment dismissing all claims and counterclaims with prejudice.
>
> - Each side to release all claims, known and unknown, against the other side and it representatives.
>
> - All parties to pay their own costs and fees. Stipulation vacating the Court's order of January 26, 2006, as to any sanctions.[2]
>
> - Appropriate protections for information designated as Confidential and Outside Counsel Eyes Only and information filed under seal.
>
> **This offer will remain open until noon (12:00 pm CST) on Friday, June 2, 2006.**

(Ex. 1.) On June 1, 2006, the Musket Parties, through their attorneys, stated <u>in writing</u> that they accepted the terms offered by the Ovion Parties and requested that the Ovion Parties prepare a formal document "memorializing" the agreed terms. Specifically, on that date, counsel for the Musket Parties sent an email stating:

> We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

(Ex. 2.)

---

[2] In the letter, the Ovion Parties also noted: "At the summary judgment hearing, Judge Lasker indicated that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash." <u>The Musket Parties did not dispute this statement</u>.



**mcandrews**
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 7 of 9

4.    **The Musket Parties Refused To Execute Documents To Implement The Settlement Agreement**

Although the Musket Parties had accepted the settlement offer before it expired, the Musket Parties subsequently stalled, delayed and ultimately refused to execute documents implementing the agreed terms. The Musket Parties never disputed that the formal documents implemented the agreed terms. Rather, the Musket Parties sought to renegotiate first one term and then another. <u>In other words, the issue is not whether the formal documents are consistent with the agreed terms. The issue instead is whether the Musket Parties will abide by the terms that they accepted in writing.</u>

More specifically, as the Musket Parties requested, counsel for the Ovion Parties prepared formal documents "memorializing" the agreed terms and provided the documents to counsel for the Musket Parties. (Ex. 3.) In addition to the agreed terms, the Ovion Parties included other terms customary in formal settlement agreements. (*Id.*, ¶¶ 9-25.) <u>The Musket Parties have never objected to these additional terms.</u>

Counsel for the Ovion Parties emailed the formal documents on June 6, 2006. (Ex. 3.) On June 9, 2006, counsel for the Musket Parties sent an email stating that they would not abide by the agreed terms. (Exs. 4 and 5.) Specifically, the Musket Parties would not execute a document releasing all claims, "known and unknown," and would not destroy confidential documents and information received from the Ovion Parties. (Ex. 5.)

<u>Notably, the Musket Parties did not object to the provisions addressing costs and fees, including costs and fees associated with the motion to quash. Likewise, the Musket Parties did not dispute Ovion's statement that Your Honor intended to rescind the award of costs associated with the motion to quash.</u> (Ex. 5.)

The Ovion Parties then informed the Musket Parties that they should abide by the agreed terms. (Ex. 6.) For almost six weeks, the Musket Parties delayed and stalled. (Exs. 7 and 8.) Finally, in a telephone conversation, counsel for the Musket Parties again refused to abide by the agreed terms and (1) insisted that the mutual release extend beyond the date when the parties agreed to settle and (2) demanded, <u>for the first time</u> since the summary judgment order, that Ovion pay costs and fees associated with the motion to quash, albeit a lesser amount than their demand submitted to the Court. (Ex. 8; Docket No. 65.)

On August 16, 2006, the Ovion Parties again requested that the Musket Parties execute documents implementing the terms that they accepted on June 1, 2006. (Ex. 9.) The Musket Parties again refused, this time in writing. (Ex. 10.) And, <u>for the first time</u>, the Musket Parties



**mcandrews**
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 8 of 9

disputed the statement from the Ovion Parties that Your Honor had indicated that the Court would vacate the award of costs associated with the motion to quash. (*Id.*) In other words, the Musket Parties did not dispute that statement for two and a half months, despite ample opportunity to do so.

The Ovion Parties decided not to pursue the matter further because (1) the agreement entered by the parties on June 1, 2006, is enforceable and resolves all remaining material issues in the case and (2) the court docket indicated that the case was closed (apparently due to a clerical error). The Ovion Parties would have a cause of action against the Musket Parties if they breached the agreed terms settling the case, even if they never executed the formal documents implementing the agreement.

**5.    The Ovion Parties Respectfully Request That The Court Enforce The Settlement Agreement And Close The Case Pursuant Thereto**

It is well-established that this Court has the authority to enforce the settlement agreement between the parties and to compel the Musket Parties to execute the formal documents implementing the terms that they accepted on June 1, 2006. *Chaganti & Assoc, P.C. v. Nowotny*, 470 F.3d 1215, 1219 (8th Cir. 2006) (affirming order compelling a litigant to execute documents implementing a settlement terms that the litigant accepted "in principle").

"As any litigator or judge can attest, the best case is a settled case. * * * Whereas garden-variety contract negotiations implicate the interests of the contracting parties, settlement negotiations which take place in the context of ongoing litigation implicate the courts as well. There is an institutional interest in the solemnity of such agreements, in bringing certainty to the process, and in minimizing the opportunities for lawyers and litigants alike to act as Monday morning quarterbacks. . . In a very real sense, all of the parties—and the court, as an institution—win when litigation is settled amicably short of trial." *Mattewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850, 852, 857 (1st Cir. 1987). "Because settlement agreements enjoy great favor with the courts, . . . it is only in the most extraordinary circumstances that such a pact will be vacated." *Flebotte v. Dow Jones & Co.*, 2001 U.S. Dist. LEXIS 21327, at *9 (D. Mass. 2001).

Where an offer has been accepted, courts "have rejected the argument that there can be no agreement until a document is executed." *Kinan v. Cohen*, 268 F.3d 27, 33 (1st Cir. 2001); *see also Ramirez v. DeCoster*, 2000 U.S. Dist. LEXIS 21946, at *12 (D. Maine 2000) ("The fact that the parties also manifest an intention to prepare and adopt a written memorial of their agreement does not necessarily mean that no contract has been created."). Moreover, a "settling party—no matter how acute its buyer's remorse—may not assert ambiguity to undo the settlement when the record contains an agreement that is clear on its face" *Medinol, Ltd. v. Guidant Corp.*, 2007 U.S. Dist. LEXIS 57942, at *21 (S.D.N.Y. 2007).



**mcandrews**
McANDREWS HELD & MALLOY LTD

The Honorable Morris E. Lasker
September 4, 2007
Page 9 of 9

As described in detail above, the Musket Parties accepted the settlement offer on June 1, 2006. In subsequent communications between counsel, the Musket Parties have <u>never</u> (1) denied accepting the offer, (2) or claimed that the agreed terms were ambiguous, (3) or denied that the formal documents prepared by the Ovion Parties implement the agreed terms, (4) or objected to any of the additional terms which are common to settlement agreements. Rather, the Musket Parties simply have refused to execute documents to implement the same terms that they accepted on June 1, 2006.

<u>Accordingly, the Ovion Parties respectfully request that the Court enforce the June 1 agreement between the parties and compel the Musket Parties to execute the documents attached hereto as Exhibit 3, effective June 1, 2006.</u> This will resolve all issues in the case that remained after the Court entered summary judgment against MRA. This case can be closed when the documents attached as Exhibit 3 have been executed by the parties and the Court.

6.    **If The Court Does Not Enforce The Settlement Agreement, The Ovion Parties Respectfully Request That The Court Set A Status Conference To Establish A Schedule For Litigating The Outstanding Issues**

As set forth above, the Court should enforce the June 1 agreement between the parties, which settles all remaining issues in the case. In the event, however, that the Court does not enforce the June 1 settlement agreement, the Ovion Parties respectfully request that the Court set a status conference to establish a schedule for litigating the outstanding issues in the case. The Ovion Parties will need to recommence discovery relating to their counterclaims and submit a motion for fees and costs as the prevailing party on MRA's frivolous claims.

Respectfully submitted,

Leland G. Hansen
*Counsel for Ovion, Inc., William S.*
*Tremulis, and Jeffrey P. Callister*

c:  Arthur S. Beeman
    Pamela K. Fulmer
    Brooks A. Ames

# EXHIBIT 1

**Leland Hansen**

**From:**       Nellie Painter
**Sent:**       Wednesday, May 31, 2006 5:19 PM
**To:**         'arthur.beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
**Subject:**    Musket Research Associates, Inc. v. Ovion, Inc., et al.

**Attachments:**   Beeman 05 31 06.pdf



Beeman 05 31
06.pdf (156 KB)

*Sent on behalf of*

*Leland G. Hansen*

Nellie Painter
McAndrews, Held & Malloy
500 West Madison Street
Suite 3400
Chicago, IL 60661
(312) 775-8285 Direct
(312) 775-8100 Fax

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. MCANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. MCCAULLEY JR.
PETER J. MCANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN B. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. MCBRIDE
PATRICIA J. MCGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD M. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO

JENNIFER E. LACROIX
JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF

CONSUELO G. ERWIN
PETER J. PROMMER
MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. MCANDREWS
ANDREW B. KARP
LEONARD D. CONAPINSKI
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
PATRICK V. BRADLEY
CHRISTINA F. POLYN

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

May 31, 2006

**Via Email and Overnight Courier**

Arthur S. Beeman
DLA Piper Rudnick Gray Cary US LLP
153 Townsend Street, Suite 800
San Francisco, California 94107-1957

> Re:    *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
> *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
> Civil Action No. 05 10416 MEL

> **Confidential Settlement Offer Pursuant To F.R.E. 408**

Dear Art:

I am writing to follow up regarding our clients' offer to settle this matter. As you are aware, the Court entered summary judgment on multiple, independent grounds against each of MRA's claims. Ovion has counterclaims against MRA, Musket, and Latterman. We believe that Ovion is likely to prevail on the merits of those counterclaims. In addition, Ovion, Tremulis, and Callister are entitled to costs associated with MRA's claims, and we believe that fees also should be assessed against MRA. The Court specifically found that MRA's assertions were "altogether implausible" and that "no reasonable juror could find in favor of MRA." (Summ. J. Order, 05/15/06, at 11.) Your clients initiated this lawsuit despite Ovion's attempt to resolve the matter without litigation. MRA's claims were without merit. Ovion, Tremulis, and Callister are the aggrieved parties.

That said, our clients are not inclined to spend their resources and energies in litigation, as we told you from the beginning. On the other hand, they will not capitulate to the threat of unfounded litigation and the expenses and disruptions associated therewith. As we have demonstrated, our clients would rather prevail on the merits, even if it involves litigation, than give consideration for baseless claims.

On behalf of our clients, I previously called you and conveyed a generous offer of settlement in the interest of putting this matter behind us. On or about May 22, 2006, you called

# McANDREWS, HELD & MALLOY, LTD.

Arthur S. Beeman
**Confidential Settlement Offer Pursuant To F.R.E. 408**
May 31, 2006
Page 2

me for clarification. At that time, you stated that we should expect your clients' decision either later that day or the next day, May 23. I have not heard from you since that conversation. To summarize, we propose settlement including the following essential terms:

- Entry of a consent judgment dismissing all claims and counterclaims with prejudice.

- Each side to release all claims, known and unknown, against the other side and its representatives.

- All parties to pay their own costs and fees. Stipulation vacating the Court's order of January 26, 2006, as to any sanctions.[1]

- Appropriate protections for information designated as Confidential and Outside Counsel Eyes Only and information filed under seal.

**This offer will remain open until noon (12:00 pm CST) on Friday, June 2, 2006.**

I cannot imagine any good reason why your clients would not accept this offer. If, however, your clients do not accept the offer by the time and date given above, then Ovion intends to pursue its counterclaims with vigor. Discovery in support of those counterclaims will shed light on your clients' business practices, including (1) the failure to actively solicit alleged "MRA Contacts"; (2) conflicts of interest between MRA and its clients, particularly where MRA reserves the right to invest in its clients on terms that MRA itself negotiates; and (3) unfounded threats of litigation to force clients to give consideration to which MRA is not entitled. Nevertheless, in the interest of putting this matter behind them, our clients are prepared walk away, *without demanding money from MRA*, despite our clients' strong feelings about MRA's inappropriate conduct in this matter.

I hope to hear from you soon and that this matter can be resolved quickly and amicably.

Sincerely,

Leland G. Hansen

cc: Brooks A. Ames (via email only)

---

[1] At the summary judgment hearing, Judge Lasker indicated that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash. In view of the Court's letter of March 23, 2006, we have not pursued the matter pending the Court's summary judgment ruling.

EXHIBIT 2

Leland Hansen

| | |
|---|---|
| **From:** | Pam.Fulmer@dlapiper.com |
| **Sent:** | Thursday, June 01, 2006 7:39 PM |
| **To:** | Leland Hansen |
| **Cc:** | Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com |
| **Subject:** | Your Letter of May 31, 2006 |
| **Attachments:** | Beeman 05 31 06.pdf; ENVELOPE.TXT |

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam


**Pamela K. Fulmer**
Partner

**DLA Piper Rudnick Gray Cary US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107

415.836.2541 **T**
415.836.2501 **F**
415.601.1923 **M**
pam.fulmer@dlapiper.com
www.dlapiper.com

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

9/4/2007

EXHIBIT 3

| From: | Leland Hansen |
|---|---|
| Sent: | Tuesday, June 06, 2006 12:04 PM |
| To: | 'Pam.Fulmer@dlapiper.com' |
| Cc: | 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com' |
| Subject: | RE: Your Letter of May 31, 2006 |
| Attachments: | Stipulation and Dismissal.doc; Exhibit B.pdf; Settlement and Release Agreement mhm1.doc |

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval. I would appreciate an indication of when you expect to complete your review.

Leland

---

**From:** Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
**Sent:** Thursday, June 01, 2006 7:39 PM
**To:** Leland Hansen
**Cc:** Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
**Subject:** Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

**Pamela K. Fulmer**
Partner

**DLA Piper Rudnick Gray Cary US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107

415.836.2541 **T**
415.836.2501 **F**
415.601.1923 **M**
pam.fulmer@dlapiper.com
www.dlapiper.com

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email

administrator directly, send to postmaster@dlapiper.com

Thank you.

## [DRAFT] SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement"), is made effective the 1st day of June, 2006, by and among Musket Research Associates, Inc. ("MRA"), David B. Musket ("Musket"), Sue Ann Latterman ("Latterman"), Ovion, Inc. ("Ovion"), William S. Tremulis ("Tremulis"), and Jeffrey P. Callister ("Callister") (each individually a "Party" and collectively the "Parties").

WHEREAS, the Parties adopt the following additional definitions for purposes of this Agreement:

A.    "MRA Parties" means MRA, Musket, Latterman, and their respective predecessors, successors, heirs, executors, administrators, assigns, affiliates, related business entities, stockholders, officers, directors, attorneys, agents, partners, servants, employees and representatives.

B.    "Ovion Parties" means Ovion, Tremulis, Callister, and their respective predecessors, successors, heirs, executors, administrators, assigns, affiliates, related business entities, stockholders, officers, directors, attorneys, agents, partners, servants, employees and representatives.

C.    "Litigation" means Civil Action No. 05-10416 MEL in the United States District Court for the District of Massachusetts.

D.    "Stipulation And Order Of Dismissal" means the form attached to this Agreement as Exhibit A.

E.    "Nondisclosure Agreement" means the Nondisclosure Agreement, dated June 17, 2004, between MRA and Ovion, which is attached to this Agreement as Exhibit B.

F.    "Released Matters" means any and all manner of debts, demands, liabilities, accounts, sums of money, liens, costs, expenses, obligations, agreements, suits, actions, claims and causes of action of any kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, at law or in equity, which the MRA Parties or the Ovion Parties now owns or holds, or at any time heretofore owned or held, by reason of any act, matter, cause or thing whatsoever; notwithstanding any provisions in this Agreement, the Released Matters do not include the Nondisclosure Agreement or any violations or breaches of the Nondisclosure Agreement occurring after the date of this Agreement.

G.    "Outside Counsel" means, for the MRA Parties, the law firm of DLA Piper Rudnick Gray Cary US LLP, and, for the Ovion Parties, the law firm of McAndrews, Held & Malloy, Ltd. and the law firm of Banner & Witcoff, Ltd.

H.    "Producing Party" means any Party that produced, disclosed or provided information, directly or indirectly, to an adverse Party in relation to or for purposes of the Litigation.

I.    "Receiving Party" means any Party that received information produced, disclosed or provided by an adverse Party, directly or indirectly, in relation to or for purposes of this Litigation.

**WHEREAS**, based on the terms of this Agreement, the Parties desire to settle and compromise their claims, defenses, counterclaims, differences, and causes of action including, but not limited to, those arising out of or comprising the Litigation, and to avoid the expense and inconvenience of further litigation.

**NOW, THEREFORE**, in consideration of the mutual covenants expressed herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.      Within ten (10) days of the date of this Agreement, the Parties shall seek to dismiss all of the claims, defenses, and counterclaims in the Litigation, with prejudice, and to vacate the order of January 26, 2006, by executing and submitting the Stipulation And Order Of Dismissal attached to this Agreement as Exhibit A.

2.      In partial consideration of the terms of this Agreement, and conditioned upon execution and entry of the Stipulation And Order Of Dismissal, the MRA Parties on the one hand and the Ovion Parties on the other hand hereby release and discharge each other from the Released Matters.

3.      In executing this Agreement and in receiving the consideration called for by this Agreement, the Parties intend that this Agreement shall comprise a full and final accord and mutual release of all the Released Matters.  Each of the MRA Parties and the Ovion Parties acknowledges that it is aware that it or its representatives may hereafter discover claims or facts in addition to or different from those which it now knows or believes to exist with respect to the Released Matters, but that it is its intention hereby to fully and finally and forever settle and release all Released Matters, whether known or unknown.  The releases given herein shall remain as full and complete releases notwithstanding the discovery or existence of any such additional or different claim or fact.

4.      Each of the MRA Parties and the Ovion Parties hereby waive, with respect to the release of Paragraph 2 above, the rights and benefits of Section 1542 of the Civil

Code of California, and all similar federal or state laws, rights, rules, or legal principles of any jurisdiction which may be applicable, to the extent that such rights and benefits may contravene a provision of this Agreement. Section 1542 of the Civil Code of California provides:

> **1542. GENERAL RELEASE: EXTENT.**
>
> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

5.     Each of the MRA Parties on the one hand and each of the Ovion Parties on the other hand hereby covenant not to bring any demand, claim or cause of action against the other with respect to the Released Matters.

6.     Within thirty (30) days of the execution and entry of the Stipulation and Order Of Dismissal, each Receiving Party shall:

a.     destroy or return to each adverse Producing Party, or its attorneys of record, all information, documents, and things produced, disclosed, or provided by the adverse Producing Party, directly or indirectly, in relation to or for purposes of the Litigation;

b.     destroy all notes, memoranda or other documents or records which contain excerpts of, summaries of, or otherwise include information derived from any

Draft Settlement and Release Agreement                              Page 4 of 10

information, documents, or things produced, disclosed, or provided by any adverse Producing Party, directly or indirectly, in relation to or for purposes of the Litigation;

        c.     deliver to each adverse Producing Party, or its attorneys of record, written confirmation that there has been compliance with the terms of this Paragraph 6;

        d.     notwithstanding any provision in this Agreement, Outside Counsel for each Party may retain a copy of all pleadings and all information, documents, and things produced, disclosed, or provided in relation to or for purposes of the Litigation, which information, documents and things shall not be disclosed by Outside Counsel to anyone for any purpose absent a court order directing such disclosure.

7.     No Receiving Party shall use or disclose any information, documents, or things produced, disclosed, or provided by any adverse Producing Party, directly or indirectly, in relation to or for purposes of the Litigation unless the information, documents or things are publicly known or become publicly known by means other than an unauthorized act or omission on the part of the Receiving Party or its representatives and employees; notwithstanding the foregoing provisions of this Paragraph 7, any Party may disclose and use its own information, documents and things.

8.     Within thirty (30) days of the execution and entry of the Stipulation and Order Of Dismissal, MRA, Musket and Latterman shall:

        a.     destroy or return to Ovion, or its attorneys of record, all information, documents and things provided to any of MRA, Musket and Latterman pursuant to the Nondisclosure Agreement;

        b.     destroy all notes, memoranda or other documents or records which contain excerpts of, summaries of, or otherwise include information derived from any

information, documents or things provided to any of MRA, Musket and Latterman pursuant to the Nondisclosure Agreement; and

        c.      deliver to Ovion, or its attorneys of record, written confirmation that there has been compliance with the terms of this Paragraph 8.

9.      In accordance with the policies concerning settlement agreements, neither this Agreement, nor any of the subject matter hereof, shall be admissible for any purpose in any litigation, except in a proceeding or action to enforce the terms of this Agreement.

10.     The Parties to this Agreement acknowledge that they have read and understood this Agreement, have been represented by counsel of their own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement, and have entered into this Agreement voluntarily and free of duress, undue influence, or coercion.

11.     This Agreement, including exhibits, contains the entire and only agreement between the MRA Parties on the one hand and the Ovion Parties on the other hand with respect to the subject matter of the Agreement and supersedes all previous negotiations, discussions, drafts, and agreements. This Agreement shall not be modified, amended, or otherwise changed except by a writing executed by the Parties.

12.     No promise, inducement, statement, representation, warranty or agreement not contained in this Agreement has been made to any of the Parties, and each of the Parties has entered into this Agreement without reliance upon any such statement, warranty, promise, agreement or representation of any other Party hereto or any agent for any Party or Parties to this Agreement.

13.    This Agreement shall be deemed to be executed and performed in the State of California and shall be interpreted, governed, and construed in accordance with the laws of the State of California, without regard to its choice of law rules.

14.    The failure of any Party to enforce at any time any of the provisions of this Agreement shall not be construed as a waiver of any such provisions, nor as affecting the validity of this Agreement or any part thereof, nor as limiting the right of any Party to later enforce each and every such provision. No waiver of any breach of this Agreement shall be construed as a wavier of any other or subsequent breach.

15.    This Agreement may be executed in counterparts (each of which shall be deemed a original), and receipt by email or facsimile transmission of executed copies shall be legally binding.

16.    In the event that any provision of this Agreement is found to be prohibited by law and invalid, or for any other reason such provision is held unenforceable, in whole or in part, it shall be considered severable and shall be ineffective only to the extent of such prohibition, invalidity or unenforceability without invalidating or having any other adverse effect upon any other provision of the Agreement.

17.    No Party shall seek to terminate, rescind, or void this Agreement, including the covenants and releases granted herein, on the basis of a breach of the Agreement by any other Party unless such breach substantially deprives the non-breaching Party of the benefits of the Agreement. In the event of a breach that does not deprive the non-breaching Party of the benefits of the Agreement, the non-breaching Party may seek other remedies, including without limitation damages arising from the

breach and injunctive relief relating to the breach. If either the MRA Parties or the Ovion Parties believes the other has not complied in any material respect with this Agreement, they shall give the other written notice, specifying the acts or omissions constituting such material non-compliance. Material non-compliance with any provision of this Agreement shall not be grounds to terminate, rescind, or void this Agreement provided the materially non-complying entity cures such material non-compliance within sixty (60) days of receipt of such notice. The covenants granted under this Agreement shall continue in full force and effect in accordance with their respective terms notwithstanding any assertion of material non-compliance.

18. Neither the entering into this Agreement, nor any provision hereof, shall be deemed an admission by any of the MRA Parties or the Ovion Parties of any wrongdoing or liability, or of the merits of any position taken or proposed to be taken in the Litigation.

19. Nothing herein contained shall be deemed to create an agency, joint venture, partnership, or other relation between the MRA Parties on the one hand and the Ovion Parties on the other hand. The MRA Parties on the one hand and the Ovion Parties on the other hand are independent contractors and engaged in the conduct of their own respective businesses.

20. Any notice to a Party permitted or required under this Agreement shall be in writing and shall be sent by certified mail, return receipt requested or Federal Express to the respective addresses set forth below, or to such other addresses as the respective Parties may from time to time designate:

<u>For Ovion, Tremulis and Callister</u>:

  Leland G. Hansen
  Christopher V. Carani
  MCANDREWS, HELD & MALLOY, LTD.
  500 W. Madison Street, 34th Floor
  Chicago, Illinois 60661

<u>For MRA, Musket and Latterman</u>:

  Arthur S. Beeman
  Pamela K. Fulmer
  DLA PIPER RUDNICK GRAY CARY US LLP
  153 Townsend Street, Suite 800
  San Francisco, California 94107

Any such notice, report, statement or payment under this Agreement which is sent by prepaid certified mail or by Federal Express shall be deemed to have been duly made upon mailing, subject to proof of receipt.

21.   This Agreement has been prepared with the participation of all the Parties, as represented by their chosen counsel, and shall not be strictly construed against any Party.

22.   The signatories to this Agreement have full power, right and authority to execute this Agreement on behalf of the Parties hereto, and to enter into releases on behalf of the persons and entities identified herein.

23.   Each Party agrees to execute such additional documents or instruments as are specifically contemplated above or as otherwise may be reasonably required to carry out the intents and purposes of this Agreement.

24.    Each Party hereto irrevocably submits to the jurisdiction of the United States District Court for Massachusetts with respect to any claim arising out of this Agreement.

25.    In the event any Party hereto is prevented or is otherwise unable to perform any of its obligations under this Agreement due to fire, flood, earthquake, war, strikes, lockouts, labor troubles, materials shortages, failure of public utilities, injunctions, governmental actions, or other events beyond the reasonable control of the Party affected, the affected Party shall give notice promptly to the other Party in writing and, thereupon, the affected Party's nonperformance shall be excused and the time for performance of this Agreement shall be extended for the period of delay or inability due to such Force Majeure.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date set forth above.

MUSKET RESEARCH ASSOCIATES, INC.    OVION, INC.

By: _____    By: _____
Its:                                 Its:

DAVID B. MUSKET (individually)       WILLIAM S. TREMULIS (individually)


_____    _____

SUE ANN LATTERMAN (individually)     JEFFREY P. CALLISTER (individually)


_____    _____

Draft Settlement and Release Agreement                    Page 10 of 10

# EXHIBIT 3A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc., <br><br>            Plaintiff, <br><br>    v. <br><br> Ovion, Inc., <br> William S. Tremulis, and <br> Jeffrey P. Callister, <br><br>            Defendants. <br><br> ———————————————— <br> Ovion, Inc., <br><br>            Counterclaimant, <br><br>    v. <br><br> Musket Research Associates, Inc., <br> David B. Musket, and <br> Sue Ann Latterman, <br><br>            Counterdefendants. | **Case No. 05-10416 MEL** |

## STIPULATION AND ORDER OF DISMISSAL

The parties have agreed and hereby stipulate, by their undersigned attorneys, that this action, including all claims, defenses and counterclaims, shall be dismissed with prejudice.

The order (or "Endorsement") of January 26, 2006, shall be vacated inasmuch as Ovion, Inc. withdrew all subpoenas served without prior notice before Musket Research Associates, Inc. filed its motion to quash.

Each party shall bear its own costs and attorneys' fees.

Exhibit A                 1

This Court shall retain continuing jurisdiction over the parties and the subject matter to enforce the Settlement And Release Agreement of June 1, 2006.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____         _____
                                                                 Hon. Morris E. Lasker
                                                                 United States District Court


Arthur S. Beeman (admitted pro hac vice)
Pamela K. Fulmer (admitted pro hac vice)
DLA PIPER RUDNICK GRAY CARY US LLP
153 Townsend Street, Suite 800
San Francisco, California 94107
(415) 836 2541 (telephone)
(415) 836-2501 (fax)

Brooks A. Ames (BBO #641192)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
100 Oliver Street
Boston, Massachusetts 02110
(617) 406-6000 (telephone)
(617) 406-6100 (fax)

Attorneys for Plaintiff and Counterdefendant
*Musket Research Associates, Inc.* and
Counterdefendants *David B. Musket* and *Sue
Ann Latterman*

By: _____

Date: _____


Leland G. Hansen (admitted pro hac vice)
Christopher V. Carani (admitted pro hac vice)
MCANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000 (telephone)
(312) 775-8100 (facsimile)

Dale A. Malone (BBO #552376)
BANNER & WITCOFF, LTD.
28 State Street, 28th Floor
Boston, Massachusetts 02109
(617) 720-9600 (telephone)
(617) 720-9601 (facsimile)

Attorneys for Defendant and
Counterclaimant *Ovion, Inc.* and Defendants
*William S. Tremulis* and *Jeffrey P. Callister*

By: _____

Date: _____


Exhibit A                                    2

# EXHIBIT 3B

*Musket - MRA*

# OVION, INC.

## NONDISCLOSURE AGREEMENT

This Nondisclosure Agreement (this "Agreement") is made and entered into as of JUNE 17, 2004 by and between Ovion, Inc., a Delaware corporation ("Ovion"), and Musket Research Inc., a Massachusetts corporation (the "Recipient"). Ovion and Recipient agree as follows:

1.    <u>Purpose</u>. The parties wish to explore a business opportunity of mutual interest and in connection with this opportunity, Ovion may disclose to Recipient certain confidential technical and business information which Ovion desires Recipient to treat as confidential.

2.    "<u>Confidential Information</u>" means any information, including, but not limited to, any technical data or know-how, including, but not limited to, that which relates to research, product plans, products, services, customers, markets, software, developments, inventions, processes, designs, drawings, engineering, hardware configuration information, marketing or finances, disclosed by Ovion to Recipient, either directly or indirectly, in writing, orally or by inspection of tangible objects (including without limitation documents, prototypes, samples, plant and equipment). Confidential Information may also include information disclosed to Recipient by third parties. Confidential Information shall not, however, include any information which: (i) was publicly known and made generally available in the public domain prior to the time of disclosure by Ovion to Recipient; (ii) becomes publicly known and made generally available after disclosure by Ovion to Recipient through no action or inaction of Recipient; or (iii) is already in the possession of Recipient, without confidentiality restrictions, at the time of disclosure by Ovion as shown by Recipient's files and records immediately prior to the time of disclosure.

3.    <u>Non-use and Non-disclosure</u>. Recipient agrees not to use any Confidential Information for any purpose except to evaluate and engage in discussions concerning a potential business relationship between Recipient and Ovion. Recipient agrees not to disclose any Confidential Information to third parties or to employees of Recipient, except to those employees who are required to have the information in order to evaluate or engage in discussions concerning the contemplated business relationship. Recipient shall not reverse engineer, disassemble or decompile any prototypes, software or other tangible objects which embody Confidential Information.

4.    <u>Maintenance of Confidentiality</u>. Recipient agrees that it shall take all reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of the Confidential Information. Without limiting the foregoing, Recipient shall take at least those measures that Recipient takes to protect its own most highly confidential information and shall ensure that its employees who have access to Confidential Information sign a non-use and non-disclosure agreement in content substantially similar to the provisions hereof, prior to any disclosure of Confidential Information to such employees. Recipient shall not make any copies of Confidential Information unless the same are previously approved in writing by Ovion. Recipient shall reproduce Ovion's proprietary rights notices on any such approved copies, in the same manner in which such notices were set forth in or on the original. Recipient shall immediately notify Ovion in the event of any unauthorized use or disclosure of Confidential Information.

CMG::C:\Documents and Settings\David Musket\My Documents\Sue Ann\Ovion\eda.doc

5.    Mandatory Disclosure.  In the event that Recipient or its directors, officers, employees, consultants or agents are requested or required by legal process to disclose any of the Confidential Information, Recipient shall give prompt notice so that ~~the~~ Ovion may seek a protective order or other appropriate relief.  In the event that such protective order is not obtained, Recipient shall disclose only that portion of the Confidential Information which its counsel advises that Recipient is legally required to disclose.

6.    No License Granted.  Nothing in this Agreement is intended to grant any rights to Recipient under any patent, copyright, trade secret or other intellectual property right nor shall this Agreement grant Recipient any rights in or to the Confidential Information, except the limited right to review such Confidential Information solely for the purposes of determining whether to enter into the proposed business relationship between the parties.

7.    No Obligation.  Nothing herein shall obligate either party to proceed with any transaction between them, and each party reserves the right, in its sole discretion, to terminate the discussions contemplated by this Agreement concerning the business opportunity.

8.    No Warranty.  ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS".  EACH PARTY MAKES NO WARRANTIES, EXPRESS, IMPLIED OR OTHERWISE, REGARDING ITS ACCURACY, COMPLETENESS OR PERFORMANCE.

9.    Return of Materials.  All documents and other tangible objects containing or representing Confidential Information, and all copies thereof which are in the possession of Recipient, shall be and remain the property of Ovion and shall be promptly returned to Ovion upon request but in any event immediately after the business possibility has been rejected or concluded.

10.    Term.  The obligations of Recipient party hereunder shall survive *for a period of 3 (three) years or* until such time as all Confidential Information becomes publicly known and made generally available through no action or inaction of Recipient., *whichever is shorter.*

*JPC 6/18/04*

11.    Remedies.  Recipient agrees that its obligations hereunder are necessary and reasonable in order to protect Ovion and Ovion's business, and expressly agrees that monetary damages would be inadequate to compensate Ovion for any breach by Recipient of any covenants and agreements set forth herein.  Accordingly, Recipient agrees and acknowledges that any such violation or threatened violation will cause irreparable injury to Ovion, and that, in addition to any other remedies that may be available, in law, in equity or otherwise, Ovion shall be entitled to obtain injunctive relief against the threatened breach of this Agreement or the continuation of any such breach, without the necessity of proving actual damages.

12.    Miscellaneous.  This Agreement may be executed in one or more counterparts, each of which shall be an original and all of which together shall constitute one instrument.  This Agreement shall bind and inure to the benefit of the parties hereto and their successors and assigns.  This Agreement shall be governed by the laws of the State of California, without reference to conflict of laws principles.  This document contains the entire agreement between the parties with respect to the subject matter hereof, and neither party shall have any obligation, express or implied by law, with respect to trade secret or proprietary information of the other party except as set forth herein.  Any

-2-

failure to enforce any provision of this Agreement shall not constitute a waiver thereof or of any other provision. This Agreement may not be amended, nor any obligation waived, except by a writing signed by both parties hereto.

　　　IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives as of the date first written above.

OVION, INC.

By: _Jeff Cellister_　4/18/04

Name: _Jeff Cullister_

Title: _President_

[RECIPIENT]

By: _David B Musket_

Name: _DAVID B. MUSKET_

Title: _____

(as amended on p 2)

EXHIBIT 4

| | |
|---|---|
| **From:** | Arthur.Beeman@dlapiper.com |
| **Sent:** | Friday, June 09, 2006 2:07 PM |
| **To:** | Leland Hansen; Pam.Fulmer@dlapiper.com |
| **Cc:** | brooks.ames@dlapiper.com |
| **Subject:** | Re: Your Letter of May 31, 2006 |
| **Attachments:** | ENVELOPE.TXT |

We'll get back to you when we're ready.

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: Beeman, Arthur; Fulmer, Pam
CC: Ames, Brooks A.
Sent: Fri Jun 09 12:02:26 2006
Subject: RE: Your Letter of May 31, 2006

Art & Pam:

Where do we stand?

Leland

---

From: Leland Hansen
Sent: Thursday, June 08, 2006 9:41 AM
To: 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Art:

Thanks for your prompt reply.  We look forward to your approval after you review the documents with your clients.  Lets not make this complicated or let it drag on.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Thursday, June 08, 2006 8:55 AM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: Re: Your Letter of May 31, 2006


That will not be possible. I will look at the papers later today. Art

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----

From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14.  With your approval, I would like to finalize this matter today if possible.

Leland

---

From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval.  I would appreciate an indication of when you expect to complete your review.

Leland

---

From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM
To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference.  Our clients agree in principle to the terms that you propose in your letter.  Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To

contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the
sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby
notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this
communication, or any of its contents, is strictly prohibited. If you have received this communication in error,
please contact the sender by reply email and destroy all copies of the original message. To contact our email
administrator directly, send to postmaster@dlapiper.com

8/16/2007

Thank you.

EXHIBIT 5

| From: | Arthur.Beeman@dlapiper.com |
|---|---|
| Sent: | Friday, June 09, 2006 5:09 PM |
| To: | Leland Hansen; Pam.Fulmer@dlapiper.com |
| Subject: | RE: Your Letter of May 31, 2006 |
| Attachments: | ENVELOPE.TXT |

Leland:

This is in response to your clients' proposed terms for settlement. While Musket wishes to resolve this matter on reasonable terms, please understand that we believe the Judge was in error in his opinion granting summary judgment, and our clients have excellent grounds for appeal. Moreover, we believe your clients' counter-claims were reactive and have no merit.

In light of the above, we will not agree to a settlement that releases your clients from claims unknown by our clients. If indeed your clients have disparaged Musket in the marketplace in a manner unknown to us today, then that is a risk your clients must continue to bear. Also, our clients will not agree to destroy their own documents in their internal files related to the Ovion transaction since there exist regulatory requirements for retention of the materials.

I look forward to hearing from you.

Art

Arthur S. Beeman
Partner

DLA Piper Rudnick Gray Cary US LLP
153 Townsend Street, Suite 800
San Francisco, California 94107

415.836.2579 T
415.836.2501 F
415.676.8435 M
arthur.beeman@dlapiper.com

www.dlapiper.com

**From:** lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
**Sent:** Friday, June 09, 2006 12:02 PM
**To:** Beeman, Arthur; Fulmer, Pam
**Cc:** Ames, Brooks A.
**Subject:** RE: Your Letter of May 31, 2006

Art & Pam:

Where do we stand?

Leland

8/16/2007

**From:** Leland Hansen
**Sent:** Thursday, June 08, 2006 9:41 AM
**To:** 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
**Cc:** brooks.ames@dlapiper.com
**Subject:** RE: Your Letter of May 31, 2006

Art:

Thanks for your prompt reply.  We look forward to your approval after you review the documents with your clients.  Lets not make this complicated or let it drag on.

Leland

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Thursday, June 08, 2006 8:55 AM
**To:** Leland Hansen; Pam.Fulmer@dlapiper.com
**Cc:** brooks.ames@dlapiper.com
**Subject:** Re: Your Letter of May 31, 2006

That will not be possible. I will look at the papers later today. Art

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14.  With your approval, I would like to finalize this matter today if possible.

Leland

---

From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval.  I would appreciate an indication of when you expect to complete your review.

Leland

---

From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM

8/16/2007

To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
**********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

**********************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*************************************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the
sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby
notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this
communication, or any of its contents, is strictly prohibited. If you have received this communication in error,
please contact the sender by reply email and destroy all copies of the original message. To contact our email
administrator directly, send to postmaster@dlapiper.com

Thank you.

EXHIBIT 6

| | |
|---|---|
| **From:** | Leland Hansen |
| **Sent:** | Thursday, June 15, 2006 3:32 PM |
| **To:** | 'Arthur.Beeman@dlapiper.com' |
| **Cc:** | 'Pam.Fulmer@dlapiper.com' |
| **Subject:** | RE: Your Letter of May 31, 2006 |
| **Attachments:** | Beeman 05 31 06.pdf; fulmer email 06 01 06.pdf |

Art:

Thank you for your email.

With respect to the mutual release, your clients previously agreed to the terms set forth in my letter of May 31, which included a mutual release of "all claims, known and unknown." I have attached a copy of my letter of May 31 and a copy of Pam Fulmer's email indicating that your clients accepted those terms. The release of "all claims, known and unknown," is important to my clients. The court has entered summary judgment against MRA's claims, not Ovion's counterclaims. Nevertheless, because my clients prefer to avoid litigation unless it is forced on them, they are willing to release their claims against your clients but only on terms that shut the door, to the fullest extent possible, against further litigation. Your clients, not my clients, initiated this litigation. Under the circumstances, it is entirely unreasonable to expect my clients to release known, viable claims while your clients, which have demonstrated the propensity to pursue unfounded claims, hold onto unknown, theoretical claims. My clients offered a mutual release of "all claims, known and unknown," which are favorable terms for your clients under the circumstances. The provisions in the Settlement and Release Agreement are typical of provisions used to effectuate a mutual release of claims, known and unknown, which is what my clients offered and your clients accepted. Both sides enjoy the benefits of these provisions.

With respect to information that Ovion provided to MRA pursuant to an NDA, my clients are hard pressed to understand any reason why your clients would need to maintain copies of Ovion's information. Please explain the regulatory requirements you referenced in your email. We then will consider how to accommodate your concern if necessary.

We look forward to resolving this matter quickly and amicably.

Leland

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Friday, June 09, 2006 5:09 PM
**To:** Leland Hansen; Pam.Fulmer@dlapiper.com
**Subject:** RE: Your Letter of May 31, 2006

Leland:

This is in response to your clients' proposed terms for settlement. While Musket wishes to resolve this matter on reasonable terms, please understand that we believe the Judge was in error in his opinion granting summary judgment, and our clients have excellent grounds for appeal. Moreover, we believe your clients' counter-claims were reactive and have no merit.

In light of the above, we will not agree to a settlement that releases your clients from claims unknown by our clients. If indeed your clients have disparaged Musket in the marketplace in a manner unknown to us today, then that is a risk your clients must continue to bear. Also, our clients will not agree to destroy their own documents in their internal files related to the Ovion transaction since there exist regulatory requirements for retention of the materials.

I look forward to hearing from you.

8/16/2007

Art

**Arthur S. Beeman**
Partner

**DLA Piper Rudnick Gray Cary US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107

415.836.2579 T
415.836.2501 F
415.676.8435 M
arthur.beeman@dlapiper.com

www.dlapiper.com

---

**From:** lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
**Sent:** Friday, June 09, 2006 12:02 PM
**To:** Beeman, Arthur; Fulmer, Pam
**Cc:** Ames, Brooks A.
**Subject:** RE: Your Letter of May 31, 2006

Art & Pam:

Where do we stand?

Leland

---

**From:** Leland Hansen
**Sent:** Thursday, June 08, 2006 9:41 AM
**To:** 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
**Cc:** brooks.ames@dlapiper.com
**Subject:** RE: Your Letter of May 31, 2006

Art:

Thanks for your prompt reply. We look forward to your approval after you review the documents with your clients. Lets not make this complicated or let it drag on.

Leland

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Thursday, June 08, 2006 8:55 AM
**To:** Leland Hansen; Pam.Fulmer@dlapiper.com
**Cc:** brooks.ames@dlapiper.com
**Subject:** Re: Your Letter of May 31, 2006

That will not be possible. I will look at the papers later today. Art

-------------------------
Sent from my BlackBerry Wireless Handheld

8/16/2007

-----Original Message-----
From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14. With your approval, I would like to finalize this matter today if possible.

Leland

---

From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval. I would appreciate an indication of when you expect to complete your review.

Leland

---

From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM
To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly

8/16/2007

prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*****************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*****************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
***********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

***********************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error,

please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

EXHIBIT 7

**From:**   Leland Hansen
**Sent:**   Tuesday, July 18, 2006 1:04 PM
**To:**     'Arthur.Beeman@dlapiper.com'
**Cc:**     'Pam.Fulmer@dlapiper.com'
**Subject:** RE: Your Letter of May 31, 2006

Since I might be away from my desk, call the main number:  312 775 8000.

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Tuesday, July 18, 2006 1:01 PM
**To:** Leland Hansen
**Cc:** Pam.Fulmer@dlapiper.com
**Subject:** Re: Your Letter of May 31, 2006

Will call this afternoon. What number?

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: lhansen@mhmlaw.com
To: lhansen@mhmlaw.com; Beeman, Arthur
CC: Fulmer, Pam
Sent: Tue Jul 18 10:23:59 2006
Subject: RE: Your Letter of May 31, 2006

Art:

I am generally available for the next four hours or so.  Please call at your convenience.  If I am away from my desk, ask for my assistant, Arlene Sage.

Leland

---

From: Leland Hansen
Sent: Monday, July 17, 2006 4:39 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Per my voicemail, I am available now for about 30 minutes.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Monday, July 17, 2006 2:29 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

8/16/2007

Leland:

Please call me at 650-833-2251 at your convenience.

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 11:00 AM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

Let me know when you are ready and we will work out a time.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, July 14, 2006 12:26 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

I'm trying to clarify a few issues with the client. Can we connect early next week?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 10:09 AM
To: lhansen@mhmlaw.com; Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

I did not hear from you.  I am available right now until about 12:30 CDT.

Leland

---

From: Leland Hansen
Sent: Wednesday, July 12, 2006 1:13 PM
To: 'Arthur.Beeman@dlapiper.com'

8/16/2007

Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Thank you for your reply.

I am available today between 3:00 and 4:30 CDT.  Tomorrow I am flexible except the following times when I am not available:  9:30 to 10:45, 1:30 to 3:15 and after 5:15 CDT.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Wednesday, July 12, 2006 11:43 AM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Leland:

I'm in Palo Alto this week. I'm in and out of meetings, so let's see if we can schedule a telephone conference. What's your availability today or tomorrow?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Monday, July 10, 2006 2:21 PM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006


Art:

To follow up on my voicemail, please call to discuss settlement of this matter.  We have not heard from you following my email of June 15.

Leland

---

From: Leland Hansen
Sent: Thursday, June 15, 2006 3:32 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Thank you for your email.

With respect to the mutual release, your clients previously agreed to the terms set forth in my letter of May 31, which included a mutual release of "all claims, known and unknown."  I have attached a copy of my letter of May 31 and a copy of Pam Fulmer's email indicating that your clients accepted those terms.  The release of "all claims, known and unknown,"  is important to my clients.  The court has entered summary judgment against MRA's claims, not Ovion's counterclaims.  Nevertheless, because my clients

8/16/2007

prefer to avoid litigation unless it is forced on them, they are willing to release their claims against your clients but only on terms that shut the door, to the fullest extent possible, against further litigation. Your clients, not my clients, initiated this litigation. Under the circumstances, it is entirely unreasonable to expect my clients to release known, viable claims while your clients, which have demonstrated the propensity to pursue unfounded claims, hold onto unknown, theoretical claims. My clients offered a mutual release of "all claims, known and unknown," which are favorable terms for your clients under the circumstances. The provisions in the Settlement and Release Agreement are typical of provisions used to effectuate a mutual release of claims, known and unknown, which is what my clients offered and your clients accepted. Both sides enjoy the benefits of these provisions.

     With respect to information that Ovion provided to MRA pursuant to an NDA, my clients are hard pressed to understand any reason why your clients would need to maintain copies of Ovion's information. Please explain the regulatory requirements you referenced in your email. We then will consider how to accommodate your concern if necessary.

     We look forward to resolving this matter quickly and amicably.

     Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, June 09, 2006 5:09 PM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

     This is in response to your clients' proposed terms for settlement. While Musket wishes to resolve this matter on reasonable terms, please understand that we believe the Judge was in error in his opinion granting summary judgment, and our clients have excellent grounds for appeal. Moreover, we believe your clients' counter-claims were reactive and have no merit.

     In light of the above, we will not agree to a settlement that releases your clients from claims unknown by our clients. If indeed your clients have disparaged Musket in the marketplace in a manner unknown to us today, then that is a risk your clients must continue to bear. Also, our clients will not agree to destroy their own documents in their internal files related to the Ovion transaction since there exist regulatory requirements for retention of the materials.

     I look forward to hearing from you.

     Art

          <http://www.dlapiper.com/>         Arthur S. Beeman
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2579 T
415.836.2501 F
415.676.8435 M
arthur.beeman@dlapiper.com
www.dlapiper.com <http://www.dlapiper.com/>

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, June 09, 2006 12:02 PM
To: Beeman, Arthur; Fulmer, Pam
Cc: Ames, Brooks A.
Subject: RE: Your Letter of May 31, 2006

Art & Pam:

Where do we stand?

Leland

---

From: Leland Hansen
Sent: Thursday, June 08, 2006 9:41 AM
To: 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Art:

Thanks for your prompt reply. We look forward to your approval after you review the documents with your clients. Lets not make this complicated or let it drag on.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Thursday, June 08, 2006 8:55 AM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: Re: Your Letter of May 31, 2006

That will not be possible. I will look at the papers later today. Art

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14. With your approval, I would like to finalize this matter today if possible.

Leland

---

From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

8/16/2007

Please review and indicate your approval.  I would appreciate an indication of when you expect to complete your review.

Leland

_____

From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM
To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference.  Our clients agree in principle to the terms that you propose in your letter.  Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

_____

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

_____

Leland Hansen
lhansen@mhmlaw.com
************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

************************************************************

_____

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
**************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

**************************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
**************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

**************************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the
intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review,
use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8/16/2007

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

*************************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

8/16/2007

EXHIBIT 8

| | |
|---|---|
| **From:** | Leland Hansen |
| **Sent:** | Monday, July 31, 2006 4:43 PM |
| **To:** | 'Arthur.Beeman@dlapiper.com' |
| **Cc:** | 'Pam.Fulmer@dlapiper.com' |
| **Subject:** | RE: Your Letter of May 31, 2006 |
| **Attachments:** | Beeman 05 31 06.pdf; fulmer email 06 01 06.pdf; Settlement and Release Agreement mhm1 06 06 06.pdf; Stipulation and Dismissal 06 06 06.pdf |

Art:

As you requested, I am writing regarding our most recent discussions relating to settlement of the litigation between Ovion and Musket Research.

In a letter dated May 31, 2006, we previously identified essential terms for settlement of this matter.  On June 1, 2006, Pam Fulmer replied, stating that your client accepted those terms and requesting that we prepare a formal settlement agreement memorializing those terms.  I have attached a copy of the letter and Pam's reply for your reference.  We sent you a formal agreement memorializing those terms on June 6, 2006, which is attached as well.

Subsequently, your clients objected, however, to two of the very terms that they previously accepted: (1) a mutual release of claims known and unknown and (2) the return or destruction of all confidential information exchanged by the parties during or before the litigation.  In our most recent conversation, you indicated that your clients now accept the proposed settlement agreement as it relates to those two terms.

Now, however, your clients are objecting to another term that they previously accepted.  Specifically, your clients want our clients to pay $45,000 as sanctions towards the court's order of January 26, 2006.  The terms set forth in May 31 letter, which your clients expressly accepted, included:

> "All parties to pay their own costs and fees.  Stipulation vacating the Court's order of January 26, 2006, as to any sanctions."

Moreover, as explained in the May 31 letter, "At the summary judgment hearing, Judge Lasker indicated that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash."  Further, if this matter does not settle, our clients would be entitled by statute to collect costs and fees from your clients.  Our clients will not pay $45,000 (or any other amount) as a sanction (or for any other reason).

In short, the terms that our clients proposed on May 31 are better than your clients should expect under the circumstances.  Your clients promptly accepted those terms on June 1.  Subsequently, your clients objected to two of the terms that they previously accepted.  Then, after withdrawing those objections, your clients have objected to a third term that they previously accepted.  Our patience with these tactics is exhausted.

Please confirm that your clients will promptly execute the (1) settlement and release agreement and (2) stipulation and dismissal, as attached, memorializing the terms to which your clients previously agreed.

Leland

---

**From:** Leland Hansen
**Sent:** Tuesday, July 18, 2006 1:04 PM
**To:** 'Arthur.Beeman@dlapiper.com'
**Cc:** 'Pam.Fulmer@dlapiper.com'
**Subject:** RE: Your Letter of May 31, 2006

Since I might be away from my desk, call the main number:  312 775 8000.

8/16/2007

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Tuesday, July 18, 2006 1:01 PM
**To:** Leland Hansen
**Cc:** Pam.Fulmer@dlapiper.com
**Subject:** Re: Your Letter of May 31, 2006

Will call this afternoon. What number?

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: lhansen@mhmlaw.com
To: lhansen@mhmlaw.com; Beeman, Arthur
CC: Fulmer, Pam
Sent: Tue Jul 18 10:23:59 2006
Subject: RE: Your Letter of May 31, 2006

Art:

I am generally available for the next four hours or so.  Please call at your convenience.  If I am away from my desk, ask for my assistant, Arlene Sage.

Leland

---

From: Leland Hansen
Sent: Monday, July 17, 2006 4:39 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Per my voicemail, I am available now for about 30 minutes.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Monday, July 17, 2006 2:29 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Leland:

Please call me at 650-833-2251 at your convenience.

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]

Sent: Friday, July 14, 2006 11:00 AM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006


Art:

Let me know when you are ready and we will work out a time.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, July 14, 2006 12:26 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Leland:

I'm trying to clarify a few issues with the client. Can we connect early next week?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 10:09 AM
To: lhansen@mhmlaw.com; Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006


Art:

I did not hear from you.  I am available right now until about 12:30 CDT.

Leland

---

From: Leland Hansen
Sent: Wednesday, July 12, 2006 1:13 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Thank you for your reply.

I am available today between 3:00 and 4:30 CDT.  Tomorrow I am flexible except the following times when I am not available:  9:30 to 10:45, 1:30 to 3:15 and after 5:15 CDT.

Leland

8/16/2007

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Wednesday, July 12, 2006 11:43 AM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

I'm in Palo Alto this week. I'm in and out of meetings, so let's see if we can schedule a telephone conference. What's your availability today or tomorrow?

Thanks.

Art

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Monday, July 10, 2006 2:21 PM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

To follow up on my voicemail, please call to discuss settlement of this matter. We have not heard from you following my email of June 15.

Leland

From: Leland Hansen
Sent: Thursday, June 15, 2006 3:32 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

Thank you for your email.

With respect to the mutual release, your clients previously agreed to the terms set forth in my letter of May 31, which included a mutual release of "all claims, known and unknown." I have attached a copy of my letter of May 31 and a copy of Pam Fulmer's email indicating that your clients accepted those terms. The release of "all claims, known and unknown," is important to my clients. The court has entered summary judgment against MRA's claims, not Ovion's counterclaims. Nevertheless, because my clients prefer to avoid litigation unless it is forced on them, they are willing to release their claims against your clients but only on terms that shut the door, to the fullest extent possible, against further litigation. Your clients, not my clients, initiated this litigation. Under the circumstances, it is entirely unreasonable to expect my clients to release known, viable claims while your clients, which have demonstrated the propensity to pursue unfounded claims, hold onto unknown, theoretical claims. My clients offered a mutual release of "all claims, known and unknown," which are favorable terms for your clients under the circumstances. The provisions in the Settlement and Release Agreement are typical of provisions used to effectuate a mutual release of claims, known and unknown, which is what my clients offered and your clients accepted. Both sides enjoy the benefits of these provisions.

With respect to information that Ovion provided to MRA pursuant to an NDA, my clients are hard pressed to understand any reason why your clients would need to maintain copies of Ovion's information. Please explain the regulatory requirements you referenced in your email. We then will consider how to accommodate your concern if necessary.

We look forward to resolving this matter quickly and amicably.

8/16/2007

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, June 09, 2006 5:09 PM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

This is in response to your clients' proposed terms for settlement. While Musket wishes to resolve this matter on reasonable terms, please understand that we believe the Judge was in error in his opinion granting summary judgment, and our clients have excellent grounds for appeal. Moreover, we believe your clients' counter-claims were reactive and have no merit.

In light of the above, we will not agree to a settlement that releases your clients from claims unknown by our clients. If indeed your clients have disparaged Musket in the marketplace in a manner unknown to us today, then that is a risk your clients must continue to bear. Also, our clients will not agree to destroy their own documents in their internal files related to the Ovion transaction since there exist regulatory requirements for retention of the materials.

I look forward to hearing from you.

Art


                 <http://www.dlapiper.com/>            Arthur S. Beeman
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2579 T
415.836.2501 F
415.676.8435 M
arthur.beeman@dlapiper.com
www.dlapiper.com <http://www.dlapiper.com/>


---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, June 09, 2006 12:02 PM
To: Beeman, Arthur; Fulmer, Pam
Cc: Ames, Brooks A.
Subject: RE: Your Letter of May 31, 2006


Art & Pam:

Where do we stand?

Leland

---

From: Leland Hansen
Sent: Thursday, June 08, 2006 9:41 AM
To: 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

8/16/2007

Art:

Thanks for your prompt reply. We look forward to your approval after you review the documents with your clients. Lets not make this complicated or let it drag on.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Thursday, June 08, 2006 8:55 AM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: Re: Your Letter of May 31, 2006

That will not be possible. I will look at the papers later today. Art

-------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14. With your approval, I would like to finalize this matter today if possible.

Leland

---

From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval. I would appreciate an indication of when you expect to complete your review.

Leland

---

From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM
To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

*************************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com

8/16/2007

*********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*********************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use
of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized
review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If
you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.
To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*********************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the
intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review,
use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of

8/16/2007

this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the
intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review,
use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8/16/2007

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

8/16/2007

EXHIBIT 9

| From: | Leland Hansen |
|---|---|
| Sent: | Wednesday, August 16, 2006 7:15 PM |
| To: | 'Arthur.Beeman@dlapiper.com' |
| Cc: | 'Pam.Fulmer@dlapiper.com'; 'brooks.ames@dlapiper.com' |
| Subject: | RE: Your Letter of May 31, 2006 |
| Attachments: | Settlement and Release Agreement.pdf; Settlement and Release Agreement redline.pdf; Stipulation and Dismissal.pdf; Exhibit B.pdf |

Art:

I have attached (1) a revised Settlement and Release Agreement, (2) a redline against the prior version, (3) a Stipulation and Dismissal (unchanged), and (4) exhibit B (unchanged).  I made one change to the Settlement and Release Agreement in view of the time that has past.

Our patience is exhausted.  Your clients previously agreed to these terms.  You have never proposed any revisions to the language memorializing those terms.

Please return an executed copy of the Settlement and Release Agreement, signed by each of your clients, so that I receive it no later than noon Chicago time on Monday, August 21.  Otherwise, you will force us to seek relief from Judge Lasker.

Leland

---

**From:** Leland Hansen
**Sent:** Tuesday, August 08, 2006 9:24 AM
**To:** 'Arthur.Beeman@dlapiper.com'
**Cc:** 'Pam.Fulmer@dlapiper.com'
**Subject:** RE: Your Letter of May 31, 2006

Art:

Are you available today?  I am flexible with some notice, although I need to leave the office by about 5:00 pm Chicago time.

Leland

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Monday, August 07, 2006 9:47 AM
**To:** Leland Hansen
**Cc:** Pam.Fulmer@dlapiper.com
**Subject:** Re: Your Letter of May 31, 2006

You bet. Hope to talk to the client today. Thanks.

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: lhansen@mhmlaw.com
To: lhansen@mhmlaw.com; Beeman, Arthur
CC: Fulmer, Pam
Sent: Mon Aug 07 07:43:02 2006

8/16/2007

Subject: RE: Your Letter of May 31, 2006

Art:

Please let me know when you are available to discuss this matter.

Leland

---

From: Leland Hansen
Sent: Monday, July 31, 2006 4:43 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

As you requested, I am writing regarding our most recent discussions relating to settlement of the litigation between Ovion and Musket Research.

In a letter dated May 31, 2006, we previously identified essential terms for settlement of this matter. On June 1, 2006, Pam Fulmer replied, stating that your client accepted those terms and requesting that we prepare a formal settlement agreement memorializing those terms. I have attached a copy of the letter and Pam's reply for your reference. We sent you a formal agreement memorializing those terms on June 6, 2006, which is attached as well.

Subsequently, your clients objected, however, to two of the very terms that they previously accepted: (1) a mutual release of claims known and unknown and (2) the return or destruction of all confidential information exchanged by the parties during or before the litigation. In our most recent conversation, you indicated that your clients now accept the proposed settlement agreement as it relates to those two terms.

Now, however, your clients are objecting to another term that they previously accepted. Specifically, your clients want our clients to pay $45,000 as sanctions towards the court's order of January 26, 2006. The terms set forth in May 31 letter, which your clients expressly accepted, included:

"All parties to pay their own costs and fees. Stipulation vacating the Courts order of January 26, 2006, as to any sanctions."

Moreover, as explained in the May 31 letter, "At the summary judgment hearing, Judge Lasker indicated that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash." Further, if this matter does not settle, our clients would be entitled by statute to collect costs and fees from your clients. Our clients will not pay $45,000 (or any other amount) as a sanction (or for any other reason).

In short, the terms that our clients proposed on May 31 are better than your clients should expect under the circumstances. Your clients promptly accepted those terms on June 1. Subsequently, your clients objected to two of the terms that they previously accepted. Then, after withdrawing those objections, your clients have objected to a third term that they previously accepted. Our patience with these tactics is exhausted.

Please confirm that your clients will promptly execute the (1) settlement and release agreement and (2) stipulation and dismissal, as attached, memorializing the terms to which your clients previously agreed.

Leland

---

From: Leland Hansen
Sent: Tuesday, July 18, 2006 1:04 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Since I might be away from my desk, call the main number: 312 775 8000.

8/16/2007

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Tuesday, July 18, 2006 1:01 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: Re: Your Letter of May 31, 2006


Will call this afternoon. What number?

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: lhansen@mhmlaw.com
To: lhansen@mhmlaw.com; Beeman, Arthur
CC: Fulmer, Pam
Sent: Tue Jul 18 10:23:59 2006
Subject: RE: Your Letter of May 31, 2006

Art:

I am generally available for the next four hours or so.  Please call at your convenience.  If I am away from my desk, ask for my assistant, Arlene Sage.

Leland


From: Leland Hansen
Sent: Monday, July 17, 2006 4:39 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Per my voicemail, I am available now for about 30 minutes.

Leland


From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Monday, July 17, 2006 2:29 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Leland:

Please call me at 650-833-2251 at your convenience.

Thanks.

Art


8/16/2007

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 11:00 AM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

Let me know when you are ready and we will work out a time.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, July 14, 2006 12:26 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

I'm trying to clarify a few issues with the client. Can we connect early next week?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 10:09 AM
To: lhansen@mhmlaw.com; Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

I did not hear from you.  I am available right now until about 12:30 CDT.

Leland

---

From: Leland Hansen
Sent: Wednesday, July 12, 2006 1:13 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

Thank you for your reply.

I am available today between 3:00 and 4:30 CDT.  Tomorrow I am flexible except the following times when I am not available:  9:30 to 10:45, 1:30 to 3:15 and after 5:15 CDT.

Leland

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Wednesday, July 12, 2006 11:43 AM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

I'm in Palo Alto this week. I'm in and out of meetings, so let's see if we can schedule a telephone conference. What's your availability today or tomorrow?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Monday, July 10, 2006 2:21 PM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

To follow up on my voicemail, please call to discuss settlement of this matter. We have not heard from you following my email of June 15.

Leland

---

From: Leland Hansen
Sent: Thursday, June 15, 2006 3:32 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

Thank you for your email.

With respect to the mutual release, your clients previously agreed to the terms set forth in my letter of May 31, which included a mutual release of "all claims, known and unknown." I have attached a copy of my letter of May 31 and a copy of Pam Fulmer's email indicating that your clients accepted those terms. The release of "all claims, known and unknown," is important to my clients. The court has entered summary judgment against MRA's claims, not Ovion's counterclaims. Nevertheless, because my clients prefer to avoid litigation unless it is forced on them, they are willing to release their claims against your clients but only on terms that shut the door, to the fullest extent possible, against further litigation. Your clients, not my clients, initiated this litigation. Under the circumstances, it is entirely unreasonable to expect my clients to release known, viable claims while your clients, which have demonstrated the propensity to pursue unfounded claims, hold onto unknown, theoretical claims. My clients offered a mutual release of "all claims, known and unknown," which are favorable terms for your clients under the circumstances. The provisions in the Settlement and Release Agreement are typical of provisions used to effectuate a mutual release of claims, known and unknown, which is what my clients offered and your clients accepted. Both sides enjoy the benefits of these provisions.

With respect to information that Ovion provided to MRA pursuant to an NDA, my clients are hard pressed to understand any reason why your clients would need to maintain copies of Ovion's information. Please explain the regulatory requirements you referenced in your email. We then will consider how to accommodate your concern if necessary.

8/16/2007

We look forward to resolving this matter quickly and amicably.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, June 09, 2006 5:09 PM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

This is in response to your clients' proposed terms for settlement. While Musket wishes to resolve this matter on reasonable terms, please understand that we believe the Judge was in error in his opinion granting summary judgment, and our clients have excellent grounds for appeal. Moreover, we believe your clients' counter-claims were reactive and have no merit.

In light of the above, we will not agree to a settlement that releases your clients from claims unknown by our clients. If indeed your clients have disparaged Musket in the marketplace in a manner unknown to us today, then that is a risk your clients must continue to bear. Also, our clients will not agree to destroy their own documents in their internal files related to the Ovion transaction since there exist regulatory requirements for retention of the materials.

I look forward to hearing from you.

Art

<http://www.dlapiper.com/>                     Arthur S. Beeman

Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2579 T
415.836.2501 F
415.676.8435 M
arthur.beeman@dlapiper.com
www.dlapiper.com <http://www.dlapiper.com/>

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, June 09, 2006 12:02 PM
To: Beeman, Arthur; Fulmer, Pam
Cc: Ames, Brooks A.
Subject: RE: Your Letter of May 31, 2006

Art & Pam:

Where do we stand?

Leland

---

From: Leland Hansen
Sent: Thursday, June 08, 2006 9:41 AM
To: 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

8/16/2007

Art:

Thanks for your prompt reply.  We look forward to your approval after you review the documents with your clients.  Lets not make this complicated or let it drag on.

Leland

_____

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Thursday, June 08, 2006 8:55 AM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: Re: Your Letter of May 31, 2006

That will not be possible. I will look at the papers later today. Art

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14.  With your approval, I would like to finalize this matter today if possible.

Leland

_____

From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval.  I would appreciate an indication of when you expect to complete your review.

Leland

_____

From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM
To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006

Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference. Our clients agree in principle to the terms that you propose in your letter. Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*******************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*******************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen

8/16/2007

lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message·
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged

8/16/2007

information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*************************************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the
intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review,
use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*************************************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended
recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use,
disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have
received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

*************************************************************

8/16/2007

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

************************************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

8/16/2007

EXHIBIT 10

| | |
|---|---|
| **From:** | Arthur.Beeman@dlapiper.com |
| **Sent:** | Monday, August 21, 2006 1:34 PM |
| **To:** | Leland Hansen |
| **Cc:** | Pam.Fulmer@dlapiper.com; brooks.ames@dlapiper.com |
| **Subject:** | RE: Your Letter of May 31, 2006 |
| **Attachments:** | ENVELOPE.TXT |

Leland:

This is to respond to your email below of August 16, 2006.

It's fair to say that both parties in this matter will need to concede on certain issues if we are to reach a settlement in the near term. It is entirely disingenuous for you to contend that we have already reached agreement on the terms and conditions of an enforceable settlement. As you know, during discussions between counsel, we had apparently reached an agreement in principle on the outline of a settlement. However, since that time, we have been unable to agree upon the specific terms and conditions for a settlement. Your threat to go to court to enforce a settlement that never was is disruptive and puts at risk the prospects for resolution at this time. Though we seem to be going around in circles of late, we will make one final attempt to clarify the outstanding issues to facilitate a settlement at this time:

1. Mutual ageement to relinquish claims for known and unknown acts that have arisen out of and are subject to this litigation from July 21, 2004 up to the date of signing a final settlement agreement.

2. Destruction of all documents. Since MRA's principals were prevented from reviewing virtually all of the relevant discovery documents in this case due the "attorneys eyes only" stipulation, they will agree to have us destroy all the documents that bear such designation. As a registered broker/dealer MRA is obligated to maintain records of all solicitation activities including copies of any materials involved in such solicitation. As you well know, many of the documents in this case relate to MRA's work product and should be available to MRA as what will turn out to be their sole benefit for their efforts on behalf of Ovion.

3. Once again, we want to clearly state to you that we are confident your contentions that the court has vacated its award of attorneys' fees to my client is unsupported by the record in this case. Both Brooks and I heard nothing that remotely suggested this outcome during or after our hearing. We would be quite surprised if Judge Lasker reversed his previous ruling given the way the case developed. In an effort to reach some compromise, our clients had voluntarily discounted the amount we billed them for the handling of the inappropriate and defamatory service of the subpoenas to $45,000. If you go back to the court for clarification, we will be looking for the full amount. This is simply the payment of attorneys fees for an overly aggressive legal process that was clearly condemned and sanctioned by the court. MRA will agree to keep the payment of these fees confidential so your client will not have to be concerned about any MRA claim to have "won" a settlement.

4. Finally, your client's counterclaims are without merit and we would vigorously defend your assertion of them in the event we don't settle.

Notwithstanding the above, and our conviction that we have a solid appeal issue, we continue to agree in principle to settle on the terms outlined above subject to final documentation.

Please get back to me by the end of this week.

Art

---

**From:** lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
**Sent:** Wednesday, August 16, 2006 5:16 PM
**To:** Beeman, Arthur
**Cc:** Fulmer, Pam; Ames, Brooks A.

8/16/2007

**Subject:** RE: Your Letter of May 31, 2006

Art:

I have attached (1) a revised Settlement and Release Agreement, (2) a redline against the prior version, (3) a Stipulation and Dismissal (unchanged), and (4) exhibit B (unchanged). I made one change to the Settlement and Release Agreement in view of the time that has past.

Our patience is exhausted. Your clients previously agreed to these terms. You have never proposed any revisions to the language memorializing those terms.

Please return an executed copy of the Settlement and Release Agreement, signed by each of your clients, so that I receive it no later than noon Chicago time on Monday, August 21. Otherwise, you will force us to seek relief from Judge Lasker.

Leland

---

**From:** Leland Hansen
**Sent:** Tuesday, August 08, 2006 9:24 AM
**To:** 'Arthur.Beeman@dlapiper.com'
**Cc:** 'Pam.Fulmer@dlapiper.com'
**Subject:** RE: Your Letter of May 31, 2006

Art:

Are you available today? I am flexible with some notice, although I need to leave the office by about 5:00 pm Chicago time.

Leland

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Monday, August 07, 2006 9:47 AM
**To:** Leland Hansen
**Cc:** Pam.Fulmer@dlapiper.com
**Subject:** Re: Your Letter of May 31, 2006

You bet. Hope to talk to the client today. Thanks.

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: lhansen@mhmlaw.com; Beeman, Arthur
CC: Fulmer, Pam
Sent: Mon Aug 07 07:43:02 2006
Subject: RE: Your Letter of May 31, 2006

Art:

Please let me know when you are available to discuss this matter.

Leland

---

From: Leland Hansen
Sent: Monday, July 31, 2006 4:43 PM

To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

As you requested, I am writing regarding our most recent discussions relating to settlement of the litigation between Ovion and Musket Research.

In a letter dated May 31, 2006, we previously identified essential terms for settlement of this matter. On June 1, 2006, Pam Fulmer replied, stating that your client accepted those terms and requesting that we prepare a formal settlement agreement memorializing those terms. I have attached a copy of the letter and Pam's reply for your reference. We sent you a formal agreement memorializing those terms on June 6, 2006, which is attached as well.

Subsequently, your clients objected, however, to two of the very terms that they previously accepted: (1) a mutual release of claims known and unknown and (2) the return or destruction of all confidential information exchanged by the parties during or before the litigation. In our most recent conversation, you indicated that your clients now accept the proposed settlement agreement as it relates to those two terms.

Now, however, your clients are objecting to another term that they previously accepted. Specifically, your clients want our clients to pay $45,000 as sanctions towards the court's order of January 26, 2006. The terms set forth in May 31 letter, which your clients expressly accepted, included:

"All parties to pay their own costs and fees. Stipulation vacating the Courts order of January 26, 2006, as to any sanctions."

Moreover, as explained in the May 31 letter, "At the summary judgment hearing, Judge Lasker indicated that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash." Further, if this matter does not settle, our clients would be entitled by statute to collect costs and fees from your clients. Our clients will not pay $45,000 (or any other amount) as a sanction (or for any other reason).

In short, the terms that our clients proposed on May 31 are better than your clients should expect under the circumstances. Your clients promptly accepted those terms on June 1. Subsequently, your clients objected to two of the terms that they previously accepted. Then, after withdrawing those objections, your clients have objected to a third term that they previously accepted. Our patience with these tactics is exhausted.

Please confirm that your clients will promptly execute the (1) settlement and release agreement and (2) stipulation and dismissal, as attached, memorializing the terms to which your clients previously agreed.

Leland

_____

From: Leland Hansen
Sent: Tuesday, July 18, 2006 1:04 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Since I might be away from my desk, call the main number: 312 775 8000.

_____

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Tuesday, July 18, 2006 1:01 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: Re: Your Letter of May 31, 2006


Will call this afternoon. What number?

8/16/2007

---------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: lhansen@mhmlaw.com; Beeman, Arthur
CC: Fulmer, Pam
Sent: Tue Jul 18 10:23:59 2006
Subject: RE: Your Letter of May 31, 2006

Art:

I am generally available for the next four hours or so.  Please call at your convenience.  If I am away from my desk, ask for my assistant, Arlene Sage.

Leland

---

From: Leland Hansen
Sent: Monday, July 17, 2006 4:39 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

Per my voicemail, I am available now for about 30 minutes.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Monday, July 17, 2006 2:29 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

Leland:

Please call me at 650-833-2251 at your convenience.

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 11:00 AM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

Let me know when you are ready and we will work out a time.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, July 14, 2006 12:26 PM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Leland:

I'm trying to clarify a few issues with the client. Can we connect early next week?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, July 14, 2006 10:09 AM
To: lhansen@mhmlaw.com; Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006


Art:

I did not hear from you.  I am available right now until about 12:30 CDT.

Leland

---

From: Leland Hansen
Sent: Wednesday, July 12, 2006 1:13 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Art:

Thank you for your reply.

I am available today between 3:00 and 4:30 CDT.  Tomorrow I am flexible except the following times when I am not available:  9:30 to 10:45, 1:30 to 3:15 and after 5:15 CDT.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Wednesday, July 12, 2006 11:43 AM
To: Leland Hansen
Cc: Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Leland:

8/16/2007

I'm in Palo Alto this week. I'm in and out of meetings, so let's see if we can schedule a telephone conference. What's your availability today or tomorrow?

Thanks.

Art

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Monday, July 10, 2006 2:21 PM
To: Beeman, Arthur
Cc: Fulmer, Pam
Subject: RE: Your Letter of May 31, 2006

Art:

To follow up on my voicemail, please call to discuss settlement of this matter. We have not heard from you following my email of June 15.

Leland

---

From: Leland Hansen
Sent: Thursday, June 15, 2006 3:32 PM
To: 'Arthur.Beeman@dlapiper.com'
Cc: 'Pam.Fulmer@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006

Art:

Thank you for your email.

With respect to the mutual release, your clients previously agreed to the terms set forth in my letter of May 31, which included a mutual release of "all claims, known and unknown." I have attached a copy of my letter of May 31 and a copy of Pam Fulmer's email indicating that your clients accepted those terms. The release of "all claims, known and unknown," is important to my clients. The court has entered summary judgment against MRA's claims, not Ovion's counterclaims. Nevertheless, because my clients prefer to avoid litigation unless it is forced on them, they are willing to release their claims against your clients but only on terms that shut the door, to the fullest extent possible, against further litigation. Your clients, not my clients, initiated this litigation. Under the circumstances, it is entirely unreasonable to expect my clients to release known, viable claims while your clients, which have demonstrated the propensity to pursue unfounded claims, hold onto unknown, theoretical claims. My clients offered a mutual release of "all claims, known and unknown," which are favorable terms for your clients under the circumstances. The provisions in the Settlement and Release Agreement are typical of provisions used to effectuate a mutual release of claims, known and unknown, which is what my clients offered and your clients accepted. Both sides enjoy the benefits of these provisions.

With respect to information that Ovion provided to MRA pursuant to an NDA, my clients are hard pressed to understand any reason why your clients would need to maintain copies of Ovion's information. Please explain the regulatory requirements you referenced in your email. We then will consider how to accommodate your concern if necessary.

We look forward to resolving this matter quickly and amicably.

Leland

---

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Friday, June 09, 2006 5:09 PM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Subject: RE: Your Letter of May 31, 2006

8/16/2007

Leland:

This is in response to your clients' proposed terms for settlement. While Musket wishes to resolve this matter on reasonable terms, please understand that we believe the Judge was in error in his opinion granting summary judgment, and our clients have excellent grounds for appeal. Moreover, we believe your clients' counter-claims were reactive and have no merit.

In light of the above, we will not agree to a settlement that releases your clients from claims unknown by our clients. If indeed your clients have disparaged Musket in the marketplace in a manner unknown to us today, then that is a risk your clients must continue to bear. Also, our clients will not agree to destroy their own documents in their internal files related to the Ovion transaction since there exist regulatory requirements for retention of the materials.

I look forward to hearing from you.

Art


<http://www.dlapiper.com/>                          Arthur S. Beeman
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2579 T
415.836.2501 F
415.676.8435 M
arthur.beeman@dlapiper.com
www.dlapiper.com <http://www.dlapiper.com/>

---

From: lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
Sent: Friday, June 09, 2006 12:02 PM
To: Beeman, Arthur; Fulmer, Pam
Cc: Ames, Brooks A.
Subject: RE: Your Letter of May 31, 2006


Art & Pam:

Where do we stand?

Leland

---

From: Leland Hansen
Sent: Thursday, June 08, 2006 9:41 AM
To: 'Arthur.Beeman@dlapiper.com'; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: RE: Your Letter of May 31, 2006


Art:

Thanks for your prompt reply. We look forward to your approval after you review the documents with your clients. Lets not make this complicated or let it drag on.

Leland

---

8/16/2007

From: Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
Sent: Thursday, June 08, 2006 8:55 AM
To: Leland Hansen; Pam.Fulmer@dlapiper.com
Cc: brooks.ames@dlapiper.com
Subject: Re: Your Letter of May 31, 2006


That will not be possible. I will look at the papers later today. Art

-------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: lhansen@mhmlaw.com
To: Fulmer, Pam
CC: Beeman, Arthur; Ames, Brooks A.
Sent: Thu Jun 08 06:51:29 2006
Subject: RE: Your Letter of May 31, 2006

Pam:

I will be out of the office from Friday, July 9, through Wednesday, July 14.  With your approval, I would like to finalize this matter today if possible.

Leland


From: Leland Hansen
Sent: Tuesday, June 06, 2006 12:04 PM
To: 'Pam.Fulmer@dlapiper.com'
Cc: 'Arthur.Beeman@dlapiper.com'; 'brooks.ames@dlapiper.com'
Subject: RE: Your Letter of May 31, 2006


Pam:

I have attached (1) a draft settlement and release agreement, (2) a draft stipulation and order of dismissal, and (3) exhibit B.

Please review and indicate your approval.  I would appreciate an indication of when you expect to complete your review.

Leland


From: Pam.Fulmer@dlapiper.com [mailto:Pam.Fulmer@dlapiper.com]
Sent: Thursday, June 01, 2006 7:39 PM
To: Leland Hansen
Cc: Arthur.Beeman@dlapiper.com; brooks.ames@dlapiper.com
Subject: Your Letter of May 31, 2006


Leland,

We are in receipt of your confidential settlement proposal contained in your letter dated May 31, 2006, which we attach for your reference.  Our clients agree in principle to the terms that you propose in your letter.  Please prepare a draft settlement agreement memorializing these terms for our review and approval, and email to me as a Word document.

Pam

8/16/2007

<http://www.dlapiper.com/> Pamela K. Fulmer
Partner
DLA Piper Rudnick Gray Cary US LLP

153 Townsend Street, Suite 800
San Francisco, California 94107
415.836.2541 T
415.836.2501 F
415.601.1923 M
pam.fulmer@dlapiper.com <mailto:pam.fulmer@dlapiper.com>
www.dlapiper.com <http://www.dlapiper.com/>

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
**********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

**********************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
**********************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message

and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the
sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any
unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is
strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all
copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole
use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any
unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is
strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all
copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

*************************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Leland Hansen
lhansen@mhmlaw.com
*************************************************************

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

*************************************************************

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for
the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are
hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of
this communication, or any of its contents, is strictly prohibited. If you have received this communication
in error, please contact the sender by reply email and destroy all copies of the original message. To
contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Leland Hansen
lhansen@mhmlaw.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is
appreciated.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this email may be confidential and/or legally privileged. It has been sent for the
sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby
notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this
communication, or any of its contents, is strictly prohibited. If you have received this communication in error,
please contact the sender by reply email and destroy all copies of the original message. To contact our email
administrator directly, send to postmaster@dlapiper.com

8/16/2007

Thank you.