IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc.,<br><br>        Plaintiff,<br><br>v.<br><br>Ovion, Inc.,<br>William S. Tremulis, and<br>Jeffrey P. Callister,<br><br>        Defendants.<br><br>Ovion, Inc.,<br><br>        Counterclaimant,<br><br>v.<br><br>Musket Research Associates, Inc.,<br>David B. Musket, and<br>Sue Ann Latterman,<br><br>        Counterdefendants. | Case No. 05-10416 MEL |

**DEFENDANTS' MOTION TO VACATE AWARD OF FEES AND COSTS**

Defendants hereby move to vacate the January 26, 2006 award of costs, including reasonable attorneys' fees, in connection with a failed motion to quash certain subpoenas. (*See* Docket No. 50, Endorsement.)

Apparently, when the Court awarded these fees and costs, the Court was unaware that Defendants had cured, by withdrawing and properly re-issuing the subpoenas, <u>before</u> Plaintiff filed the motion to quash. Not only did Plaintiff's motion to quash fail, but it was moot before it was even filed.

1

Previously, these facts were brought to the Court's attention during a summary judgment hearing. At that time, the Court indicated its intent to vacate the award. Shortly thereafter, the Court entered summary judgment against Plaintiff on each of its nine alleged causes of action. The parties then agreed to settlement terms, including a stipulation vacating the award of fees and costs. Plaintiff subsequently refused, however, to execute documents implementing the settlement agreement. Because Defendants cured before Plaintiff filed its motion, the motion was moot when filed, and the award of fees and costs should be vacated.

If the award is not vacated, then Plaintiff should be required to provide an accounting of its requested fees and costs. Plaintiff is seeking almost $65,000 in fees and costs in conjunction with a <u>simple</u> motion to quash. By any standard, this amount is excessive. Plaintiff has not provided documentation sufficient to permit the Court or Defendants to (1) assess the reasonableness of Plaintiff's claim, (2) determine which portion of the fees and costs were for "bringing the motion," to which the Court's order was limited, or (3) determine which portion of the fees and costs were incurred before the motion was mooted. Accordingly, if the award is not vacated, the Court should require Plaintiff to provide verifiable information as to the amount of fees and costs incurred, if any, preparing the motion to quash (as opposed to other activities) <u>before</u> Defendants withdrew the subpoenas in question.

Counsel for Defendants has conferred with counsel for Plaintiff and have attempted in good faith to resolve or narrow the issues addressed in this motion.

                                                       Respectfully submitted,

Dated: October 25, 2007         By /s/ Leland G. Hansen
                                                      Leland G. Hansen
                                                      Christopher V. Carani
                                                      McANDREWS, HELD & MALLOY, LTD.
                                                      500 W. Madison Street, 34th Floor
                                                      Chicago, Illinois 60661
                                                      (312) 775-8000 (telephone)

(312) 775-8100 (facsimile)

Ernest V. Linek, SBN 543985
BANNER & WITCOFF, LTD.
28 State Street, 28th Floor
Boston, Massachusetts   02109
(617) 720-9600 (telephone)
(617) 720-9601 (facsimile)

*Attorneys for Defendant and Counterclaimant Ovion, Inc. and Defendants William S. Tremulis and Jeffrey P. Callister.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic mail and First Class Mail on October 25, 2007.

    /s/ Leland G. Hansen
Leland G. Hansen