IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ovion, Inc., <br> William S. Tremulis, and <br> Jeffrey P. Callister, <br><br> Defendants. <br><br> Ovion, Inc., <br><br> Counterclaimant, <br><br> v. <br><br> Musket Research Associates, Inc., <br> David B. Musket, and <br> Sue Ann Latterman, <br><br> Counterdefendants. | Case No. 05-10416 MEL |

**MEMORANDUM IN SUPPORT OF
MOTION TO VACATE AWARD OF FEES AND COSTS**

Defendants hereby move to vacate an award of costs, including reasonable attorneys' fees, in connection with a failed motion to quash certain subpoenas. Apparently, when the Court awarded these fees and costs, the Court was unaware that Defendants had cured, by withdrawing and properly re-issuing the subpoenas, <u>before</u> Plaintiff filed the motion to quash. Not only did Plaintiff's motion to quash fail, but it was moot before it was even filed.

Previously, these facts were brought to the Court's attention during a summary judgment hearing. At that time, the Court indicated its intent to vacate the award. Shortly thereafter, the

1

Court entered summary judgment against Plaintiff on each of its nine alleged causes of action. The parties then agreed to settlement terms, including a stipulation vacating the award of fees and costs. Plaintiff subsequently refused, however, to execute documents implementing the settlement agreement.

Because Defendants cured before Plaintiff filed its motion, the motion was moot when filed, and the award of fees and costs should be vacated. In the event, however, that the award is not vacated, then Plaintiff should be required to provide an accounting of its requested fees and costs. Plaintiff is seeking almost $65,000 in fees and costs in conjunction with a simple motion to quash. By any standard, this amount is excessive.

Plaintiff has not provided documentation sufficient to permit the Court or Defendants to assess the reasonableness of Plaintiff's claim. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."); *Junker v. Eddings*, 396 F.3d 1359, 1366 (Fed. Cir. 2005) (identifying "evidence usually analyzed in determining a reasonable attorney fee"); *LaSalle Bank N.A. v. CAPCO Am. Securitization Corp.*, No. 02 CV. 9916, 2006 U.S. Dist. LEXIS 27128, at *9 n.12 (S.D.N.Y. May 3, 2006) (explaining that at least a listing of hours and an identification of the general subject matter of those hours is generally required); *Maree v. Reebok U.S.A., Ltd.*, No. 87-0989, 1989 U.S. Dist. LEXIS 5866, at *1-2 (E.D. Pa. May 25, 1989) (same). Accordingly, if the Court does not vacate the award, it should require Plaintiff to provide verifiable information as to the amount of fees and costs incurred, if any, preparing the motion to quash (as opposed to other activities) before Defendants withdrew the subpoenas in question.

Counsel for Defendants has conferred with counsel for Plaintiff and have attempted in good faith to resolve or narrow the issues addressed in this motion.

2

I.  **BACKGROUND**

On January 26, 2006, this Court issued an Endorsement addressing a motion by Plaintiff Musket Research Associates, Inc. ("MRA") to quash non-party subpoenas issued by Defendant Ovion, Inc. ("Ovion").  (Docket No. 50.)  In the motion, MRA complained that Ovion violated Fed. R. Civ. P. 45(b)(1) because some of the non-party subpoenas were served on the subpoenaed parties shortly before they were served on MRA.  (*Id.*)  MRA "also complain[ed] that Ovion flouted the spirit of Rule 45(b)(1) by attaching [an allegedly] defamatory memorandum to the subpoenas, essentially accusing [MRA] of extorting its clients by threatening frivolous lawsuits."  (*Id.*)

In the Endorsement, the Court denied the motion to quash.  (Docket No. 50.)  The Court found "no evidence that Ovion's violation [of Rule 45(b)(1)] was ill-intentioned, and [that] Ovion has reasonably cured the damage by withdrawing and properly re-issuing the subpoenas."  (*Id.*)  The Court also found that "the memorandum was not improperly provided to third parties," "[g]iven Ovion's explanation that the memorandum was included in a good faith effort to provide the subpoenaed parties with background information about the case, and given that the memorandum was publicly available on the Court docket."  (*Id.*)[1]

Nevertheless, the Court ordered Ovion "to pay [MRA's] costs, including reasonable attorneys' fees, for bringing the motion."  (Docket No. 50.)  Apparently, the Court did not

---

[1] The Court also stated:  "Nevertheless, Ovion's actions were highly inadvisable in that they unnecessarily inflamed the relationship between the parties. The parties are therefore instructed not to follow this practice during the remainder of the litigation." (*Id.*)  Ovion has abided by the Court's admonition.

realize that, <u>before MRA filed the motion to quash</u>, Ovion had already withdrawn and re-issued every subpoena that had been served on a subpoenaed party before it was served on MRA.[2]

On February 21, 2006, MRA filed a declaration of counsel seeking almost $65,000 in fees and costs. (Docket No. 65.) That amount is excessive. Based on the declaration itself, the fees and costs for which recovery is sought cover far more than "bringing the motion," to which the Court's order was limited. (*Id.* ¶ 3.)

Subsequently, on March 8, 2006, at the hearing on Ovion's motion for summary judgment, Ovion raised two pending discovery matters: (1) Ovion's prior motion to compel and entry of a protective order and (2) the award of fees and costs. The Court instructed the parties to submit letters on these issues. Regarding the award of fees and costs, the Court indicated that it would vacate the award because Ovion had cured before MRA filed the motion to quash. On March 21, 2006, Ovion submitted a letter addressing Ovion's motion to compel and the protective order. (Docket No. 78.) And Ovion was preparing to submit a letter addressing the award of fees and costs. However, on March 23, 2006, the Court sent a letter to counsel for both parties stating:

> The Judge is presently drafting an opinion on Ovion's motion for summary judgment, and anticipates issuing that opinion within the next two weeks. He requests that you hold all communication and motions regarding discovery until after he has ruled on the motion for summary judgment.

---

[2] MRA moved to quash on Thursday, January 12, 2006. (Docket No. 42.) MRA first raised a concern about service of the subpoenas in a letter sent via e-mail on Thursday, January 5, 2006, after the close of business in Chicago. (*See* Ex. A, 1/5/06 Ames ltr. to Hansen & Carani (attached hereto).) Ovion promptly investigated whether any of the subpoenas might have been improperly served and kept MRA apprised of the progress of the investigation. (Ex. B, 1/6/06 Carani ltr. to Ames (attached hereto).) On Monday, January 9, 2006, <u>the second business day after MRA raised its concern</u>, Ovion sent a letter via e-mail informing MRA that Ovion had withdrawn all the subpoenas that might have been served improperly. (Ex. C, 1/9/06 Carani ltr. to Ames (attached hereto).)

(Ex. D, 3/23/06 Farbstein ltr. to Hansen & Ames (attached hereto).)  Accordingly, Ovion did not submit a letter addressing the award of fees and costs.

On May 15, 2006, the Court granted Ovion's motion and entered summary judgment against all nine counts in MRA's complaint.  (Docket No. 79, Memorandum & Order.)  The Court found that MRA's allegations were "altogether implausible" and that, even after "reviewing the evidence in the light most favorable most favorable to MRA, . . . no reasonable juror could find in favor of [MRA]."  (*Id.* at 6-7, 11.)

Shortly thereafter, Ovion approached MRA with an offer of final settlement to resolve the remaining issues in the case, including Ovion's counterclaims and the award of costs and fees.  After initially ignoring the settlement offer, MRA and the other counterdefendants (collectively "the Musket Parties") stated that they would respond by May 23, 2006.  (Docket No. 81, Ex. 1 at 1-2.)  But by May 31, 2006, the Musket Parties still had not responded to the settlement offer. (*Id.*)  Finally, on May 31, 2006, Ovion and the other Defendants (collectively "the Ovion Parties") renewed their settlement offer in writing and stated that the offer would expire on June 2, 2006.  (*Id.*, Ex. 1 at 2.)  As set forth in the written settlement offer, one of the "essential terms" was:

> All parties to pay their own costs and fees.  Stipulation vacating the Court's order of January 26, 2006, as to any sanctions.

(*Id.*)  With regard to this term, the Ovion Parties also noted that:

> At the summary judgment hearing, Judge Lasker indicted that he would reverse this decision in view of the fact that Ovion withdrew all the subpoenas in question before MRA filed a motion to quash.  In view of the Court's letter of March 23, 2006, we have not pursued the matter pending the Court's summary judgment ruling.

(*Id.*, Ex. 1 at n.1.)  On June 1, 2006, the Musket Parties stated in writing that they "agree[d] in principle to the terms that you propose."  (Docket No. 81, Ex. 2.)  The <u>Musket Parties expressed</u>

5

<u>no disagreement with stipulating to vacate the award of costs and fees</u>. (*Id.*) <u>Also, the Musket Parties expressed no disagreement with Ovion's recollection that the Court indicated its intent to vacate the award when the matter was raised at the summary judgment hearing</u>. (*Id.*)

Subsequently, as the Musket Parties requested, counsel for the Ovion Parties prepared formal documents memorializing the agreed terms. (Docket No. 81, Exs. 3 and 3A.) Those formal documents included a Stipulation and Order of Dismissal, which provided:

> . . . The order (or "Endorsement") of January 26, 2006, shall be vacated inasmuch as Ovion, Inc. withdrew all subpoenas served without prior notice before Musket Research, Inc. filed its motion to quash. . . .

(Docket No. 81, Ex. 3A at 1.) After reviewing the formal documents, the Musket Parties tried to withdraw their acceptance of the settlement offer on two points unrelated to vacating the award of fees -- namely, the release of unknown claims and the treatment of confidential information. (Docket No. 81, Ex. 5 (06/09/2006 e-mail from Beeman to Hansen).) <u>The Musket Parties expressed no concerns about stipulating to vacate the award of fees and costs</u>. (*Id.*) <u>Likewise, the Musket Parties did not dispute that the Court had indicated its intent to vacate that award</u>. (*Id.*)

Over the next several weeks, counsel for the parties exchanged several e-mails and voicemail messages as the Ovion Parties encouraged the Musket Parties to abide by the agreed settlement terms.[3] <u>Throughout these communications, the Musket Parties expressed no concern about the stipulation vacating the award of fees and costs and did not dispute that the Court had</u>

---

[3] *See, e.g.*, Docket No. 81, Ex. 7 (06/15/2006 e-mail from Hansen to Beeman; 07/10/2006 e-mail from Hansen to Beeman; 07/12/2006 e-mail from Beeman to Hansen; 07/12/2006 e-mail from Hansen to Beeman; 07/14/2006 e-mail from Hansen to Beeman; 07/14/2006 e-mail from Beeman to Hansen; 07/14/2006 e-mail from Hansen to Beeman; 07/17/2006 e-mail from Beeman to Hansen; 07/17/2006 e-mail from Hansen to Beeman; 07/18/2006 e-mail from Hansen
(continued . . .)

indicated its intent to vacate that award. (*Id.*) In a subsequent phone call, almost two months after the Musket Parties agreed to stipulate to vacate the award of fees and costs, counsel for the Musket Parties raised, for the first time since the grant of summary judgment, a request that the Ovion Parties pay a portion of the award of fees and costs. (Docket No. 81, Ex. 8 (07/31/2006 e-mail from Hansen to Beeman).)

**II.   ARGUMENT**

   **A.   The Award Of Fees And Costs Should Be Vacated**

      **1.   MRA's Motion Was Moot Before It Was Filed Because Ovion Had Already Cured**

When the Court ordered Ovion to pay fees and costs in conjunction with MRA's motion to quash, the Court apparently was unaware that the motion was moot before it was filed. The Court recognized that Ovion "reasonably cured the damage by withdrawing and properly re-issuing the subpoenas." (Docket No. 50.) The Court apparently did not appreciate, however, that Ovion cured before MRA filed the motion. Accordingly, under the totality of the circumstances, the award of fees and costs should be vacated. *See McCurdy v. Wedge-wood Capital Mgmt. Co.*, No. 97-4304, 1998 U.S. Dist. LEXIS 18875, at \*\*28-29 (E.D. Pa. Nov. 16, 1998) (denying motion for sanctions where the complaining party was not prejudiced by the lack of prior notice); *cf. Callanan v. Riggers & Erectors, Inc.*, 149 F.R.D. 519, 519, 520 (D.V.I. 1992) (delaying compliance with a subpoena for lack of "prior notice" but refusing to declare subpoena invalid; ordering the issuing party to cure by serving notice on all parties after issuance of the subpoena); *Seewald v. IIS Intelligent Information Sys., Ltd.*, Nos. 93 CV 4252, 95 CV 824, & 94 CV 3603, 1996 WL 612497, at \*5 (E.D.N.Y. Oct. 16, 1996) (permitting enforcement of

---

to Beeman; 07/18/2006 e-mail from Beeman to Hansen; 07/18/2006 e-mail from Hansen to Beeman).

7

subpoena, despite failure to provide "prior notice," where the complaining parties received notice prior to production of subpoenaed documents, had sufficient time to object, and were not prejudiced by the late receipt of notice).

### 2. MRA Agreed To Stipulate That The Court Should Vacate The Award Of Fees And Costs

As discussed above, MRA previously agreed in writing to a "stipulation vacating the Court's order of January 26, 2006, as to any sanctions." (Docket No. 81, Ex. 1 at 2 and Ex. 2 at 1.)  MRA therefore waived any right to claim fees or costs in connection with the motion to quash, and is estopped from pursuing the award of fees and costs.  At least as to the award of fees and costs, MRA should be required to abide by the terms that it accepted in writing, even if MRA does not abide by the other settlement terms.[4]

### B. In The Event That The Court Does Not Vacate The Award, Plaintiff Should Be Required To Document And Substantiate Its Claim For $65,000 In Fees To Prepare A Straightforward (And Moot) Motion

Even if the award is not vacated, the Court should require Plaintiff to provide documentation sufficient to show that the fees it incurred were "reasonable," and were incurred <u>before</u> Defendant Ovion withdrew its subpoenas.  In awarding costs, the Endorsement awarded only Plaintiff's "<u>reasonable</u> attorneys' fees[] <u>for bringing the motion</u>."  (Docket No. 50 at 1 (emphasis added).)  To support its requested fees, Plaintiff submitted the cursory declaration of one of its attorneys.  (*See* Docket No. 65 (Fulmer Decl.) ¶ 4, at 2-3.)  The declaration identifies merely a list of "Attorney[s] or Paralegals," the total hours allegedly spent, during an unspecified time frame, on vaguely described issues "relating to the . . . service of the subpoenas," and the hourly rate for the attorneys/paralegals.  (*Id.* ¶¶ 3-4, at 2-3.)  Plaintiff made no attempt to provide

---

[4] According to MRA, "clarification" on the award of fees and costs "will likely expedite a final settlement." (Docket No. 80 at 3.)

documentation sufficient to permit the Court or Defendants to scrutinize the "reasonableness" (or lack thereof) of the hours spent and the hourly rates claimed or whether the hours spent fell within the scope of "bringing the motion" (as opposed to other activities).

Sufficient documentation is critical, as courts awarding reasonable attorneys' fees "should exclude . . . hours that were not 'reasonably expended," *e.g.*, because "[c]ases may be overstaffed, . . . the skill and experience of lawyers vary widely, [and in the exercise of "billing judgment," c]ounsel . . . should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Documentation is especially important here, as Plaintiff's declaration admits that it seeks fees for tasks other than "bringing the motion," such as to "explor[e] the potential for relief [*e.g.*, for defamation-type claims] in multiple jurisdictions," and to address "the possible negative effect of the subpoenas (and the [allegedly] Defamatory Memorandum) on [business] relationships." (Docket No. 65 (Fulmer Decl.) ¶ 3, at 2.)

For example, Plaintiff's declaration makes no attempt to break down and identify the general subject matter of the hours for which recovery is sought (*e.g.*, preparing the motion to quash, or "the possible negative effect of the subpoenas"), the biographies of the attorneys who worked on the motion, or the time-frame during which the hours were allegedly worked (*e.g.*, before or after Defendants withdrew their subpoenas). Plaintiff therefore has not provided documentation sufficient to permit the Court or Defendants to assess the reasonableness of Plaintiff's claim. *See Junker*, 396 F.3d at 1366 (identifying "evidence usually analyzed in determining a reasonable attorney fee"); *LaSalle Bank*, 2006 U.S. Dist. LEXIS 27128, at *9 n.12 (explaining that, at a minimum, a listing of hours and an identification of the general subject matter of those hours is required); *Maree*, 1989 U.S. Dist. LEXIS 5866, at *1-2 (same).

Accordingly, if the award is not vacated, the Court should require Plaintiff to provide an accounting of the amount of fees and costs incurred, if any, "for bringing the motion" to quash (as opposed to other activities) <u>before</u> Defendants withdrew the subpoenas in question.

### III.    CONCLUSION

The award of fees and costs should be vacated. Ovion had already cured service of the subpoenas before MRA filed its motion to quash. Moreover, after the court entered summary judgment against MRA, the Musket Parties agreed to stipulate that the award of fees and costs should be vacated. In the alternative, if the Court does not vacate the award, MRA should be required to provide an accounting of its fees and costs.

                                    Respectfully submitted,

Dated: October 25, 2007      By  /s/ Leland G. Hansen
                                    Leland G. Hansen
                                    Christopher V. Carani
                                    McANDREWS, HELD & MALLOY, LTD.
                                    500 W. Madison Street, 34th Floor
                                    Chicago, Illinois 60661
                                    (312) 775-8000 (telephone)
                                    (312) 775-8100 (facsimile)

                                    Ernest V. Linek, SBN 543985
                                    BANNER & WITCOFF, LTD.
                                    28 State Street, 28th Floor
                                    Boston, Massachusetts 02109
                                    (617) 720-9600 (telephone)
                                    (617) 720-9601 (facsimile)

                                    *Attorneys for Defendant and Counterclaimant Ovion, Inc. and Defendants William S. Tremulis and Jeffrey P. Callister.*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic mail and First Class Mail on October 25, 2007.

                                     /s/ Leland G. Hansen
                                    Leland G. Hansen

10



DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

BROOKS A. AMES
brooks.ames@dlapiper.com
T 617.406.6045  F 617.406.6145

January 5, 2006

<u>VIA E-MAIL (lhansen@mhmlaw.com) (ccarani@mhmlaw.com)
AND FIRST-CLASS MAIL</u>

Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
McAndrews, Held & Malloy, Ltd.
500 W. Madison Street, 34th Floor
Chicago, IL  60661

      Re:    *Musket Research Associates, Inc. v. Ovion, Inc., et al.*
              *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
              <u>Civil Action No. 05 10416 MEL</u>

Dear Messrs. Hansen and Carani:

      On January 3, 2006, this office received for the first time a cover letter from Mr. Carani, which forwarded 52 subpoenas that Ovion had improperly served on December 22, 2005.  These subpoenas were served on 52 venture firms across the country without prior notice to MRA and in violation of  Federal Rule of Civil Procedure 45(b)(1). The subpoenas are overbroad, seek irrelevant information, and impose an undue burden on 52 non-party venture firms.  In addition, Mr. Carani, as an officer of the court, arranged for service of these subpoenas and gratuitously attached to each, a memorandum accusing MRA of engaging in criminal conduct.  These actions were intentionally designed to harm MRA's professional reputation and its relationships in the venture community, and appear to be calculated to improperly pressure MRA to drop its lawsuit.  Ovion, and its counsel's actions, violate the Federal Rules of Civil Procedure, the rules of professional conduct, are patently unethical and constitute a flagrant abuse of legal process.  This letter is to notify you that MRA will not tolerate these abusive, harassing, and unethical tactics, and will seek all appropriate relief from the Court, including filing an emergency motion to quash and moving to amend its Complaint to assert additional claims against Ovion and its counsel.

      MRA hereby demands that Ovion immediately withdraw the 52 subpoenas served on December 22, 2005 in clear violation of Rule 45(b)(1) of the Federal Rules of Civil Procedure.  As you well know, that rule required Ovion to provide MRA with "prior notice" of the commanded production of documents.  The federal courts have repeatedly held that violation of

~BOST1:403260.v1
358547-1

**Serving clients globally**



Leland G. Hansen, Esq.
Christopher V. Carani, Esq.
January 5, 2006
Page 2

this rule warrants both quashing the *ex parte* subpoenas and sanctioning the attorneys involved in issuing them. *See, e.g., Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898 (8th Cir. 2000); *Butler v. Biocore Medical Technologies*, 348 F.3d 1163 (10th Cir. 2003).

MRA also objects to the subpoenas on the basis that they are overbroad, request irrelevant information, and seek to impose undue burdens on third parties. Given the timing of the subpoenas that were served over the holidays, and without prior notice to MRA, MRA also objects that the production date set forth in each subpoena is unreasonable and should be extended until after MRA's motion to quash is heard and decided.

By itself, Ovion's effort to conduct discovery behind MRA's back is sanctionable. But Ovion's misconduct goes beyond even the egregious Rule 45 violation. Ovion has abused the subpoena power by using the court's authority to publish baseless accusations of criminal conduct against MRA.

- Ovion published the criminal charge of extortion against MRA to the venture firms that form the lifeblood of MRA's business with the clear intent of damaging MRA's reputation within the venture community.

- Ovion published the memorandum in violation of its express agreement to treat all materials exchanged in the litigation as "attorney's eyes only" pending the entry of a protective order.

- Ovion published this for no legitimate purpose related to the litigation.

MRA hereby puts Ovion on notice that it intends to move to amend its complaint to add claims based on the above-described conduct. In addition, MRA intends to seek emergency relief from the Court for Ovion and its counsel's abuse of process and flagrant violations of law. MRA demands that Ovion immediately take steps to withdraw the improper subpoenas and to mitigate the damages caused to MRA by this inappropriate course of conduct.

Sincerely,

*[signature]*

Brooks A. Ames

BAA/lnf

~BOST1:403260.v1
358547-1

Law Offices

# McAndrews, Held & Malloy, Ltd.

34th Floor
500 West Madison Street
Chicago, Illinois 60661

Telephone: (312) 775-8000
Facsimile: (312) 775-8100
www.mhmlaw.com

| | | |
|---|---|---|
| GEORGE P. McANDREWS | KIRK A. VANDER LEEST | JOSEPH F. HARDING |
| JOHN J. HELD | RICHARD T. McCAULLEY JR. | JOSEPH M. BUTSCHER |
| TIMOTHY J. MALLOY | PETER J. McANDREWS | SARA J. BARTOS |
| WILLIAM M. WESLEY | LELAND G. HANSEN | JOHN L. ABRAMIC |
| LAWRENCE M. JARVIS | JAMES M. HAFERTEPE | MICHAEL J. FITZPATRICK |
| GREGORY J. VOGLER | JONATHAN R. SICK | DAVID Z. PETTY |
| JEAN DUDEK KUELPER | ELIGIO C. PIMENTEL | MICHAEL T. CRUZ* |
| HERBERT D. HART III | JAMES P. MURPHY | MIRUT P. DALAL |
| ROBERT W. FIESELER | DEAN A. PELLETIER | CHRISTOPHER N. GEORGE |
| THOMAS J. WIMBISCUS | MICHAEL B. HARLIN | MATTHEW A. ANDERSON |
| STEVEN J. HAMPTON | JAMES R. NUTTALL | YUFENG MA |
| PRISCILLA F. GALLAGHER | ROBERT A. SURRETTE | DENNIS H. JASKOVIAK |
| STEPHEN F. SHERRY | JOSEPH M. BARICH | DEBORAH A. LAUGHTON |
| PATRICK J. ARNOLD JR. | SCOTT P. McBRIDE | WILLIAM B. GONT |
| GEORGE F. WHEELER | PATRICIA J. McGRATH | DENNIS P. HACKETT |
| JANET M. McNICHOLAS | TROY A. GROETKEN | HOPETON S. WALKER |
| CHRISTOPHER C. WINSLADE | GERALD C. WILLIS | SHAWN L. PETERSON |
| EDWARD A. MAS II | JOHN A. WIBERG | OGNYAN I. BEREMSKI |
| GREGORY C. SCHODDE | WILHELM L. RAO | PHILIP H. SHERIDAN |
| EDWARD W. REMUS | SANDRA A. FRANTZEN | CHRISTOPHER R. CARROLL |
| DONALD J. POCHOPIEN | RONALD H. SPUHLER | CHRISTOPHER M. SCHARFF |
| SHARON A. HWANG | CHRISTOPHER V. CARANI | CONSUELO G. ERWIN |
| DAVID D. HEADRICK | RONALD A. DiCERBO | PETER J. PROMMER |
| ALEJANDRO MENCHACA | JENNIFER E. LACROIX | |

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 6, 2006

**Via Email and U.S Mail**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613

   Re: *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
     *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
     Civil Action No. 05 10416 MEL

Dear Brooks:

  I am writing to follow up on my earlier letter in response to the letter that you sent last night.

  I have enclosed copies of the proofs of service for 23 subpoenas, which we received this morning from the process server. You will note that each of these subpoenas was served on either December 27 or 28. As I explained in my previous letter, you were served on December 29 due to an oversight. We intended to serve you before the subpoenaed parties were served. Based on our present information, we believe that none of the other subpoenas were served before January 3. We will forward any additional proofs of service to you as we receive them, as is our ordinary practice. Again, we did not discuss the subpoenas with any of the subpoenaed parties before January 3. We again apologize that any of the subpoenas were served on the subpoenaed parties before they were served on you. Neither you nor your client has suffered any prejudice as a result of this inadvertent error. If you believe otherwise, please call to discuss your concerns.

                   Sincerely,

                   Christopher V. Carani

Enclosures

LAW OFFICES

# McANDREWS, HELD & MALLOY, LTD.

34TH FLOOR
500 WEST MADISON STREET
CHICAGO, ILLINOIS 60661

TELEPHONE: (312) 775-8000
FACSIMILE: (312) 775-8100
WWW.MHMLAW.COM

GEORGE P. McANDREWS
JOHN J. HELD
TIMOTHY J. MALLOY
WILLIAM M. WESLEY
LAWRENCE M. JARVIS
GREGORY J. VOGLER
JEAN DUDEK KUELPER
HERBERT D. HART III
ROBERT W. FIESELER
THOMAS J. WIMBISCUS
STEVEN J. HAMPTON
PRISCILLA F. GALLAGHER
STEPHEN F. SHERRY
PATRICK J. ARNOLD JR.
GEORGE F. WHEELER
JANET M. McNICHOLAS
CHRISTOPHER C. WINSLADE
EDWARD A. MAS II
GREGORY C. SCHODDE
EDWARD W. REMUS
DONALD J. POCHOPIEN
SHARON A. HWANG
DAVID D. HEADRICK
ALEJANDRO MENCHACA

KIRK A. VANDER LEEST
RICHARD T. McCAULLEY JR.
PETER J. McANDREWS
LELAND G. HANSEN
JAMES M. HAFERTEPE
JONATHAN R. SICK
ELIGIO C. PIMENTEL
JAMES P. MURPHY
DEAN A. PELLETIER
MICHAEL B. HARLIN
JAMES R. NUTTALL
ROBERT A. SURRETTE
JOSEPH M. BARICH
SCOTT P. McBRIDE
PATRICIA J. McGRATH
TROY A. GROETKEN
GERALD C. WILLIS
JOHN A. WIBERG
WILHELM L. RAO
SANDRA A. FRANTZEN
RONALD H. SPUHLER
CHRISTOPHER V. CARANI
RONALD A. DiCERBO
JENNIFER E. LACROIX

JOSEPH F. HARDING
JOSEPH M. BUTSCHER
SARA J. BARTOS
JOHN L. ABRAMIC
MICHAEL J. FITZPATRICK
DAVID Z. PETTY
MICHAEL T. CRUZ*
MIRUT P. DALAL
CHRISTOPHER N. GEORGE
MATTHEW A. ANDERSON
YUFENG MA
DENNIS H. JASKOVIAK
DEBORAH A. LAUGHTON
WILLIAM B. GONT
DENNIS P. HACKETT
HOPETON S. WALKER
SHAWN L. PETERSON
OGNYAN I. BEREMSKI
PHILIP H. SHERIDAN
CHRISTOPHER R. CARROLL
CHRISTOPHER M. SCHARFF
CONSUELO G. ERWIN
PETER J. PROMMER

MERLE S. ELLIOTT
BRIAN C. BIANCO
PAUL W. McANDREWS
ANDREW B. KARP
LAURA M. PERSONICK
JONATHAN M. RUSHMAN
JEREMY N. GAYED
CHRISTOPHER J. BUCHKO
LEONARD D. CONAPINSKI
MICHAEL J. KRAUTNER
ADAM J. FAIER
JAMES H. WILLIAMS
SARAH A. KOFFLIN
ALI H. SHAH
PATRICK V. BRADLEY
CHRISTINA F. POLYN

———

OF COUNSEL
S. JACK SAUER

*ADMITTED TO PRACTICE IN CA

January 9, 2006

**Via Email and U.S Mail**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613

    Re:    *Musket Research Associates, Inc. v. Ovion, Inc., et al.;*
              *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
              Civil Action No. 05 10416 MEL

Dear Brooks:

I am writing in response to your letter of today's date.

Your letter and the accusations therein are inappropriate. Nevertheless, rather than debating the matter, we have issued new subpoenas to all parties that may have been served on or before January 3, 2006, excepting parties that previously confirmed that they have no responsive documents and things. The new subpoenas are enclosed. A revised Schedule A also is enclosed. Each new subpoena will be served with a letter explaining that the prior subpoena to the party has been withdrawn. We anticipate that the subpoenas likely will be served later this week.

                                                    Sincerely,

                                                    Christopher V. Carani

Enclosures

**UNITED STATES DISTRICT COURT**
BOSTON, MASSACHUSETTS 02210

CHAMBERS OF
JUDGE MORRIS E. LASKER

March 23, 2006

Leland G. Hansen
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, IL 60661

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
33 Arch Street, 26th Floor
Boston, MA 02110-1447

    Re: *Musket Research Associates, Inc. v. Ovion, Inc., et al.*
       *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
       05-CV-10416-MEL

Dear Mr. Leland and Mr. Ames,

    Judge Lasker is in receipt of Mr. Leland's letter of March 21, 2006, and Mr. Ames' reply of March 22, 2006.

    The Judge is presently drafting an opinion on Ovion's motion for summary judgment, and anticipates issuing that opinion within the next two weeks. He requests that you hold all communication and motions regarding discovery until after he has ruled on the motion for summary judgment.

Very truly yours,

*Susan Farbstein*
Susan Farbstein
Law Clerk to U.S.D.J. Lasker