UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSKET RESEARCH ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> OVION, INC., WILLIAM S. TREMULIS, and JEFFREY P. CALLISTER, <br><br> Defendants. <br><br> OVION, INC., <br><br> Counterclaimant, <br><br> v. <br><br> MUSKET RESEARCH ASSOCIATES, INC., DAVID B. MUSKET, and SUE ANN LATTERMAN, <br><br> Counterdefendants. | No. 05 10416 MEL |

**MEMORANDUM IN SUPPORT OF THE MRA PARTIES' MOTION TO DISMISS**

Counterclaimant Ovion Inc.'s ("Ovion") counterclaims against counterdefendants MRA, David Musket, and Sue Ann Latterman (the "MRA Parties"), as well as Ovion's claim that the parties have agreed to a settlement, should be dismissed for lack of prosecution because Ovion has failed to diligently prosecute them.

**Background**

On March 15, 2006, the Court granted Ovion's motion for summary judgment, which disposed of all of MRA's claims against Ovion but did not address Ovion's counterclaims

BOST1\496225.1

against the MRA Parties.  The parties attempted to settle these claims but were unable to reach agreement on a number of issues, including Ovion's obligation to pay MRA sanctions pursuant to the January 26, 2006 order.

Well over one year ago, on August 25, 2006, Ovion broke off settlement discussions with MRA, claiming it intended to ask the Court to enforce an e-mail exchange with the MRA Parties' counsel as a binding settlement agreement.  A copy of the relevant e-mail correspondence is attached hereto as <u>Exhibit A</u>.  Instead of making a prompt motion with the Court, however, Ovion simply sat on its hands--and on its counterclaims.  Ovion took no steps to enforce the alleged settlement.  And Ovion took no steps to pursue its counterclaims through motion practice or discovery.[1]

## ARGUMENT

The Court has the discretion, and should exercise it here, to dismiss Ovion's counterclaims for lack of prosecution.  See <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  Under LR 41.1, a party that appears not to have diligently prosecuted their claims must show good cause for why their case should remain on the docket.  Ovion cannot make that showing.  For well over a year, Ovion failed to pursue its claims--including its claim to have entered an alleged settlement with the MRA Parties.  Through

---

[1] On November 6, 2007, Ovion sent the MRA Parties a letter seeking discovery that had been discussed at the March 8, 2006 summary judgment hearing.  Ovion claims that this discovery relates to its counterclaims.  This belated follow up of a discovery issue raised 18-months ago cannot be counted as evidence of diligent prosecution.  Moreover, it is clearly inconsistent with Ovion's allegation that these counterclaims had been settled.

this inaction, Ovion demonstrated a "lack of interest in vindicating whatever rights [it] might have had." <u>Zavala-Santiago v. Gonzalez-Rivera</u>, 553 F.2d 710, 713 (1st Cir. 1977).

Ovion will likely argue that it took no action to prosecute its counterclaims because it had reached a settlement with MRA. But this argument cannot excuse its failure to promptly seek enforcement of that alleged settlement. Indeed, Ovion failed to raise the issue with the Court until the Court ordered a status conference on August 21, 2007, almost a full year after Ovion told the MRA Parties it intended to seek relief. As a result, Ovion's counterclaims should be dismissed.

        Respectfully submitted,

        MUSKET RESEARCH ASSOCIATES, INC.
        DAVID B. MUSKET and
        SUE ANN LATTERMAN

        By their attorneys,

        <u>/s/ Brooks A. Ames</u>
        Brooks A. Ames (BBO #641192)
        DLA PIPER US LLP
        33 Arch Street – 26th Floor
        Boston, MA  02110-1447
        (617) 406-6045 (*telephone*)
        (617) 406-6145 (*fax*)

        Arthur S. Beeman (admitted *pro hac vice*)
        Pamela K. Fulmer (admitted *pro hac vice*)
        DLA PIPER US LLP
        153 Townsend Street, Suite 800
        San Francisco, CA 94107
        (415) 836-2541 (*telephone)*
        (414) 836-2501 (*fax*)

Dated:  November 8, 2007

# EXHIBIT A

**From:** lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
**Sent:** Friday, August 25, 2006 8:46 AM
**To:** Beeman, Arthur
**Cc:** Fulmer, Pam; Ames, Brooks A.
**Subject:** RE: Your Letter of May 31, 2006

Art:

It appears that we will have to seek relief from Judge Lasker.

Leland

---

**From:** Arthur.Beeman@dlapiper.com [mailto:Arthur.Beeman@dlapiper.com]
**Sent:** Monday, August 21, 2006 1:34 PM
**To:** Leland Hansen
**Cc:** Pam.Fulmer@dlapiper.com; brooks.ames@dlapiper.com
**Subject:** RE: Your Letter of May 31, 2006

Leland:

This is to respond to your email below of August 16, 2006.

It's fair to say that both parties in this matter will need to concede on certain issues if we are to reach a settlement in the near term. It is entirely disingenuous for you to contend that we have already reached agreement on the terms and conditions of an enforceable settlement. As you know, during discussions between counsel, we had apparently reached an agreement in principle on the outline of a settlement. However, since that time, we have been unable to agree upon the specific terms and conditions for a settlement. Your threat to go to court to enforce a settlement that never was is disruptive and puts at risk the prospects for resolution at this time. Though we seem to be going around in circles of late, we will make one final attempt to clarify the outstanding issues to facilitate a settlement at this time:

1. Mutual ageement to relinquish claims for known and unknown acts that have arisen out of and are subject to this litigation from July 21, 2004 up to the date of signing a final settlement agreement.

2. Destruction of all documents. Since MRA's principals were prevented from reviewing virtually all of the relevant discovery documents in this case due the "attorneys eyes only" stipulation, they will agree to have us destroy all the documents that bear such designation. As a registered broker/dealer MRA is obligated to maintain records of all solicitation activities including copies of any materials involved in such solicitation. As you well know, many of the documents in this case relate to MRA's work product and should be available to MRA as what will turn out to be their sole benefit for their efforts on behalf of Ovion.

3. Once again, we want to clearly state to you that we are confident your contentions that the court has vacated its award of attorneys' fees to my client is unsupported by the record in this case. Both Brooks and I heard nothing that remotely suggested this outcome during or after our hearing. We would be quite surprised if Judge Lasker reversed his previous ruling given the way the case developed. In an effort to reach some compromise, our clients had voluntarily discounted the amount we billed them for the handling of the inappropriate and defamatory service of the subpoenas to $45,000. If you go back to the court for clarification, we will be looking for the full amount. This is simply the payment of attorneys fees for an overly aggressive legal process that was clearly condemned and sanctioned by the court. MRA will agree to keep the payment of these fees confidential so your client will not have to be concerned about any MRA claim to have "won" a settlement.

4. Finally, your client's counterclaims are without merit and we would vigorously defend your assertion of them in the event we don't settle.

Notwithstanding the above, and our conviction that we have a solid appeal issue, we continue to agree in principle to settle on the terms outlined above subject to final documentation.

Please get back to me by the end of this week.

Art

---

**From:** lhansen@mhmlaw.com [mailto:lhansen@mhmlaw.com]
**Sent:** Wednesday, August 16, 2006 5:16 PM
**To:** Beeman, Arthur
**Cc:** Fulmer, Pam; Ames, Brooks A.
**Subject:** RE: Your Letter of May 31, 2006

Art:

I have attached (1) a revised Settlement and Release Agreement, (2) a redline against the prior version, (3) a Stipulation and Dismissal (unchanged), and (4) exhibit B (unchanged). I made one change to the Settlement and Release Agreement in view of the time that has past.

Our patience is exhausted. Your clients previously agreed to these terms. You have never proposed any revisions to the language memorializing those terms.

Please return an executed copy of the Settlement and Release Agreement, signed by each of your clients, so that I receive it no later than noon Chicago time on Monday, August 21. Otherwise, you will force us to seek relief from Judge Lasker.

Leland