IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Ovion, Inc.,<br>William S. Tremulis, and<br>Jeffrey P. Callister,<br><br>　　　　　　Defendants.<br><br>Ovion, Inc.,<br><br>　　　　　　Counterclaimant,<br><br>　v.<br><br>Musket Research Associates, Inc.,<br>David B. Musket, and<br>Sue Ann Latterman,<br><br>　　　　　　Counterdefendants. | Case No. 05-10416 MEL |

**OVION'S OPPOSITION TO THE MRA PARTIES' MOTION TO DISMISS**

Counterdefendants' motion to dismiss for lack of prosecution should be denied. Under First Circuit law, disposition on the merits is heavily favored. A case should <u>not</u> be dismissed for lack of prosecution absent "misconduct [that] is particularly egregious or extreme." *Ortiz-Anglada v. Ortiz-Perez*, 183 F.3d 65, 66-67 (1st Cir. 1999). In the moving papers, Counterdefendants (the "MRA Parties") have failed to make any such showing. Moreover, the MRA Parties do not allege, let alone attempt to demonstrate, that they have suffered or will suffer any prejudice.

1

Based on the belief that the parties had an enforceable settlement agreement, Counterclaimant Ovion, Inc. ("Ovion") did not actively pursue its counterclaims for a period of about eleven (11) months. During this time period, <u>Ovion did not miss any deadlines or fail to appear for any hearing, conference, or other matter in this case</u>. No scheduling order was in place. Ovion's actions cannot be described as "misconduct," let alone misconduct that was "particularly egregious or extreme." Rather, Ovion's actions were consistent with its belief that the matter was settled and that the Court required nothing further from the parties.

Notably, unlike Ovion's conduct, the conduct of the MRA Parties has been inconsistent with its present position. Specifically, the MRA Parties were entirely inactive, behaving as though the case had settled, during the same time period that Ovion was inactive. The MRA Parties took no action, for example, to pursue the costs and attorney fees that they are now demanding.

Although the MRA Parties behaved as though the case had settled, they now deny that the settlement agreement between the parties is enforceable. Moreover, the MRA Parties argue that the question of whether the settlement agreement is enforceable would "require the taking of evidence and the resolution of disputed facts." (Docket No. 80, 09/04/07 Ames letter, at 3.)

Under the circumstances, where the MRA Parties have denied that the matter is settled, Ovion is again actively pursuing its counterclaims against the MRA Parties. Towards that end, Ovion has requested that the MRA Parties produce documents relating to Ovion's counterclaims. (*See* Ex. B.) Rather than producing documents, the MRA Parties responded by filing the present motion to dismiss. In effect, the MRA Parties are trying to obtain for themselves the benefits of the parties' settlement agreement while denying the benefits of the agreement to Ovion. The Court should not countenance such gamesmanship. The motion to dismiss should be denied.

**I.     BACKGROUND**

Plaintiff Musket Research Associates, Inc. ("MRA") filed the original complaint on March 7, 2005, and an amended complaint on March 16, 2005. Defendants (the "Ovion Parties") filed an answer on May 2, 2005, which was the due date established by the Court.

Counterclaimant Ovion, Inc. ("Ovion") also asserted five counterclaims against the MRA Parties. Among other things, when representing Ovion, MRA engaged in self-dealing and failed to perform. MRA attempted to position Ovion for MRA's benefit, so that MRA and its principals could invest in Ovion on terms favorable to MRA. MRA also misled Ovion about the nature and scope of MRA's alleged efforts on Ovion's behalf. (*See* Docket No. 17, counterclaims.)

On January 27, 2006, the Ovion Parties moved for summary judgment against all nine causes of action asserted by MRA in the amended complaint. On February 2, 2006, the Court entered an order staying discovery "pending resolution of Defendants' motion for summary judgment." (Ex. A, 2/7/06 Order, ¶ 1.) In that order, the Court also stated: "The Court will address the case schedule with the parties after resolution of Defendants' summary judgment motion." (*Id.*, ¶ 2.) On May 15, 2006, the Court granted the Ovion Parties' motion and entered summary judgment against MRA. No scheduling order was entered, however.

After the Court entered summary judgment against MRA, Ovion proposed terms to settle the remaining issues in the case, including Ovion's counterclaims and MRA's demand for costs and attorney fees in connection with a discovery motion. Ovion's settlement offer was open until June 2, 2006. On June 1, 2006, the day before the offer expired, the MRA Parties stated in writing that they "agree[d] in principle to the terms" that Ovion proposed. (Docket No. 81, Ex. 2.) The MRA parties also requested that Ovion prepare a formal document "memorializing these terms." (*Id.*) The MRA Parties later refused, however, to execute a formal document setting

3

forth the agreed terms. (Docket No. 81, Ex. 10.) Nevertheless, on August 21, 2006, in their final communication regarding settlement, the MRA Parties stated: "we continue to agree in principle to settle on the terms outlined above subject to final documentation." (*Id.*)

Ovion contemplated approaching the Court when the MRA Parties refused to execute formal settlement documents. It did not appear, however, that the Court required anything further from the parties. Indeed, the court docket stated that the case was terminated on May 15, 2006, when the Court entered summary judgment against the MRA Parties. (This annotation still appears on the court docket.) Moreover, based on the relevant facts and law, it appeared that the parties entered an enforceable settlement agreement when the MRA Parties accepted Ovion's offer on June 1, 2006. No further action seemed necessary.

Notably, although the MRA Parties refused to execute formal documents, they behaved as though the case was settled. In particular, the MRA Parties (1) bore their own costs and fees, (2) made no attempt to enforce the January 2006 order as to costs and attorney fees, and (3) did not pursue any "known and unknown claims" against Ovion.

In August of 2007, the Court *sua sponte* scheduled a status conference. During the status conference on August 21, 2007, the Court ordered each side to submit a letter regarding their positions. The MRA Parties asserted in their letter that the parties do not have an enforceable settlement agreement. (Docket No. 80.) The MRA Parties also argued that resolution of the question would require "the taking of evidence and the resolution of disputed facts." (*Id.* at 3.) The Court held another status conference with the parties on September 20, 2007.

In view of the position taken by the MRA Parties, Ovion has taken active measures to pursue its counterclaims and to resolve other issues in the case. On October 25, 2007, Ovion moved to vacate the Court's prior order awarding fees and costs. (*See* Docket Nos. 82-83.) On November 6, 2007, counsel for Ovion sent a letter to counsel for the MRA Parties regarding

4

discovery related to Ovion's counterclaims. (Ex. B, 11/6/07 McBride ltr. to Ames.) In response, on November 8, 2007, the MRA Parties filed the present motion to dismiss, relying on a cursory three page memorandum. In a subsequent discovery conference, on November 19, 2007, the MRA Parties refused to state whether they will produce the discovery that Ovion is seeking. (Ex. C, 11/19/07 Hansen e-mail to Ames.) The MRA Parties continue to refuse to participate in discovery.

## II.    ARGUMENT

Under First Circuit law, dispositions on the merits are heavily favored. *Ortiz-Anglada*, 183 F.3d at 66-67. A dismissal for lack of prosecution is a "drastic sanction" and is disfavored. *Id.* at 67. "[F]airness requires that some limits be placed on [the] use" of such a sanction. *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (reversing dismissal). Indeed, the First Circuit has "repeatedly . . . held that a case should not be dismissed with prejudice except when [the] misconduct is particularly egregious or extreme." *Ortiz-Anglada*, 183 F.3d at 66-67.

### A.    Ovion's Has Not Engaged In "Misconduct," Let Alone Misconduct That Is "Particularly Egregious Or Extreme"

Ovion's actions in this matter cannot be described as misconduct, let alone misconduct that is "particularly egregious or extreme." For a period of about eleven (11) months, neither side engaged in any activity in this case. Significantly, during this period, no scheduling order was in place and the court docket indicated that the matter was terminated. Ovion did not miss any deadlines, ignore or disobey any orders, fail to appear for a hearing, or engage in any other inappropriate conduct. Ovion's behavior was consistent with its belief that the matter was settled and that no further action was necessary. In contrast, the conduct of the MRA Parties was inconsistent with their present positions (and consistent with Ovion's understanding).

5

Ovion promptly responded when the Court scheduled a status conference in August, 2007. Ovion submitted the letter requested by the Court (Docket No. 81) during that conference and participated in another status conference on September 20, 2007. Ovion has not missed any deadlines or ignored any orders or requests from the Court. Ovion has filed a motion to vacate a prior award of costs and fees (Docket No. 82) and has endeavored to recommence discovery relating to its counterclaims (*see* Ex. B). The MRA Parties are refusing to participate in discovery. Ovion also had requested that the Court establish a schedule for the case. (Docket No. 81 at 9.)

Under such circumstances, the motion to dismiss for lack of prosecution should be denied. In a similar case, the First Circuit reversed the order of the district court dismissing a case for lack of prosecution where no scheduling order was in place during the period of inactivity. *Ortiz-Anglada*, 183 F.3d at 67. The court stated:

> [I]n the absence of a scheduling order, any action in these circumstances more severe than a warning that plaintiff should activate and expedite her case seems excessive.

*Id.* In the present case, not even a warning is necessary. Ovion is prepared to pursue its counterclaims and again requests that the Court schedule a status conference to set a schedule for the remainder of the case.

### B.   The MRA Parties Have Not Shown Any Prejudice

The Court may also consider the absence of prejudice to the moving party. *See Ortiz-Anglada*, 183 F.3d at 67; *see also Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987); *Bersch v. Drexel Firestone, Inc.*, 389 F.Supp. 446, 463-64 (S.D.N.Y. 1974). Here, the MRA Parties have not shown any prejudice caused by the inactivity. Indeed, in the moving papers, the MRA Parties do not allege any prejudice whatsoever.

On the other hand, Ovion would suffer substantial prejudice if the motion to dismiss were granted. In effect, the MRA Parties are seeking to obtain for themselves the benefits of the parties' settlement agreement while denying Ovion the benefits of the agreement. Such a result would reward the MRA Parties for their inappropriate conduct in this matter. Notably, the MRA Parties initiated this litigation, bringing claims that this Court found were "altogether implausible." (Docket No. 79 at 11.) Then, after the MRA Parties accepted the settlement offer, they refused to execute the formal settlement documents. Rather than attempting to resolve disputes, the MRA Parties have created and perpetuated them. Such conduct should not be rewarded.

      **C.     The Cases Cited By The MRA Parties Are Easily Distinguished**

The MRA Parties rely on two cases for the motion to dismiss. Both are easily distinguished. In *Santiago*, the plaintiffs "disregard[ed] . . . explicit court orders," "deliberately thwarted the scheduling efforts of the district court in a variety of ways," and their lawyers failed to appear at the pre-trial conference. 553 F.2d at 713. No such facts are present here.

Likewise, in *Link v. Wabash R.R. Co.*, the plaintiff in a six-year-old action had "deliberately proceed[ed] in a dilatory fashion," had been previously warned that the case could be dismissed for lack of prosecution, and ailed to answer interrogatories for as long as 19 months (until the eve of the hearing on dismissal); two fixed trial dates had been postponed; and plaintiff's counsel failed to appear at a pre-trial conference. *Link*, 370 U.S. 626, 633-34 & n.11 (1962). Again, no such facts are present here.

## III. CONCLUSION

For at least the above reasons, the Court should deny the motion to dismiss. Ovion respectfully requests that the Court schedule a status conference to set a schedule for the remainder of this action.

Respectfully submitted,

Dated: November 26, 2007	By  /s/ Leland G. Hansen _____
Leland G. Hansen
Scott P. McBride
Christopher V. Carani
McANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, Illinois  60661
(312) 775-8000 (telephone)
(312) 775-8100 (facsimile)

Ernest V. Linek, SBN 543985
BANNER & WITCOFF, LTD.
28 State Street, 28th Floor
Boston, Massachusetts  02109
(617) 720-9600 (telephone)
(617) 720-9601 (facsimile)

*Attorneys for Defendant and Counterclaimant Ovion, Inc. and Defendants William S. Tremulis and Jeffrey P. Callister.*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party through the Court's CM/ECF system or via electronic mail on November 26, 2007.

  /s/ Leland G. Hansen _____
Leland G. Hansen

Exhibit A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| Musket Research Associates, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Ovion, Inc.,<br>William S. Tremulis, and<br>Jeffrey P. Callister,<br><br>   Defendants. | Case No. 05-10416 MEL |
| Ovion, Inc.,<br><br>   Counterclaimant,<br><br>v.<br><br>Musket Research Associates, Inc.,<br>David B. Musket, and<br>Sue Ann Latterman,<br><br>   Counterdefendants. | |

[~~PROPOSED~~] ORDER

This Court, having considered the submissions and arguments of the parties, hereby **ORDERS**:

1. Pending resolution of Defendants' motion for summary judgment filed on January 27, 2006, the following discovery shall be stayed: discovery between the parties, discovery pursuant to subpoenas directed to American Medical Systems, Inc. ("AMS"), and all depositions.

2. The Court will address the case schedule with the parties after resolution of Defendants' summary judgment motion.

3. *Defendants' Motion To Compel The MRA Parties To (1) Answer Interrogatories And (2) Produce Documents And Things* (Docket No. 33) (hereinafter "*Defendants' Motion to Compel*") is denied without prejudice.

4. Subject to the above stay, Defendants may depose Plaintiff regarding the subject matter contemplated by *Defendants' Motion To Compel* (Defendants' Interrogatory Nos. 1-2 and Requests for Production Nos. 2, 3, 4, 9, 16, and 18).

5. After Defendants have deposed Plaintiff regarding the subject matter of Defendants' Interrogatory No. 2, Defendants shall answer Plaintiff's interrogatories regarding communications with AMS and information provided by Defendants or on Defendants' behalf to AMS on or before February 17, 2005. Defendants shall serve these interrogatory responses by hand immediately upon completion of this first phase of the deposition of Plaintiff or the resolution of any dispute regarding the sufficiency of Plaintiff's deposition testimony, whichever is later. Until Defendants have answered these interrogatories, this information shall be treated as Outside Counsel Eyes Only. Thereafter, the information shall be designated Confidential and not Outside Counsel Eyes Only, and Defendants may continue the deposition of Plaintiff, but no sooner than seven (7) calendar days after service of Defendants' interrogatory responses.

Dated: 2/7/06

*/s/ Morris E. Lasker*
United State District Court Judge

**Approved as to form:**

February 2, 2006

/s/ Brooks A. Ames
Brooks A. Ames (BBO #641192)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, MA 02110-2600
(617) 406-6045 (telephone)
(617) 406-6145 (facsimile)

*Attorneys for Plaintiff and Counterdefendant Musket Research Associates, Inc. and Counterdefendants David B. Musket and Sue Ann Latterman.*

/s/ Leland G. Hansen
Leland G. Hansen (*pro hac vice*)
Christopher V. Carani (*pro hac vice*)
MCANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000 (telephone)
(312) 775-8100 (facsimile)

*Attorneys for Defendant and Counterclaimant Ovion, Inc. and Defendants William S. Tremulis and Jeffrey P. Callister.*

Exhibit B

Case 1:05-cv-10416-MEL     Document 89-3     Filed 11/26/2007     Page 1 of 2

Ovion's Opposition To The MRA Parties' Motion To Dismiss
November 26, 2007


**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR  CHICAGO ILLINOIS 60661
(T) 312 775 8000    (F) 312 775 8100    www.mcandrews-ip.com

SCOTT P. McBRIDE
(T) 312 775 8131
smcbride@mcandrews-ip.com

November 6, 2007

**VIA ELECTRONIC & U.S. MAIL**

Brooks A. Ames
DLA Piper Rudnick Gray Cary US LLP
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447

    Re:    *Ovion, Inc. v. Musket Research Associates, Inc., et al.*
            Civil Action No. 05 10416 MEL

Dear Brooks:

Please let us know whether the counter-defendants (collectively "MRA") will produce all information, documents and things relating to:

- MRA's contracts (past and present) with its clients;[1]

- MRA's interests (direct or indirect, past or present) in its clients (*e.g.*, stock in MRA's clients held by MRA or affiliated entities); and

- disputes (past and present) between MRA and its clients.

Such information, documents and things are relevant to Ovion's counterclaims and are responsive to Ovion's prior discovery requests.

If MRA will not produce any such information, documents or things, then please let us know when you are available to confer pursuant to Local Rule 37.1. We look forward to hearing from you.

Very truly yours,

*/s/ Scott P. McBride*
Scott P. McBride

---

[1] According to Mr. Musket, "MRA has assisted roughly 40 client companies under contracts substantially the same as that for Ovion." (Docket No. 56, ¶ 2.)

Exhibit C

| | |
|---|---|
| **From:** | Leland Hansen |
| **Sent:** | Monday, November 19, 2007 4:26 PM |
| **To:** | 'brooks.ames@dlapiper.com' |
| **Cc:** | Scott McBride |
| **Subject:** | Ovion v. MRA |

Brooks:

To summarize our recent telephone conversation, you agree that, if the motion to dismiss is denied, the stay on discovery should be lifted and a status conference should be held to address the case schedule. You refuse, however, to state at this time whether you will produce the information, documents and things identified in Scott McBride's letter of November 6.

Leland

**Leland G. Hansen**
McANDREWS, HELD & MALLOY, LTD.
500 WEST MADISON STREET, 34th FLOOR
CHICAGO, ILLINOIS 60661
312 775 8000 (T)
312 775 8013 (D)
312 775 8100 (F)
lhansen@mcandrews-ip.com
www.mcandrews-ip.com

11/21/2007