**E N D O R S E M E N T**

MUSKET RESEARCH ASSOCIATES, INC. v. OVION, INC., WILLIAM S.
TREMULIS, and JEFFREY P. CALLISTER
05-CV-10416-MEL

LASKER, D.J.

   Ovion, Inc.'s motion to vacate the January 26, 2006 award of fees and costs is GRANTED to the extent that such fees and costs are related to Musket Research Associates, Inc. ("Musket") making its motion to quash.  At the time I ordered Ovion, Inc. ("Ovion") to pay Musket's costs for bringing the motion to quash, I was unaware that Ovion's offense had been cured before the motion was filed.  Musket, however, may submit for consideration a detailed and specific accounting of the expenses it incurred, if any, before making its motion to quash and which resulted from Ovion's original improper service of third-party subpoenas.  Ovion may respond within 14 days.

   Musket, David Musket and Sue Ann Latterman (the "MRA Parties") move to dismiss Ovion's counterclaims for lack of prosecution.  The MRA Parties' motion is DENIED under the law of this Circuit, which permits dismissal of cases for lack of prosecution only "in the face of 'extremely protracted inaction (measured in years).'"  Pomales v. Celulares Telefónica, Inc. et al., 342 F.3d 44, 48 (1st Cir. 2003).  See, e.g., Colokathis v. Wentworth-Douglass Hosp., 693 F.2d 7, 9 (1st Cir. 1982) (affirming dismissal for want of prosecution after four and a half years of "delay and confusion"), U.S. Inv. & Dev. Corp. v. Cruz et al., 780 F.2d 166, 168 (1st Cir. 1986) (where plaintiff delayed six years before filing second motion to amend, court affirmed dismissal for failure to prosecute).

   The parties are requested to submit proposed schedules for disposition of any remaining issues.

   It is so ordered.

Dated:   December 11, 2007
         Boston, Massachusetts        /s/ Morris E. Lasker
                                            U.S.D.J.